E-FILED
Friday, 24 September, 2004  11:13:18 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENISE N. MOLDENHAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 04-CV-1169 |
| TAZEWELL-PEKIN CONSOLIDATED | ) |
| COMMUNICATIONS CENTER, | ) |
| TAZEWELL COUNTY, CITY OF PEKIN, | ) |
| DAVID TEBBEN, TIMOTHY GILLESPIE, | ) |
| STEVEN F. THOMPSON, JAMES UNSICKER, | ) |
| ROBERT HUSTON | ) |
| | ) |
| Defendants. | ) |

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the defendants, CITY OF PEKIN, DAVID TEBBEN, and TIMOTHY GILLESPIE, by their attorneys, BRADFORD B. INGRAM and CANDACE BRUGGER SPOMAR of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, states as follows:

COUNT I

1. Count I of Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2. Plaintiff was employed at Tazewell-Pekin Consolidated Communications Center ("TPCCC") as a 911 Dispatcher since 1998. TPCCC.

3. Plaintiff filed a charge of discrimination with the EEOC on August 7, 2003.

4. Plaintiff only named Tazewell Pekin Consolidated Communications Center (TPCCC) as a Respondent in the EEOC charge she filed.

HEYL ROYSTER
VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

5. The Plaintiff fails to state a cause against the City of Pekin as Plaintiff did not name the City of Pekin in the EEOC charge she filed. *Allen v. Cub Foods Corporation,* No. 96-5172, 10 NDLR (LRP) LEXIS 432, at * 10 (N.D. Ill. 1997) (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989)) (holding that ordinarily, a party not named in an EEOC charge may not be sued in under Title VII).

6. The Americans with Disabilities Act applies to the employer-employee relationships. No such relationship exists between the City of Pekin and the Plaintiff. *Aberman v. J. Abouchar & Sons*, 1997 U.S. Dist. LEXIS 1000 (N.D. Ill. 1997) *aff'd,* 160 F.3d 1148 (7th Cir. 1998).

WHEREFORE, Defendant, CITY OF PEKIN, prays the Court enter an Order dismissing Plaintiff's Complaint as failing to state a cause of action upon which relief can be granted and that this Defendant be awarded its costs and any further relief.

## COUNT II

1. Count II of Plaintiff's Amended Complaint fails to state a cause of action upon which relieve can be granted.

2. That plaintiff was employed by Tazewell-Pekin Consolidated Communications Center (TPCCC) as a 911 Dispatcher since 1998.

3. That the FMLA only entitles an "eligible employee" to 12 weeks of leave from work to care for herself or an immediate family member. 29 U.S.C.S. §§ 2612(a), and plaintiff was not an employee of the CITY OF PEKIN.

4. That plaintiff was an employee of TPCCC.

5. That TPCCC is a separate legal entity from THE CITY OF PEKIN and was created by intergovernmental agreement.

6. That TPCCC is incorporated as a not-for-profit corporation in the State of Illinois.

HEYL ROYSTER
VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

-2-

7. That the FMLA only applies to employer-employee relationships, where the "employer", in this situation, is defined as a public agency that acts, directly or indirectly, in the interest of an employer to any of the employees of such employer. 29 U.S.C. §§ 2611(4)(A)(ii)(I), 2611(4)(A)(iii) (2004).

8. That the CITY OF PEKIN is an independent political subdivision of the State of Illinois.

9. That the CITY OF PEKIN does not qualify as an employer and Plaintiff is not an employee of THE CITY OF PEKIN for purposes of the FMLA.

10. That the CITY OF PEKIN is not Plaintiff's employer because it did not act directly or indirectly in such a way as to control the method or manner of work of Plaintiff, or Plaintiff's day to day activities.

11. That the CITY OF PEKIN is not Plaintiff's employer because it did not hire or fire plaintiff, nor did it have authority to do so, nor was it involved in her alleged harassment or discharge, nor was it involved in any alleged FMLA violations.

12. That the CITY OF PEKIN is not Plaintiff's employer because it did not set the amount of wages of Plaintiff; and it did not control Plaintiff's assignment or placement at TPCCC, nor did it have the authority to do so. It only had a contractual relationship with TPCCC to provide payroll services and benefits to TPCCC's employees.

13. That for the above reasons, Plaintiff is not an "employee" of THE CITY OF PEKIN under FMLA.

WHEREFORE, the defendants, CITY OF PEKIN, DAVID TEBBEN, and TIMOTHY GILLESPIE, pray the Court enter an Order dismissing plaintiff's Complaint, that the defendants be awarded his costs and any further relief the Court deems equitable and proper.

**DEFENDANTS DEMANDS TRIAL BY JURY**.

HEYL ROYSTER VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

CITY OF PEKIN, DAVID TEBBEN,
and TIMOTHY GILLESPIE


BY:    s/  Bradford B. Ingram
HEYL, ROYSTER, VOELKER & ALLEN
Bradford B. Ingram
#3127206


## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2004, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John Slevin | Jeffrey E. Krumpe |
| Voncachen, Lawless, Trager & Slevin | Patrick A. Murphey |
| 456 Fulton St., Suite 425 | Miller, Hall & Triggs |
| Peoria, IL 61602-1240 | 416 Main Street, Suite 1125 |
| jslevin@vltslaw.com | Peoria, IL 61602 |
| | jeffrey.krumpe@mhtlaw.com |

   s/  Bradford B. Ingram   #3127206
Attorney for Defendant
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL 61602
309-676-0400
309-676-3374
309-676-3374
bingram@hrva.com

**HEYL ROYSTER VOELKER & ALLEN**

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400