E-FILED
Friday, 24 September, 2004  11:16:15 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DENISE N. MOLDENHAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 04-CV-1169 |
| TAZEWELL-PEKIN CONSOLIDATED | ) |
| COMMUNICATIONS CENTER, | ) |
| TAZEWELL COUNTY, CITY OF PEKIN, | ) |
| DAVID TEBBEN, TIMOTHY GILLESPIE, | ) |
| STEVEN F. THOMPSON, JAMES | ) |
| UNSICKER, ROBERT HUSTON | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COME the defendants, CITY OF PEKIN, DAVID TEBBEN, and TIMOTHY GILLESPIE, by their attorneys, BRADFORD B. INGRAM and CANDACE BRUGGER SPOMAR of HEYL, ROYSTER, VOELKER & ALLEN, P.C., and in support of their Motion to Dismiss plaintiff's Complaint, submit the following Memorandum of Law:

**INTRODUCTION**

Denise N. Moldenhauer was employed at Tazewell-Pekin Consolidated Communications Center ("TPCCC") as a 911 Dispatcher since 1998. Plaintiff filed a charge of discrimination with the Equal Employment Opportunities Commission ("EEOC") on August 7, 2003. Plaintiff only named one respondent, TPCCC, in her EEOC charge. Plaintiff has now brought a claim alleging violations of the Americans With Disabilities Act of 1990 ("ADA") against CITY OF PEKIN, TAZCOM (hereinafter referred to as "TPCCC"), AND TAZWELL. ("Defendants"). Plaintiff has also brought a claim alleging violations of the Family and Medical Leave Act against TAZCOM (hereinafter referred to as "TPCCC"), PEKIN, TAZEWELL, THOMPSON, TEBBEN, UNSICKER, HUSTON, AND GILLESPIE ("Defendants").

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

## LEGAL STANDARD

In ruling on a motion to dismiss, the court "must accept well pled allegations of the complaint as true. In addition, the court must view these allegations in the light most favorable to the plaintiff." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Although a complaint is not required to contain a detailed outline of the claims' basis, it nevertheless "must contain either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under some viable legal theory." *Car Carriers, Inc. vs. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984). Mere conclusions, without supporting factual allegations are insufficient to support a claim for relief. *Cohen v. Illinois Inst. Of Tech.*, 581 F.2d 685, 663 (7th Cir. 1978). Dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley vs. Gibson*, 355 U.S. 41 45 (1957).

Individuals who do not independently meet the Americans with Disabilities Act's (ADA), 42 U.S.C. §§12111 et seq., definition of "employer" cannot be held liable under the ADA. This is a pure question of law. *EEOC v. AIC Sec. Investigations, Ltd.,* 55 F.3d 1276 (7th Cir. 1995) (citing *Pilditch v. Bd. of Educ.,* 3 F.3d 1113, 1115 (7th Cir. 1993)). Likewise, status as an employer under the FLSA is a question of law. *Karr v. Strong Detective Agency, Inc.,* 787 F.2d 1205, 1206 (7th Cir. 1985).

## ANALYSIS

1. **PLAINTIFF'S ADA CLAIM AGAINST THE CITY OF PEKIN, SHOULD BE DISMISSED BECAUSE IT WAS NOT NAMED AS A RESPONDENT IN PLAINTIFF'S EEOC CHARGE OF DISCRIMINATION.**

Plaintiff filed an EEOC charge of discrimination on August 7, 2003 and only named one respondent, TPCCC. As a general rule, a party not named in an EEOC charge may not be sued under Title VII. *Allen v. Cub Foods Corp.*, No. 96-5172, 10 NDLR (LRP) LEXIS 432, at * 10 (N.D. Ill. 1997) (citing *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989)).

HEYL ROYSTER
VOELKER
&ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

The City of Pekin, should be dismissed because it was not named as a respondent in plaintiff's EEOC charge. The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. 887 F.2d at 127. Second, it gives the EEOC an opportunity for conciliation, which effectuates Title VII's primary goal of securing voluntary compliance with its mandates. *Id.* Because plaintiff did not name the City of Pekin in her EEOC charge, it did not receive notice. Furthermore, the EEOC was not given an opportunity for conciliation. As a result, plaintiff's ADA complaint against the City of Pekin must be dismissed.

2. **THE ADA ONLY APPLIES TO EMPLOYER-EMPLOYEE RELATIONSHIPS.**

The ADA only protects "employees". *Birchem v. Knights of Columbus*, 116 F.3d 310, 312 (8th Cir. 1997). The ultimate question of whether an individual is an employee is a legal conclusion which involves an application of the law to the facts. *EEOC v. North Knox School Corp.*, 154 F.3d 744, 747 (7th Cir. 1998).

Plaintiff was employed by TPCCC, not The City of Pekin. It is well-settled that if there is no employer-employee relationship, the ADA does not apply. *See Aberman v. J. Abouchar & Sons*, 1997 U.S. Dist. LEXIS 1000 (N.D. Ill. 1997) *aff'd,* 160 F.3d 1148 (7th Cir. 1998). Because plaintiff was not an employee of said defendants, the ADA does not apply.

3. **THE CITY OF PEKIN, TEBBEN, NOR GILLESPIE ARE AN EMPLOYER OF PLAINTIFF, THEREFORE, FMLA DOES NOT APPLY**.

FMLA claims only apply to employer-employee relationships. The City of Pekin, Tebben, nor Gillespie are an employer of plaintiff; therefore, FMLA does not apply to them. Status as an employer under the FLSA is a question of law. *Karr v. Strong Detective Agency, Inc.,* 787 F.2d 1205, 1206 (7th Cir. 1985). The FMLA tracks the Fair

**HEYL ROYSTER VOELKER & ALLEN**

**Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400**

-3-

Labor Standards Act (FLSA) word for word regarding the definition of the term "employer". *See Reich v. Midwest Plastic Eng'g, Inc.,* 1995 U.S. Dist. LEXIS 8772 (W. D. Mich 1995).

The FMLA extends employer status to "any person who acts, directly or indirectly, in the interest of the employer to any of the employees of such employer. 29 U.S. C. § 2611(4)(A)(ii)(I). Defendants are not plaintiff's employer because they did not act directly or indirectly in such a way as to control the method or manner of work of plaintiff, or plaintiff's day-to-day activities, or over any aspect of the employment alleged to have been violated. *See Freemon v. Foley,* 911 F. Supp. 326, 331 (N.D. Ill. 1995). Moreover, the Defendants did not hire or fire plaintiff, nor were they involved in plaintiff's alleged harassment or discharge.

The City of Pekin is not an employer of plaintiff. Instead, the plaintiff was employed by Tazewell-Pekin Consolidated Communications Center (TPCCC) as a 911 Dispatcher since 1998. TPCCC and the City of Pekin are separate and distinct legal entities. TPCCC was created by an intergovernmental agreement and is a not-for-profit entity incorporated in the State of Illinois. Furthermore, the City of Pekin only had a contractual relationship with TPCCC to provide payroll services and benefits to TPCCC's employees. The City of Pekin did not set the amount of plaintiff's wages, or control plaintiff's assignment or placement at TPCCC, nor did it have the authority to do so. Therefore, plaintiff is not an " employee" of the City of Pekin and the FMLA claim against it should be dismissed.

Tebben and Gillespie are not employers of plaintiff. Additionally, Tebben and Gillespie cannot be liable under FMLA because they had no supervisory authority over the

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

plaintiff and were not responsible in whole or in part for the alleged FMLA violation. *See Freemon v. Foley*, 911 F. Supp. 326, 331 (N.D. Ill. 1995) (quoting *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987)).  As a result, the FMLA claims against David Tebben and Timothy Gillespie should be dismissed.

WHEREFORE, the defendants, City of Pekin, David Tebben, and Timothy Gillespie pray that the Court enter an Order dismissing plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and to award the defendants their costs.

CITY OF PEKIN, DAVID TEBBEN, and
TIMOTHY GILLESPIE

BY:  _____s/ Bradford B. Ingram_____
HEYL, ROYSTER, VOELKER & ALLEN
Bradford B. Ingram
#3127206

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

### *CERTIFICATE OF SERVICE*

I hereby certify that on September 24, 2004, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John Slevin<br>Voncachen, Lawless, Trager & Slevin<br>456 Fulton St., Suite 425<br>Peoria, IL 61602-1240<br>jslevin@vltslaw.com | Jeffrey E. Krumpe<br>Patrick A. Murphey<br>Miller, Hall & Triggs<br>416 Main Street, Suite 1125<br>Peoria, IL 61602<br>jeffrey.krumpe@mhtlaw.com |

          s/  Bradford B. Ingram   #3127206
              Attorney for Defendant
          Heyl, Royster, Voelker & Allen
           124 S.W. Adams, Suite 600
                Peoria, IL 61602
                 309-676-0400
                 309-676-3374
                 309-676-3374
                 bingram@hrva.com

CBS/
P1975
PAN 004

**HEYL ROYSTER**
**VOELKER**
**& ALLEN**

**Suite 600**
**124 S.W. Adams Street**
**Peoria, IL 61602-1352**
**Fax (309) 676-3374**
**(309) 676-0400**