UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENISE N. MOLDENHAUER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE NO. 04-1169 |
| ) | |
| **TAZEWELL-PEKIN CONSOLIDATED** ) | |
| **COMMUNICATIONS CENTER; CITY OF** ) | |
| **PEKIN; TAZEWELL COUNTY; STEVEN F.** ) | |
| **THOMPSON; DAVID TEBBEN; JAMES** ) | |
| **UNSICKER, ROBERT HUSTON; and** ) | |
| **TIMOTHY GILLESPIE** ) | |
| **Defendants.** ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S FIRST AMEDNED COMPLAINT

### COUNT I

**PARTIES NOT NAMED AS RESPONDENTS IN AN EEOC
CHARGE CANNOT BE SUED UNDER THE ADA**

1. The only Respondent named in the Plaintiff's EEOC charge is TPCCC.

2. Plaintiff's complaint fails to state a cause of action against Tazewell County because it is not a named Respondent in the EEOC charge and Tazewell County had no notice of a claim against it and no opportunity to conciliate on its own behalf. *Schnellbaecher vs. Baskin Clothing Company*, 887 F. 2d 124, 126 (7th Cir. 1989); *Allen vs. Cub Foods Corporation*, 10 NDLRP 361 (N.D.Ill. 1997); *Ulatowski vs. John Sterling Corp.*, 28 NDLR 135 (N.D.Ill. 2004).

3. Because Tazewell County was not formally notified of the Plaintiff's EEOC proceeding and the EEOC was not afforded an opportunity for conciliation with respect to this Defendant, Tazewell County must be dismissed. It is insufficient that Tazewell County had notice of a charge against TPCCC. *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597 (7th Cir. 2001) (noting that it is the law in this Circuit is that a parent organization not named in an EEOC charge must be dismissed from a lawsuit "unless the plaintiff can show that the parent had notice of the claim against it, as opposed to its subsidiary, and had an opportunity to conciliate on its own behalf.")

**THE PLAINTIFF IS NOT A "QUALIFIED INDIVIDUAL WITH A DISABILITY"
UNDER THE ACT DUE TO HER EXCESSIVE ABSENTEEISM FROM WORK**

4. The Act only affords protection to qualified individuals with a disability who can perform the essential requirements of their job with or without reasonable accommodation. In *Nowak vs. St. Rita High*

*School*, 142 F. 3d 999, 1003 (7th Cir. 1998), the Seventh Circuit concluded that an employee who does not come to work cannot perform the essential functions of his job. Spotty work attendance, whether caused by a disability or not, renders an individual unqualified for the protections afforded by the Act. *Waggoner vs. Olin Corp.*, 169 F. 3d 481 (7th Cir. 1999). See also *Hilburn vs. Murata Electronics North America, Inc.*, 181 F. 3d 1220 (11th Cir. 1999) (employee whose health problems and those of her family prevented her from attending work regularly could not state a cause of action under the ADA); *Corder vs. Lucent Technologies, Inc.*, 162 F.3d 924 (7th Cir. 1998).

## FAILURE TO STATE ALLEGATIONS WITH RESPECT TO REASONABLE ACCOMMODATION WARRANTS DISMISSAL

5. The Plaintiff's first amended complaint appears to attempt to plead a claim for failure to provide a reasonable accommodation for a disability. A failure to accommodate claim is separate and distinct from a claim of disparate treatment under the ADA. *Cruz vs.Perry*, 14 A.D. Cases 339, 25 NDLR P 250 (N.D. Ill. 2003).

6. While the ADA makes it unlawful for an employer to fail to make reasonable accommodations to an otherwise qualified individual, as a threshold matter, the Plaintiff must first establish she has a disability as defined by the ADA.

7. The Plaintiff's first amended complaint fails to allege the Plaintiff has a disability as defined in the Act. Furthermore, the complaint fails to state a claim because there are no facts alleged to support the conclusion that a reasonable accommodation was requested or that a reasonable accommodation would have allowed the Plaintiff to perform her job, when she otherwise could not.

## PLAINTIFF'S RETALIATION CLAIM FAILS TO STATE A CAUSE OF ACTION

8. While unclear, the Plaintiff's first amended complaint appears to also attempt to state a claim under the ADA for retaliatory discharge.

9. Under *Stone vs. City of Indianapolis*, 281 F. 3d 640 (7th Cir. 2002), a Plaintiff can plead a retaliation case by demonstrating that: 1) she engaged in a statutorily protected activity; 2) she was meeting her employer's legitimate expectations; 3) she suffered an adverse employment action; and 4) other employees who did not engage in a statutorily protected activity were not subjected to an adverse employment action. Plaintiff's first amended complaint fails to state a claim because there are no facts that Plaintiff was meeting her employer's legitimate expectations and there are no facts to support that other employees who were similarly situated were not subjected to adverse employment action. As already observed, the Plaintiff's complaint in fact establishes that she was not meeting her employer's legitimate expectations due to her excessive absenteeism, and was terminated for that reason.

## COUNT II

### THE PLAINTIFF'S COMPLAINT FAILS TO ALLEGE SHE SUFFERED FROM A SERIOUS HEALTH CONDITION WHICH WOULD WARRANT APPLICATION OF THE FMLA

10. The FMLA provides leave for qualified employees who suffer from a serious health condition as defined by the Act. Under the FMLA a serious health condition is "an illness, injury, impairment, or physical or mental condition that involves . . . (A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 USC §2611 (11); *Haschmann vs. Time Warner Entertainment Co., L.P.*, 151 F. 3d 591, 604 (7th Cir. 1998).

11. There are no allegations in the Plaintiff's complaint that she suffered from a serious health condition as defined by the Act. Therefore, the complaint fails to state a claim.

12. Furthermore, the Plaintiff's complaint is devoid of any facts which would indicate the Plaintiff had a serious health condition resulting in a period of incapacity, treatment two or more times by a health care provider or treatment by a health care provider which resulted in a regiment of continuing treatment under the supervision of a health care provider, a chronic serious health condition requiring periodic visits for treatment by a health care provider over an extended period of time or any period of absence to receive multiple treatments by a health care provider. *See* 29 CFR §825.114(a)(2)(i)-(v); *Magiera vs. Ford Motor Company*, 13 NDLR p. 228 (N.D.Ill. 1998).

### PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR FAILURE TO ALLEGE HER EMPLOYER MEETS THE EMPLOYEE THRESHOLD AND FAILURE TO ALLEGE SHE WORKED THE REQUISITE NUMBER OF HOURS DURING THE LAST YEAR OF EMPLOYMENT

13. Plaintiff's complaint and the attachments to the complaint establish that the Plaintiff's employer, TPCCC, only has 22 employees. The act only covers employees working for employers who employ 50 or more people. Therefore, Plaintiff cannot state a cause of action under the FMLA.

14. Furthermore, the Act only protects employees who have worked for their employer at least one year and who work at least 1,250 hours during the last year. 29 USC §2611(2)(A). The Plaintiff's first amended complaint fails to allege she worked at least 1,250 hours during the last year of her employment, and in fact alleges numerous absences during her last year of employment. Due to this deficiency, the Plaintiff cannot state a claim under the FMLA.

### THERE IS NO JOINT EMPLOYER RELATIONSHIP BETWEEN TPCCC, THE CITY OF PEKIN, AND/OR THE COUNTY OF TAZEWELL

15. Although the Plaintiff's first amended complaint alleges a joint employer relationship between TPCCC, the City of Pekin and Tazewell County, this is a legal conclusion. Furthermore, this Circuit does not recognize the "integrated enterprise" test because it is too amorphous to be applied consistently. *Worth*

*v. Tyer*, 276 F.3d 249 (7th Circuit 2001). The integrated enterprise test determines if multiple entities could both be considered proper defendants in employment discrimination cases even if one of them did not directly employ the plaintiff.

16. Plaintiff's effort to claim the protections of the Act based on an alleged, joint employer relationship must fail as contrary of the Seventh Circuit's dictate against this type of integrated enterprise analysis. The employee threshold number under the Act is deemed a substantive element of the claim. Plaintiff's failure to satisfy this requirement must result in dismissal of the complaint.

**THERE IS NO INDIVIDUAL LIABILITY UNDER FMLA FOR PUBLIC AGENCY EMPLOYERS**

17. In *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), the court conducted a comprehensive statutory analysis of the FMLA and concluded that the text and structure of the Act reveals that the Act does not impose individual liability on public agency employers.

18. In Plaintiff's original complaint she alleged she was employed by TPCCC, a public agency. In the First Amended Complaint, Plaintiff alleges she was jointly employed by TPCCC, the City of Pekin and Tazewell County, however, she seeks to sue Robert Huston, the sheriff of Tazewell County, James Unsicker, Tazewell County Board Chairperson and Steve Thompson, Executive Director of TPCCC, individually. Therefore, the First Amended Complaint fails to state a claim against Steven F. Thompson, James Unsicker or Robert Huston.

**WHEREFORE**, Defendants, TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; TAZEWELL COUNTY; STEVEN F. THOMPSON, JAMES UNSICKER, and ROBERT HUSTON, pray that the Plaintiff's First Amended Complaint be dismissed for failure to state a cause of action, for recovery of their costs, and for any further relief the court deems just and equitable.

TAZEWELL-PEKIN CONSOLIDATED
COMMUNICATIONS CENTER; TAZEWELL
COUNTY; STEVEN F. THOMPSON, JAMES
UNSICKER and ROBERT HUSTON, Defendants

BY _____
Patrick A. Murphey
for Miller, Hall & Triggs

Patrick A. Murphey
Jeffrey E. Krumpe
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL 61602
309/671-9600

**PROOF OF SERVICE**

      The undersigned hereby attests that a copy of the MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Sleven
Vonachen Lawless Trager & Slevin
456 Fulton, Suite 425
Peoria, IL 61602

Bradford B. Ingram
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL 61602

_____
Jeffrey E. Krumpe