UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DENISE N. MOLDENHAUER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 04-1169 |
| | ) | |
| **TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; CITY OF PEKIN; TAZEWELL COUNTY; STEVEN F. THOMPSON; DAVID TEBBEN; JAMES UNSICKER, ROBERT HUSTON; and TIMOTHY GILLESPIE** | ) ) ) ) ) ) | |
| Defendants. | ) | |

### MOTION TO DISMISS PLAINTIFF'S FIRST AMEDNED COMPLAINT

DEFENDANTS, TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; TAZEWELL COUNTY; STEVEN F. THOMPSON, JAMES UNSICKER, and ROBERT HUSTON, pursuant to FED. R. CIV. P. 12(b)(6), move to dismiss the Plaintiff's First Amended Complaint stating as follows:

COUNT I

1. Count I of Plaintiff's First Amended Complaint purports to be based on a charge of discrimination filed with the Equal Employment Opportunities Commission ("EEOC") for alleged violations of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12181 *et seq*. Plaintiff attached to the initial complaint the charge of discrimination she filed with the EEOC on August 18, 2003.

2. Plaintiff's EEOC charge names only one respondent, the Tazewell Pekin Consolidated Communications Center ("TPCCC").

3. The complaint fails to state a cause of action against Tazewell County due to the fact that parties not named as Respondents in an EEOC charge may generally not be sued in an ADA action. *Schnellbaecher vs. Baskin Clothing Company*, 887 F. 2d 124, 126 (7th Cir. 1989); *Allen vs. Cub Foods Corporation*, 10 NDLRP 361 (N.D.Ill. 1997); *Ulatowski vs. John Sterling Corp.*, 28 NDLR 135 (N.D.Ill. 2004).

4. Plaintiff's complaint fails to state a claim against TPCCC because it fails to allege essential elements of a claim under the ADA. Plaintiff fails to allege she is a qualified individual with a disability entitling her to the protections of the ADA, fails to allege she is qualified to perform the essential functions of her position with or without a reasonable accommodation and fails to allege facts to support any connection between an adverse employment decision and her disability.

5. Further, the allegations of the first amended complaint establish that, in the year preceding her discharge, she was absent from work on numerous occasions, and was subject to progressive discipline, and finally on April 18, 2003, dismissed for her excessive absenteeism. The allegations of the complaint fail to state a claim against TPCCC because the Plaintiff admits she was not a qualified individual with a disability due to her absenteeism. Thus, Plaintiff is not a qualified individual with a disability.
6. The Plaintiff's complaint also fails to state a claim against TPCCC because there are no allegations that the Plaintiff could perform her job with or without a reasonable accommodation.
7. Plaintiff's complaint fails to state a claim for retaliatory discharge.
8. As respects any action prior to October 22, 2002, including the alleged failure to accommodate Plaintiff in July, 2001, and the progressive discipline for excessive absence, Plaintiff cannot state a claim under the ADA because her August 18, 2003 charge with the U.S. EEOC was untimely under 42 USC §12117(a) (incorporating 42 USC § 2000 e-5(3)(1)(2004)).

## COUNT II

9. Count II of Plaintiff's First Amended Complaint attempts to plead a cause of action pursuant to the Family and Medical Leave Act (the "Act"), 29 USC §2601 *et seq*.
10. The Act only protects employees who have worked for their employer at least one (1) year and who worked at least 1,250 hours during the last year. 29 USC §2611(2)(A). Plaintiff's complaint fails to allege she worked at least 1,250 hours during the last year of her employment, and in fact alleges numerous absences during the last year of her employment.
11. Furthermore, the attachments to the original complaint establish that the Plaintiff's employer, TPCCC, only has 22 employees. The Act only covers employees working for employers who employ 50 or more people. Therefore, Plaintiff cannot state a claim under the FMLA.
12. The Plaintiff's complaint fails to state a claim against Tazewell County, Robert Huston, James Unsicker, and Steven F. Thompson because the Plaintiff was only employed by TPCCC.
13. The Plaintiff's complaint fails to state a claim against Robert Huston, James Unsicker and Steven F. Thompson because there is no individual liability under FMLA for public agency employers.
14. Plaintiff's complaint alleges occurrences from March 13, 2002, which are barred by the two-year statute of limitations under the FMLA.
15. The Plaintiff's complaint fails to allege she suffered from a serious health condition, which would warrant application of the FMLA.

WHEREFORE, Defendants, TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; TAZEWELL COUNTY; STEVEN F. THOMPSON, JAMES UNSICKER, and ROBERT HUSTON, pray that the Plaintiff's First Amended Complaint be dismissed for failure to state a claim, for recovery of their costs, and for any further relief the court deems just and equitable.

TAZEWELL-PEKIN CONSOLIDATED
COMMUNICATIONS CENTER; TAZEWELL
COUNTY; STEVEN F. THOMPSON, JAMES
UNSICKER and ROBERT HUSTON, Defendants

BY  /s/ Patrick A. Murphey
_____
Patrick A. Murphey
for Miller, Hall & Triggs

Patrick A. Murphey
Jeffrey E. Krumpe
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL  61602
309/671-9600

## PROOF OF SERVICE

The undersigned hereby attests that a copy of the MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John Sleven
Vonachen Lawless Trager & Slevin
456 Fulton, Suite 425
Peoria, IL 61602

Bradford B. Ingram
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL 61602

/s/ Jeffrey E. Krumpe
_____
Jeffrey E. Krumpe