E-FILED
Tuesday, 05 October, 2004 04:27:49 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER,<br><br>    Plaintiff,<br><br> vs.<br><br>TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; CITY OF PEKIN, ILLINOIS; TAZEWELL COUNTY, ILLINOIS; STEVEN F. THOMPSON; DAVID TEBBEN; JAMES UNSICKER; ROBERT HUSTON; and TIMOTHY GILLESPIE,<br><br>    Defendants. | Case No. 04-CV-1169 |

**RESPONSE TO MOTION TO DISMISS PLAINTIFF'S FIRST
AMENDED COMPLAINT BY THE CITY OF PEKIN, DAVID TEBBEN
and TIMOTHY GILLESPIE**

NOW COMES Plaintiff, DENISE N. MOLDENHAUER, by JOHN A. SLEVIN of VONACHEN, LAWLESS, TRAGER & SLEVIN, one of her attorneys, and in response to the Motion to Dismiss Plaintiff's First Amended Complaint filed on behalf of Defendants, CITY OF PEKIN ("PEKIN"), DAVID TEBBEN ("TEBBEN") and TIMOTHY GILLESPIE ("GILLESPIE"), would show to the Court, as follows:

**Introduction**

TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER ("TAZCOM") was originally formed in 1976 by the City of Pekin and Tazewell County to meet their requirements of the 1975 Illinois Law Emergency Telephone Systems Act, which required the establishment of a 911 service. TAZCOM is controlled by a board of directors composed of two members appointed by Tazewell County and two City of Pekin appointed officials. The

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

representatives appointed by the City of Pekin were the Pekin Mayor TEBBEN and Pekin Police Chief GILLESPIE. Those board members appointed by Tazewell County were the County Sheriff Robert Huston and County Board Member James Unsicker.

Plaintiff has been employed since August 1, 1983, as a dispatcher for the 911 emergency calls, and she works in any given work week for several different municipality and county departments performing integral functions to the emergency service that the departments provide. This requires her to perform work which simultaneously benefits both the City of Pekin and the County of Tazewell. TAZCOM was specifically set up to service the emergency departments in the different cities within Tazewell County and Tazewell County itself. TAZCOM operates based upon funding provided by these cities and Tazewell County.

Plaintiff, along with other TAZCOM employees, are part of the Fraternal Order of Police, Tazewell County Lodge #98. Plaintiff and other TAZCOM employees are paid by paychecks printed by the City of Pekin which say "City of Pekin" on them. On October 28, 2002, a Legal Notice Certificate signed by the Pekin City Clerk and published in the Pekin Daily Times listed all City of Pekin employees designated by salary range. Plaintiff's name appears as an employee of the City of Pekin. Plaintiff and other TAZCOM employees received the same health policy benefits as City of Pekin employees. This is a City benefit and not from TAZCOM. Additionally, life insurance is provided by the City of Pekin.

Step II Union Grievances for TAZCOM employees are handle by Pekin Police Chief GILLESPIE, who is also a member of the TAZCOM board. TAZCOM was housed in a Pekin City owned building, and TAZCOM did not have to pay rent for its offices. Plaintiff has a City of Pekin employee badge serving as "911 Dispatcher for City of Pekin."

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

### I. Plaintiff was a joint employee of TAZCOM, PEKIN and TAZEWELL COUNTY ("TAZEWELL").

PEKIN claims that an employer/employee relationship does not exist between Plaintiff and PEKIN. In fact and in law, Plaintiff is jointly employed by TAZCOM, PEKIN and TAZEWELL. Plaintiff has properly alleged this in her Complaint. These Defendants candidly admitted, as they must, that a Motion to Dismiss should not be granted "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45 (1957). Federal Regulations define joint employment. 29 CFR 285.106. There can be no question that joint employment is recognized both in Federal and State law. *Lowe v. Wolin-Levin, Inc.*, 204 U.S. Dist. LEXIS, 13089 (N.D. IL 2004); *Grchan v. Ill. State LRB*, 315 Ill.App.3d 459, 735 N.E. 2d 33, 248 Ill.Dec. 325 (3d Dist. 2000).

### II. It was not necessary to name PEKIN in the EEOC charge.

While ordinarily a party not named in an EEOC charge may not be sued under Title VII, however, this requirement is not jurisdictional, "but rather is like a statute of limitations, in that it is subject to waiver, estoppel and equitable tolling." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124 (7th Cir. 1989). This court went on to state, "The purpose of the requirement of filing a charge before the EEOC is twofold. First, it serves to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation which effectuates Title VII's primary goal of securing voluntary compliance with its mandates." *Id.* The Seventh Circuit further quoted from *Eggleston v. Chicago Journeymen's Plumbers' Local Union #130*, 657 F.2d 890 (7th Cir. 1981), where an exception to the general rule that a party named in a Title VII suit must have been named in the previous EEOC charge where, "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

the opportunity to participate in conciliation proceedings aimed at voluntary compliance." 657 F.2d at 905.

Plaintiff clearly alleged in her Complaint that both PEKIN and TAZEWELL were aware of the charge being filed with the EEOC and were given opportunity to participate in conciliation proceedings, but elected not to.

### III.    Joint employers are liable under the ADA.

These Defendants state in their memo that because Plaintiff was not an employee of PEKIN, the ADA does not apply. The converse is equally true: if PEKIN was a joint employer of Plaintiff, the ADA does apply.

For the reasons above set forth and for the allegations properly contained in the complaint, PEKIN was a joint employer of Plaintiff.

### IV.    PEKIN, TEBBEN and GILLESPIE, because they directed the violations of the FMLA as to Plaintiff, all are liable.

Plaintiff has alleged in Paragraph 16 of her Complaint:

> "16.    That TAZCOM is managed by a four person board of directors, two of whom are appointed by the City of Pekin, and two of whom are appointed by Tazewell County. At all relevant times herein, the representatives appointed by the City of Pekin were Pekin Mayor TEBBEN and Pekin Police Chief GILLESPIE. Those representatives appointed by Tazewell County were County Sheriff HUSTON and County Board Member UNSICKER. (Collectively referred to as 'Directors.'"

The has also alleged in Paragraph 20 of her Complaint:

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

4

"20. Between March 13, 2002, and April 18, 2003, Plaintiff was subjected to numerous disciplinary actions for absences necessitated by her disabling conditions and, on these occasions, was suspended without pay. These suspensions without pay were made by her Employer and THOMPSON pursuant to a direction and insistence of the Directors with the advice and recommendation of THOMPSON."

And she has alleged in Paragraph 22 of her Complaint:

"22. That on April 18, 2003, Plaintiff was fired by her Employer by reason of her absences due to her disabling condition. This termination was made at the direction of the Board on the recommendation of THOMPSON."

This clearly is adequate pleading to render PEKIN, TEBBEN and GILLESPIE responsible under the FMLA. *Evans v. Henderson*, 2000 U.S. Dist. LEXIS 11907 (N.D. IL 2000)

WHEREFORE, Plaintiff prays that the Motion to Dismiss of PEKIN, TEBBEN and GILLESPIE be denied.

DENISE N. MOLDENHAUER, Plaintiff

By: /s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton, Suite 425
Peoria, IL 61602
Ph:   (309) 676-8986
Fax:  (309) 676-4130

**VONACHEN,
LAWLESS, TRAGER
& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

5

## PROOF OF SERVICE

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF PEORIA  )

The undersigned attorney hereby certifies that a copy of the foregoing **RESPONSE TO MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY THE CITY OF PEKIN, DAVID TEBBEN and TIMOTHY GILLESPIE** was electronically mailed or delivered by other means upon the attorneys of record, as follows:

| | |
|---|---|
| Jeffrey E. Krumpe<br>Patrick a. Murphey<br>Miller, Hall & Triggs<br>416 Main Street, Suite 1125<br>Peoria, IL 61602<br>**Counsel for Tazewell-Pekin Consolidated Communications Center; TPCCC Board of Directors, Tazewell County, Sheriff Robert Huston; Director Steven Thompson; County Board Member James Unsicker** | Bradford B. Ingram<br>Candace Brugger Spomar<br>Heyl, Royster, Voelker & Allen<br>Miller, Hall & Triggs<br>124 S.W. Adams, Suite 600<br>Peoria, IL 61602<br>**Counsel for Ex-City Manager Richard Herstein; Chief Timothy Gillespie; City of Pekin; Ex-Mayor David Tebben** |

on the 5th day of October, 2004.

/s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602-1240
Ph:   (309) 676-8986
Fax:  (309) 676-4130

o:\jas\clients\moldenhauer\resp to mot to dismiss of pekin, tebben & gillespie

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

6