E-FILED
Tuesday, 19 April, 2005  09:54:26 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DENISE N.  MOLDENHAUER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 04-1169 |
| | ) | |
| TAZEWELL-PEKIN CONSOLIDATED | ) | |
| COMMUNICATIONS CENTER, | ) | |
| TAZEWELL COUNTY, CITY OF PEKIN | ) | |
| DAVID TEBBEN, TIMOTHY GILLESPIE, | ) | |
| STEVEN F.  THOMPSON, JAMES | ) | |
| UNISICKER, ROBERT HUSTON | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R

Before the Court are two Motions to Dismiss [#24 and #28] Plaintiff's Amended Complaint.  For the following reasons, Motion to Dismiss [#24] is DENIED in its entirety, and Motion to Dismiss [#28] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Moldenhauer began working for the Tazewell-Pekin Consolidated Communications Center ("TAZCOM"), the City of Pekin ("Pekin"), and Tazewell County, Illinois ("Tazewell") on August 1, 1983.    Although Pekin and Tazewell both deny that they were ever Moldenhauer's employer, Moldenhauer alleges in her Complaint that they were.  In 1989, she was diagnosed with a liver and pancreas problem, and in 1991 her common bile duct was surgically removed.  Since 1991, Moldenhauer has suffered from chronic pancreatitis with acute flare-ups.  During these flare-ups, Moldenhauer must take pain medication, eat or drink nothing, and secure bed rest.  She is occasionally hospitalized during the flare-ups.

Accordingly, her condition sometimes required her to miss work, usually for a day or two, but sometimes for longer periods. TAZCOM, Pekin, and Tazewell have been aware of Moldenhauer's condition since 1991.

On May 24, 2002, Moldenhauer requested leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.,* for time off to treat her pancreatitis. During March 2002 and April 2003, Moldenhauer claims she was "subjected to numerous disciplinary actions for absences necessitated by her disabling conditions and, on these occasions, was suspended without pay." Moldenhauer was fired from her position on April 18, 2003.

On August 18, 2003 Moldenhauer filed a complaint with the EEOC, and was issued a right-to-sue letter on April 22, 2004. Moldenhauer named only TAZCOM in her EEOC complaint. She commenced this suit on May 21, 2004, again, naming only TAZCOM. Moldenhauer filed an Amended Complaint on September 8, 2004, this time naming the following defendants: (1) TAZCOM; (2) TAZCOM's CEO Steven F. Thompson; (3) Pekin; Pekin's employees, (4) Mayor David Tebben, and (5) Chief of Police Timothy Gillespie; (6) Tazewell; and Tazewell's employees, (7) Sheriff Robert Huston, and (8) County Board Member James Unisicker. In a two count complaint, Moldenhauer sued TAZCOM, Pekin, and Tazewell for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and all defendants for violations of the FMLA. Pekin and its respective employees filed a Motion to Dismiss the Amended Complaint on September 24, 2004. The remaining defendants — Tazewell, Tazewell's employees, TAZCOM, and TAZCOM's employee — filed their Motion to dismiss on September 28, 2004. The matter is fully briefed and this Order follows.

## DISCUSSION

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the nonmoving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiff to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

Defendants' various objections to Plaintiff's Amended Complaint are as follows: First, Pekin and its employees, Mayor Tebben and Chief of Police Gillespie, state that dismissal is proper because (1) the City and its employees were not named in Moldenhauer's original EEOC charge; and (2) neither the City of Pekin nor its employees can be properly defined as an "employer" under these facts, and therefore, a claim under the ADA and FMLA must fail. In a separate Motion to Dismiss, TAZCOM and its employee, CEO Thompson, and Tazewell and its employees, Board Member Unisicker and Sheriff Huston, state that dismissal is proper for both reasons stated by Pekin's Motion and because Moldenhauer, in various ways, fails to allege all of the essential elements of both her ADA and FMLA claims. Each objection will be reviewed in turn.

## I.     ADA Claims

### A.     Moldenhauer's failure to name certain defendants in her EEOC charge

"Ordinarily, a party not named in an EEOC charge may not be sued under Title VII." Schnellbaecher v. Baskin Clothing Co., 887 F.2d 124, 126 (7th Cir. 1989). Though Moldenhauer is suing under the ADA, there is no reason to make a distinction, as the plaintiff is required to file and EEOC complaint before suing under the ADA as under Title VII. Fairchild v. Forma Scientific, Inc. , 147 F.3d 567, 574 (7 th Cir. 1998). However, "this requirement is not jurisdictional, but rather is like a statute of limitations, in that it is subject to waiver, estoppel, and equitable tolling …." Schnellbaecher, 887 F.2d at 126. One exception the Seventh Circuit has carved out of the general rule is when the "'unnamed party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance.'" Id. (quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U. A., 657 F.2d 890, 905 (7th Cir. 1981). Here, Moldenhauer specifically pled that "Both PEKIN and TAZEWELL were aware of [the EEOC] charge being filed and were given opportunity [sic] to participate in conciliation proceedings, but elected not to." Tazewell and Pekin might quibble with the truth of that statement; however, for the purposes of resolving a motion to dismiss, the Court must view the allegations of the pleadings as true. If the statement in the Complaint noted above is true, then Pekin and Tazewell fit into the exception noted above, and therefore did not need to be named in the EEOC charge to be sued under the ADA. Of course, both Pekin and Tazewell will be dismissed if they can show that they were not in fact given notice of the charges and an opportunity to participate in conciliation proceedings. However, simply stating, in contradiction to the allegations of the Amended Complaint, that they were not is not sufficient under a motion to dismiss.

**B.      Moldenhauer's employer**

Generally, the ADA forbids a "covered entity" from "discriminat[ing] against a "qualified individual with a disability ...." 42 U.S.C. §12112(a). An "employer" is a covered entity, and is defined simply as "a person engaged in an industry affecting commerce who has 15 or more employees ...." Id. § 12111(2), (5)(A).   As used in the statute, "[t]he term 'person' includes one or more individuals, governments, governmental agencies, [and] political subdivisions." Id. § 2000e(a). There appears to be no dispute that TAZCOM was Moldenhauer's employer; however, both Pekin and Tazewell claim that Moldenhauer was not their employee, and they, therefore, cannot be liable to her under the ADA. Moldenhauer, on the other hand, claims that she was a joint employee of all three entities, TAZCOM, Pekin, and Tazewell.

Both Tazewell and Pekin presumably meet all of the general definitions of employer above, and they do not claim otherwise in their respective Motions to Dismiss.  The bases for Tazewell and Pekin's Motions is not that they are not employers as defined by the ADA above, but that they were not *Moldenhauer's* employer, and thus, cannot be liable to her under the ADA.  There are two problems with this argument.  First, the Seventh Circuit has specifically left open the question of "when, if ever, an employer covered by the statute can be held liable for conduct toward someone who is not its employee ...." Shrock v. Altru Nurses Registry, 810 F.2d 658, 660 (7th Cir. 1987).  The statute the Shrock court was addressing was under Title VII; however, courts have consistently held that cases interpreting "employer" under Title VII are helpful when interpreting that same term under the ADA, as the language of each definition is virtually identical.  U.S. E.E.O.C. v. AIC Sec. Investigations, Ltd., 55 F.3d 1276, 1279 (7th Cir. 1995). The Seventh Circuit again declined to address the question ten years later, saying "[w]e have not occasion to go further and

determine if a Title VII plaintiff must always demonstrate that he is an employee *of the defendant employer.*" Alexander v. Rush North Shore Medical Center, 101 F.3d 487, 493 n.2 (7th Cir. 1997) (emphasis in original). Of course, this does not necessarily mean that a employer is automatically liable to a nonemployee under the ADA, but only that the question is open. However, a plain reading of the statutory language quoted above reveals that it is possible for a nonemployer to be liable under the ADA. Accordingly, Tazewell and Pekin's premise that "if there is no employer-employee relationship, the ADA does not apply" is flawed.[1]

The second and more readily apparent problem with Pekin and Tazewell's argument is that Moldenhauer specifically pled that both Pekin and Tazewell were her employers. Though Moldenhauer did not elaborate in great detail on the facts that support that conclusion, she is only required to plead those facts that are sufficient to state a claim. Under the ADA, courts look to the common law to determine whether an employee was the employee of a particular employer. *See, e.g.,* Clackamas Gastroenterology Assoc. v. Wells, 123 S.Ct 1673, 1679-81 (2003). Essentially, the question comes down to one of control, and the employer is the person or group of persons who runs and manages the enterprise. Id. at 1680; Knight v. United Farm Bureau Mut. Ins. Co., 950 F.2d 377, 380 (7th Cir. 1991). This is an extremely fact-sensitive inquiry that precludes resolution on a motion to dismiss

---

[1] Pekin cites Aberman v. J. Abouch & Sons, 1997 WL 51601, 1997 U.S. Dist. LEXIS 1000, an unpublished decision from the Northern District of Illinois, in support of its position on this issue. However, Aberman, was dealing with the question Schrock ultimately *did* decide and was distinguished from the question presented here. Namely, Aberman, dealt with whether a particular individual was an employee or an independent contractor under the ADA. However, Tazewell Pekin do not argue that Moldenhauer was not their employee because her relationship with them was that of independent contractor.

in this case.

Furthermore, Moldenhauer has provided facts that suggest that Tazewell and Pekin had significant control of Moldenhauer's employment that she might be considered their employer. Most telling is the structure of TAZCOM, which Moldenhauer details in her complaint: TAZCOM is managed by a four person board of directors; two of the positions are appointed by the City of Pekin; two are selected by Tazewell County; Tazewell County selected Defendants Sheriff Huston and County Board Member Unsicker, and Pekin selected Mayor Tebben and Police Chief Gillespie. Under this structure, it seems that both Pekin and Tazewell essentially control TAZCOM. Further, when Moldenhauer was subject to discipline for her absences, Moldenhauer alleges that the suspensions were made by Tazewell, Pekin, and TAZCOM, working jointly pursuant to the direction and insistence TAZCOM's board of directors and Thompson, TAZCOM's CEO. Finally, Moldenhauer's also states that her termination was made at the direction of the TAZCOM board of directors on the recommendation of Thompson.

In its motion, Pekin states (though in relation to the FMLA claims) that they were not Moldenhauer's employer because " they did not act directly or indirectly in such a way as to control the method or manner of work of [Moldenhauer], or [her] day-to-day activities, or over any aspect of the employment alleged to have been violated.... Moreover, [Pekin] did not hire or fire [Moldenhauer], nor were they involved in plaintiff's alleged harassment or discharge.... City of Pekin only had contractual relationship with [TAZCOM] to provide payroll services and benefits to [TAZCOM]'s employees. The city of Pekin did not set the amount of plaintiff's wages, or control plaintiff's assignment or placement at [TAZCOM], nor did it have the authority to do so." These are arguments that may be

appropriate on a motion for summary judgment, where defendants can challenge the factual allegations of the plaintiff; however, this is not a motion for summary judgment. There are several facts alleged in Plaintiff's Complaint claiming that Pekin and/or Tazewell had sufficient control over Plaintiff's employment to be considered employers for the purposes of the ADA. Accordingly, Defendants' Motion to Dismiss on this ground cannot be allowed.

### C.    Moldenhauer's qualification as disabled individual

Tazewell claims Moldenhauer's ADA Count should be dismissed because she does not sufficiently allege that she is a "qualified individual with a disability" under the ADA. The ADA defines "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Here, Tazewell's argument is not that Moldenhauer does not sufficiently claim that she was disabled, but rather, she "admits she was not a qualified individual due to her absenteeism."

The Court disagrees with this characterization of Moldenhauer's Complaint. While Moldenhauer does state that her condition sometimes "require[d] her to miss work, usually only one day unless hospitalized for a longer time," she also states that "[i]t was necessary that [she] be accommodated by being allowed to occasionally miss a day's work on those days she has an acute flare-up of her pancreatitis." The cases cited by Tazewell do not stand for the proposition that a person is not a qualified individual with a disability simply because they miss a few days of work; rather, the principle is, if a plaintiff's inability to be physically present at work on a regular basis causes them to be unable to perform the essential functions of their position, even with reasonable accommodation, they are not a

"qualified individual" under the ADA.  *See, e.g.,* Nowak v. St. Rita High School, 142 F.3d 999, 1003 (7th Cir. 1998).  Moldenhauer has certainly not admitted that she falls into this category.

Furthermore, *all* of the cases Tazewell cites to support its position, including Nowak, were decided on a motion for summary judgment.  *See* id. at 1000; Waggoner v. Olin Corp., 169 F.3d 481, 482 (7th Cir. 1999); Corder v. Lucent Technologies Inc., 162 F.3d 924, 926 (7th Cir. 1998); Hilburn v. Murata Electronics North America, Inc., 181 F.3d 1220, 1222 (11th Cir. 1999).  While it is possible that Moldenhauer's absence from work will disqualify her under the ADA, such a decision cannot be made on the basis of her Complaint.

### D.    Disability and reasonable accommodation

Tazewell also claims that Moldenhauer fails to allege that she "has a disability as defined in the Act"; and "fails to state a claim because there are no facts alleged to support the conclusion that a reasonable accommodation was requested or that a reasonable accommodation would have allowed [Moldenhauer] to perform her job, when she otherwise could not."

First, Moldenhauer clearly alleges that she has a disability under the Act.  Tazewell's one sentence contention to the contrary is unavailing.  Moldenhauer states that she was diagnosed with a "liver-pancreas problem", and "[i]n 1991, her common bile duct was surgically removed", and since then "she has suffered from chronic pancreatitis with acute flare-ups."  Tazewell points to no authority that chronic pancreatitis is not a disabling condition under the ADA as a matter of law.  Though it is possible that Moldenhauer's malady is not sufficient to qualify as a disabling condition under the ADA (and she will of course have the burden of proving that it is on the merits), she has sufficiently stated a

claim under the ADA.

Second, contrary to Tazewell's contentions, Moldenhauer *does* specifically state that she requested reasonable accommodation in that she sought time off "to treat her disabling condition." The fact that Moldenhauer does not specifically label this request as one for "reasonable accommodation" is not dispositive. A "reasonable accommodation" may include "job restructuring, part-time, or modified work schedules ... and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9)(B).

Furthermore, there is no requirement under the ADA that a person with a disability *request* reasonable accommodation before they are entitled to it under the Act. Under 42 U.S.C. § 12112(5)(A), "'discriminate' includes ... not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability ...." The only prerequisite to the provision of a reasonable accommodation is that a covered entity *know* about the qualified individual's disability, which Moldenhauer has clearly pled in her Complaint. Tazewell is simply incorrect when it assumes that Moldenhauer must plead that she asked for reasonable accommodation before the ADA can apply to her.

Finally, it is abundantly clear from Moldenhauer's Complaint that she believed she could adequately perform in her position with reasonable accommodation. The question seems to be whether time off was a reasonable accommodation and whether Defendants provided it. The fact that Tazewell believes that time off was not reasonable does not defeat her claim. Of course, if Tazewell or any Defendant can show that, *under the evidence produced*, Moldenhauer could not prove that she could have performed the essential functions of her position even without reasonable accommodation, summary judgment will

-10-

be appropriate.

### E.    Retaliation claim

Tazewell's final contention with Moldenhauer's ADA count is that, to the extent it can be read to contain a charge of retaliation, the claim should be dismissed because "there are no facts that Plaintiff was meeting her employer's legitimate expectations and there are no facts to support that other employees who were similarly situated were not subjected to adverse employment action."  Generally, a retaliation claim under the ADA is allowed if a person discriminates against an individual because they opposed an act or practice made unlawful by the ADA or participated in a proceeding under the ADA. 29 U.S.C. § 12203. The facts that Tazewell accuses Moldenhauer of failing to allege are part of the prima facie case of retaliation under the ADA.  *See* Stone v. City of Indianapolis, 281 F.3d 640 (7th Cir. 2002).  However, plaintiffs do not need to allege all the elements of a prima facie case discrimination in order to survive a motion to dismiss.  Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  Though Swierkiewicz concerned discrimination claims, its logic applies equally to claims of retaliation.

Nevertheless, we agree with Tazewell to the extent that it is unclear whether Moldenhauer is attempting to plead a claim of retaliation under the ADA *at all*. Moldenhauer certainly does not say that she is making such an attempt, and her claims appear to be limited to a claim of discrimination under 42 U.S.C. § 12112. In Moldenhauer's Response to Tazewell's Motion to Dismiss, she did not in any way respond to Tazewell's allegation that she failed to state a claim for retaliation under the ADA.  Accordingly, to the extent Moldenhauer was attempting to plead a claim of retaliation under the ADA's §

12203, it is dismissed without prejudice.[2]  If Moldenhauer desires to assert a claim under § 12203 for retaliation, she is granted leave to amend her Complaint.  She must do so within fourteen days of the entry of this Order, or her claim will be lost.

## II.    FMLA Claims

The FMLA entitles eligible employees to twelve workweeks of unpaid leave during any twelve-month period for serious health conditions.  29 U.S.C. § 2612(a)(1).  The statute contains prescriptive protections that are expressed as substantive statutory rights to prohibit interference with, restraint of, or denial of the exercise or attempt to exercise an employee's right to take leave, and gives employees a cause of action if such interference occurs.  29 U.S.C. §§ 2615(a)(1), 2617.  The FMLA also provides a remedy in the event that an employee is discriminated against for having exercised her rights under the Act.  29 U.S.C. § 2615(a)(1), (2).

### A.    Employment relationship

Both Tazewell and Pekin, and each of their respective employees named in the Complaint, argue that the FMLA does not apply to them here because they were not Moldenhauer's "employer" within the meaning of the FMLA.  "Employer" is defined under the FMLA with the same language as in the ADA, except 50 employees are required instead of 15.  29 U.S.C. § 2611(4)(A)(i).  However, the FMLA also borrows language from the Fair Labor Standards Act (FLSA), stating that the term "employer" includes "any person who

---

[2] The Court notes that this ruling does not in any way affect a claim by Moldenhauer for retaliation under § 2615 of the FMLA.  Though Moldenhauer did not specifically plead "retaliation" under the FMLA, her Complaint is sufficient to state a claim under that section.  In any event, no Defendant has suggested that Moldenhauer has failed to state a claim under that section.

acts, directly or indirectly, in the interest of an employer to any of the employees of such employer ...." Id. § 2611(4)(A)(ii)(I).  Pekin uses this language to argue *facts* that suggest it should not be considered Moldenhauer's employer because Pekin "did not control the method or manner of work of plaintiff, or plaintiff's day-to-day activities, or over any aspect of the employment alleged to have been violated."  For example, they state that they "did not hire or fire plaintiff, nor were they involved in plaintiff's alleged harassment or discharge," nor did they "set the amount of plaintiff's wages, or control plaintiff's assignment or placement at [TAZCOM], nor did they have the authority to do so."  However, Pekin cannot argue these facts at the motion-to-dismiss stage.  These are facts that, supported with appropriate evidence, might show that Pekin or Tazewell was not the employer on summary judgment.  As noted above, Moldenhauer alleges in her Complaint that the Pekin and Tazewell had significant control over Moldenhauer by virtue of the structure of TAZCOM.  Moldenhauer's allegations are sufficient to state a claim against both Pekin and Tazewell as employers.

Tazewell also argues that they should not be considered Moldenhauer's employer because "this Circuit dos not recognize the "integrated enterprise" test because it is too amorphous to be applied consistently.   The integrated enterprise test is a test that examined four factors to determine if a "nominal employer is part of an 'integrated enterprise' and in consequence not allowed to invoke the few-employees exemption" of the discrimination laws, including the ADA.  Papa v Katy Industries, Inc., 166 F.3d 937, 939 (7th Cir. 1999).  However, there is no hint in the Complaint that Moldenhauer is relying on the now discarded integrated-enterprise test to establish that Pekin and Tazewell were her employers.  Papa recognized that an entity can still be considered an employer when it

"formulated or administered the specific personnel policies, or directed, commanded, or undertook the specific personal actions of which the plaintiffs [complain]."   It is a permissible reading of Moldenhauer's Complaint that this is what she intends to prove.

Moldenhauer's theory is more similar to the concept of "joint employment," which the FMLA recognizes, and which Papa did not discuss.  The concept of "joint employment" is described under the Department of Labor's regulations implementing the FMLA:

> (a) Where two or more businesses exercise some control over the work or working conditions of the employee, the businesses may be joint employers under FMLA. Joint employers may be separate and distinct entities with separate owners, managers and facilities. Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as:
>
> (1)    Where there is an arrangement between employers to share an employee's services or to interchange employees;
>
> (2)    Where one employer acts directly or indirectly in the interest of the other employer in relation to the employee; or,
>
> (3)    Where the employers are not completely disassociated with respect to the employee's employment and may be deemed to share control of the employee, directly or indirectly, because one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. § 825.106 (2004).  As detailed above, for purposes of a motion to dismiss, the Complaint points to sufficient facts that suggest that Pekin and Tazewell had significant control over Moldenhauer's employment to be considered joint employers.

### B.    Serious medical condition

Tazewell claims that Moldenhauer failed to allege sufficiently that she has a "serious medical condition" as the FMLA defines that term.  "[S]erious medical condition" means "an illness, injury impairment, or physical or mental condition that involves … (A) inpatient

-14-

care in a hospital, hospice or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611. The Department of Labor has fleshed out these definitions in its regulations on the definition of "serious medical condition" under the ADA. 29 C.F.R. § 825.114 (2004). Moldenhauer's Complaint states a claim under subpart (a)(iii) of the Department's regulations for a "chronic serious health condition." That subpart requires that the health condition "(A) require[] periodic visits for treatment by a health care provider ..."; "(B) continue[] over an extended period of time ..."; "(C) ... cause episodic rather than a continuing period of incapacity ...." <u>Id.</u> § 825.114(a)(iii). Moldenhauer states that she suffers from "chronic pancreatitis with acute flare-ups" for which she is "occasionally hospitalized." Further, it is reasonable to infer from the Complaint that she has suffered from this condition continually since 1991. This is sufficient to claim a "serious medical condition" under the FMLA.

### C.　　Employer eligibility under the FMLA

TAZCOM argues that it is not an eligible employer under the FMLA because it has only twenty-two employers, and the FMLA defines "employer" as entities with fifty or more employees. 29 U.S.C. § 2611(4)(A)(i). However, as noted above, Moldenhauer has successfully stated a claim that TAZCOM, Tazewell, and Pekin were joint employers. The Court assumes that TAZCOM, Pekin, and Tazewell have more than fifty employees combined, and no Defendant makes a contrary argument.

Alternatively, Moldenhauer argues that, even considered separately, TAZCOM is a proper employer under the FMLA because there is no minimum number of employees for a "public agency." The relevant definition of "public agency" is "any agency of ... a political subdivision of a State ...." 29 U.S.C. § 2611(iii), 203(x). Given the facts alleged in

Moldenhauer's Complaint concerning the structure of TAZCOM, stated above, TAZCOM may be an agency of Pekin or Tazewell or both.  Of course, if Defendants can show through competent evidence that this is not the case, they can successfully pursue a motion for summary judgment.  Accordingly, TAZCOM cannot be dismissed at this stage because it had only twenty-two employees when Moldenhauer was fired.

### D.    Liability for individual, public-agency employees

The final question presented on Defendants' Motions to dismiss is whether there can be liability under the FMLA for individual defendants.  There is a split of authority among the circuit courts on the question of whether an individual public-agency employee can meet definition of "employer" under the FMLA.  *Compare* Mitchell v. Chapman, 343 F.3d 811, 825- (6th Cir.  2003) (holding there is no liability for individual public agency employees under the FMLA); Wascura v. Carver 169 F.3d 683, 685-87 (11th Cir.  1999) (same), *with* Darby v. Bratch, 287 F.3d 673, 681 (8th Cir.  2002) (finding individual public agency employees subject to liability under the FMLA).  Though the Seventh Circuit has yet to answer the question under the FMLA directly, it has found that Wascura rests on flawed reasoning and is inconsistent with the U.S. Supreme Court case of Hafer v. Melo, 502 U.S. 21 (1991).  Luder v. Endicott, 253 F.3d 1020, 1022 (7th Cir.2001).  Though the Court in Luder was examining the definition of employer under the Fair Labor Standards Act, the definitions are the same under each Act; therefore, the rationales should apply equally as well.  Accordingly, this Court finds that individual public agency employees may be liable under the FMLA.

In sum, the Court notes that fallacy at the heart of Defendants' Motions to Dismiss is a failure to understand the primary purpose of a plaintiff's complaint is to provide the

defendants with notice of the plaintiff's claim and the grounds on which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). *See also* Hemenway v. Peabody Coal Co., 159 F.3d 255, 261 (7th Cir. 1998) ("Complaints need not spell out every element of a legal theory; that's the big difference between notice and code pleading). Defendants seem to believe that Moldenhauer must allege facts that state with particularity, for example, why she believes Pekin and Tazewell were her employers, the extent of her disabling condition under the ADA and her serious medical condition under the FMLA, and various other propositions. However, Moldenhauer need not allege these facts and conclusions with particularity at this early stage — she need only allege them with enough specificity that the Defendants know what accusations they face. This she has done. If Defendants persist in their beliefs that Moldenhauer cannot prove one or more of her claims, a motion for summary judgment would no doubt be appropriate. At that stage, Moldenhauer's proof can be tested. Here, however, it is enough that Moldenhauer's Amended Complaint informs the Defendants of the allegations against them, and, if those allegations are true, that Moldenhauer is entitled to relief.

## CONCLUSION

For the reasons set forth above, Motion to Dismiss [#24] is DENIED in its entirety, and Motion to Dismiss [#28] is GRANTED IN PART and DENIED IN PART. The narrow issue on which Motion [#28] is granted is to the extent the Complaint attempts to plead a retaliation claim under the ADA. The Court has found that the Complaint does not allege retaliation under § 12203 of the ADA, if indeed that was the Plaintiff's intent. Moldenhauer has fourteen days from the entry of this Order to amend her Complaint to include such an allegation if she can do so in good faith. In all other respects, the Motion to Dismiss [#28]

-17-

is DENIED.  Defendant's are ordered to file an Answer within twenty days of the entry

Moldenhauer's Amended Complaint or within thirty-four days of the entry of this Order,

which ever date is sooner.  Further proceedings in this matter are referred to Magistrate

Judge Gorman.


ENTERED this 18th day of April, 2005


                                    s/ Michael M.  Mihm
                                 Michael M. Mihm
                              United States District Judge