UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CV-1169 |
| ) | |
| TAZEWELL-PEKIN CONSOLIDATED ) | |
| COMMUNICATIONS CENTER; CITY OF ) | |
| PEKIN; TAZEWELL COUNTY; STEVEN F. ) | |
| THOMPSON; DAVID TEBBEN; JAMES ) | |
| UNSICKER, ROBERT HUSTON; and ) | |
| TIMOTHY GILLESPIE, ) | |
| Defendants. ) | |

## MOTION TO HAVE FACTS DEEMED ADMITTED

Now come Defendants, TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; TAZEWELL COUNTY; STEVEN F. THOMPSON, JAMES UNSICKER, and ROBERT HUSTON, by their attorneys, MILLER, HALL, & TRIGGS, pursuant to Federal Rule of Civil Procedure 36(a), requests that the matters contained in defendants' request to admit be deemed admitted, stating as follows:

1. On May 3, 2006, pursuant to Federal Civil Procedure Rule 36, the Defendants properly served plaintiff Denise Moldenhauer with a Request To Admit. The request included three hundred and eight (308) statements of fact and thirty nine (39) documents. The Request To Admit Questions are attached as Exhibit 1.

2. By June 3, 2006, after thirty (30) days had passed, no response to the requests was received. On or about June 12, 2006, plaintiff belatedly served a two (2) page response to the Request To Admit. The response is attached as Exhibit 2. This late response essentially denied summarily or objected without explanation to the

majority of the requests. The response is inadequate and clearly beyond the thirty (30) day time limit.

3. Pursuant to Federal Rule of Civil Procedure 36(b) and <u>United States v. Kasuboski</u>, 834 F. 2d 1345, (7th Cir. 1987), all aspects of the Request To Admit should be deemed admitted. Fed. R. Civ. P. 36(a) clearly provides that a party **must** answer each matter for which an admission is requested within 30 days or the matter is deemed admitted. <u>US v. Kasuboski</u>, Id at 2.

4. Moreover, in <u>In re Heritage Bond Litigation</u>, 220 F.R.D. 624 (C.D. Cal. 2004), the defendants responded 12 days past the time required by Fed. R. Civ. P. 36(a), even though defendants were given two extensions of time to respond. Id. at 626. The court stated this lateness alone requires all requests to be deemed admitted. Id. However, the defendants requested the court to use its equitable powers to find its late response to be timely. Id. In declining defendant's request, the court noted it has discretion to relieve a party from apparent default of a request for admissions response. Id. The court stated its discretion "should be exercised only when necessary to relieve a party from default by the use of the admissions to obtain a summary or default judgment." Id.

5. Plaintiff in the case at bar did not seek an extension of time to respond to Defendant's Request To Admit, or timely respond. Because Plaintiff was late in her response, the matters in Defendants' Request To Admit should be deemed admitted. Further, this Court should not apply its equitable powers to allow Plaintiff's late response. Defendant is not seeking to use the admissions to obtain default or summary judgment. Instead, Defendant seeks to use the admissions for the purpose

for which Fed. R. Civ. P. 36(a) was promulgated – to narrow the issues for trial.  See id. at 626.

6. Additionally, although a party may object or deny a matter for lack of personal knowledge, the responding party must also indicate that he or she has made "reasonable inquiry" and that the information known by or readily available to the party is insufficient to enable the party to either admit or deny.  Lambert v. Owens, No.99 C 50076, 2002 U.S. Dist. LEXIS 14789, at *2 (N.D. Ill.  Aug. 9, 2002).  Reasonable inquiries to third parties may be necessary to comply with Fed. R. Civ. P. 36(a).  Id.  Objection based solely upon Plaintiff's lack of personal knowledge is improper and cannot be treated as a proper response.

7. Even if the Court in its discretion were to allow the late Response, Plaintiff's Response does not comply with Fed. R. Civ. P. 36(a) because it fails to specify Plaintiff made a "reasonable inquiry" as to objections made for lack of personal knowledge, nor does it state Plaintiff "neither admits or denies the facts for that reason".  Nearly half of Defendant's Request To Admit were denied by Plaintiff on the grounds that each "would be beyond her knowledge, information or belief," without indicating Plaintiff made any reasonable inquiry as the factual matters requested.  See Plaintiff's Response To Request To Admit at 2.   Further, Plaintiff's objection does not state she "neither admits nor denies", but simply objects to the admission, which is patently inadequate.   Plaintiff failed to indicate she made a reasonable inquiry; therefore, the matters are deemed admitted for noncompliance with Fed. R. Civ. P. 36(a).

8. In Plaintiff's late response she specifically objected to approximately one hundred and forty (140) requests without any explanation.  Fed. R. Civ. P.

36(a) specifically states that if an objection is made "the reasons therefore shall be stated", moreover:

> The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

No reasons were stated for any of the one hundred and forty objections. By way of example, in Request To Admit number eleven (11), the plaintiff was asked to admit that she was absent from work on January 31, 2001, because "she was not feeling well". Plaintiff's response to request number eleven was an unexplained "objection". The Rule 36(a) required plaintiff to make a "reasonable inquiry" into the request question and give a detailed reason for the objection. Plaintiff failed to comply with the Rule for Request eleven and all of the other one hundred and forty Requests to Admit.

**WHEREFORE,** the defendant prays that the Court enter an order deeming admitted all matters contained in Defendants' Request To Admit and for any further relief the Court deems proper.

                                      TAZEWELL-PEKIN CONSOLIDATED
                                      COMMUNICATIONS CENTER; TAZEWELL
                                      COUNTY, ILLINOIS; STEVEN F. THOMPSON,
                                      JAMES UNSICKER and ROBERT HUSTON,
                                      Defendants

                                      BY:    /s/ Darin M. LaHood

Patrick A. Murphey
Darin M. LaHood
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL  61602-1161
(309) 671-9600

4

## **CERTIFICATE OF SERVICE**

I served the foregoing **Motion to Have Facts Deemed Admitted** upon the attorneys of record by enclosing a copy of same in envelopes addressed as follows:

> Mr. John A. Slevin
> Vonachen, Lawless, Trager & Slevin
> 456 Fulton, Suite 425
> Peoria, Illinois  61602
>
> Mr. Bradford B. Ingram
> Heyl, Royster, Voelker & Allen
> 124 S.W. Adams, Suite 600
> Peoria, Illinois  61602

and by depositing said envelopes with first class postage fully prepaid in the United States mail at Peoria, Illinois on July 3, 2006.

Pursuant to 28 U.S.C. 1746, under penalty of perjury, the foregoing is true and correct.

Executed on July 3, 2006.

                                                   /s/ Darin M. LaHood