E-FILED
Friday, 14 July, 2006  04:20:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER,<br><br>    Plaintiff,<br><br>  vs.<br><br>TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; CITY OF PEKIN, ILLINOIS; TAZEWELL COUNTY, ILLINOIS; STEVEN F. THOMPSON; DAVID TEBBEN; JAMES UNSICKER; ROBERT HUSTON; and TIMOTHY GILLESPIE,<br><br>    Defendants. | Case No. 04-CV-1169 |

**RESPONSE TO MOTION TO HAVE FACTS DEEMED ADMITTED**

NOW COMES Plaintiff, DENISE N. MOLDENHAUER, by JOHN A. SLEVIN of VONACHEN, LAWLESS, TRAGER & SLEVIN, one of her attorneys, and in response to the Motion to Have Facts Deemed Admitted, and would show to the Court, as follows:

1.    Plaintiff would admit that she was properly served with a Request to Admit. The Request to Admit Questions *[sic]* are attached to the motion as Exhibit #1.

2.    That within the thirty day period of services of the request, Plaintiff dictated a Motion to Strike the request as being excessively broad by the sheer number, unduly burdensome and onerous to respond. The motion further requested that in the event this motion was denied, Plaintiff be given time to respond after the denial. For reasons Plaintiff's attorney is unable to explain, this motion was never typed and was not filed. After the due date, Plaintiff's attorney, while engaged in a conversation with either Patrick Murphy or Darrin LaHood, attorneys for the moving Defendants, inquired if they had received this motion, to which they stated they had not.

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Plaintiff's attorney then determined that the motion had not been transcribed and typed and that he was overdue in responding to the Request to Admit.

3. That Plaintiff's attorney then immediately met with the Plaintiff and prepared and filed a written response to the Request to Admit. In this response, Plaintiff admitted 152 requests, or approximately 50% of the 308 requests. She denied 30 requests, or approximately 10% of the requests.

4. As to the remaining 126 requests, she explained why she could not admit or deny these requests.

5. Plaintiff has filed herewith a Motion for Withdrawal or Amendment of Any Admission by Operation of Law. Granting this Motion to Withdraw or Amend and denying Defendants' Motion to Deem All Facts Admitted will not prejudice the Defendant and will permit the normal and just presentation of the case on the merits. See Fed.R.Civ.P. 36, Advisory Committee Notes which "emphasizes the importance of having the action resolved on the merits."

6. Numerous courts have determined that failure to timely respond to a Request to Admit does not make it obligatory on the court to deem the facts admitted. See *Walsh v. United States*, 206 U.S. Dist. LEXIS 30171 (Ed, MD, PA, 2006); *Danjanovich v. Robins,* 206 U.S. Dist. LEXIS 32660 (Dist. Ct. CD UT, 2006)(A party who failed to respond in a timely fashion allowed to amend where "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or a defense on the merits.")

7. The court sometimes will look at "excusable neglect." The Supreme Court in *Pioneer Inv. Serv. Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380 (1993), concluded that the determination of excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's admission. These include, as the Court of Appeals found,

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

2

the danger of prejudice . . . length of the delay and its potential impact on judicial proceedings, the reason for the delay . . . and whether the movant acted in good faith." *Id* at 395.

8. In its motion, these Defendants claim that it seeks to use the admission for the purposes of narrowing issues for trial. However, the Request to Admit deals with almost exclusively with the days Plaintiff was unable to work, what information she gave to the personal answering the call (which was admitted), and what information the person to whom Plaintiff spoke in turn passed on to the director, Steve Thompson (to which Plaintiff objected because they were beyond her knowledge, information and belief). What may appear on the internal records of TazCom, or what Steve Thompson claims was told to him (which is likely hearsay) is not relevant to the issues in this litigation. The issue is whether Denise Moldenhauer was a disabled person and whether she was improperly denied benefits under the Family Medical Leave Act.

9. Defendants claim that Plaintiff's objection to what Steve Thompson was told about the Plaintiff's absence or what the departmental records state the reason Plaintiff gave for her absence are inadequate because it fails to state that Plaintiff has made a reasonable inquiry as to the factual matters requested. It would be virtually impossible to make a reasonable inquiry to determine what Steve Thompson was told by the person who answered the phone when Denise called in sick. Nor would it be feasible to make reasonable inquiry as to the content of TazCom's departmental records. Plaintiff has seen, in response to a Request to Produce, her entire personnel file, which contained approximately 1,500 documents. These did not contain TazCom's departmental records. Where Plaintiff is charged with the responsibility of making a reasonable inquiry before objections made for lack of personal knowledge, the rule cannot require such inquiry where the exclusive source of such knowledge is in the mind of the defendant, or the

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

3

internal records of the defendant. This would be the equivalent of Plaintiff requesting Defendant to admit what Plaintiff was thinking when she called in sick on such and such a day.

10. Defendants claim in their motion that Plaintiff objected to approximately 140 requests without explanation. In fact, she objected to 120 requests, but for each of them gave a complete explanation. Defendant asserts that no reasons were stated for any of the 140 *[sic]* objections and states "by way of example in Request to Admit #11, the Plaintiff was asked to admit that she was absence from work on January 31, 2001, because 'she was not feeling well.'" Request #11 actually reads:

> TPCCC departmental records state that the reason Plaintiff gave for her absence was that she was "not feeling well at all."

Plaintiff objected to this and gave the reason that was set forth in #3 of her response that she could not admit or deny information that appeared on the internal records of the Defendant TazCom.

WHEREFORE, Plaintiff prays that this Court deny Defendants' request to enter an Order deeming admitted all matter contained in Defendants' Request to Admit.

DENISE N. MOLDENHAUER, Plaintiff

By:      s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton, Suite 425
Peoria, IL 61602
Ph:    (309) 676-8986
Fax:   (309) 676-4130

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

4

## PROOF OF SERVICE

STATE OF ILLINOIS )
                              ) SS.
COUNTY OF PEORIA )

The undersigned attorney hereby certifies that the original of the foregoing **RESPONSE TO MOTION TO HAVE FACTS DEEMED ADMITTED** was filed electronically with the Clerk of the U.S. District Court, Central District of Illinois, and a copy of same was served electronically or delivered by other means upon the attorneys of record, as follows:

| | |
|---|---|
| Jeffrey E. Krumpe | Bradford B. Ingram |
| Patrick A. Murphey | John K. Kim |
| Darin M. LaHood | Heyl, Royster, Voelker & Allen |
| Miller, Hall & Triggs | Miller, Hall & Triggs |
| 416 Main Street, Suite 1125 | 124 S.W. Adams, Suite 600 |
| Peoria, IL 61602 | Peoria, IL 61602 |
| **Counsel for Tazewell-Pekin Consolidated Communications Center; Tazewell County, Robert Huston; Steven Thompson; & James Unsicker** | **Counsel for City of Pekin, David Tebben & Timothy Gillespie** |

on the 14th day of July, 2006.

                                                                s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602-1240
Ph:    (309) 676-8986
Fax:   (309) 676-4130

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

o:\jas\clients\moldenhauer\resp to mot to have facts deemed admitted

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986