UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Denise Moldenhauer,                         )
                Plaintiff      )
                               )
                               )      Case No. 04-1169
                               )
Tazewell-Pekin Consolidated                 )
Communications Center, et al,               )
                Defendants     )

**ORDER**

Now before the Court is the defendants' motion to have certain facts deemed admitted (Doc. #58) and the plaintiff's motion for Withdrawal or Amendment of Any Admission by Operation of Law (#61). For the following reasons, the Motion to Have Facts Admitted is denied and the Motion for Withdrawal or Amendment is granted in part.

Defendants served Plaintiff with a Request to Admit, consisting of 308 statements, on May 3, 2006. The response was not served until June 12. The response contained denials and objections. According to Defendants, the response is deficient in two respects: it was served late and the denials and objections do not meet the standards imposed by Fed.R.Civ.P. 36.

Plaintiff does not dispute that her response was late. Counsel for Plaintiff states that he dictated a Motion to Strike the Request on the grounds of its excessive breadth and undue burden; in that same motion, he requested additional time to respond if the motion were denied. Counsel goes on to state that "[f]or reasons Plaintiff's attorney is unable to explain, this motion was never typed and was not filed." It was not until after the due date that he learned of the problem. Immediately he met with his client and filed a 2 page

response to the Request. He simultaneously filed the motion to withdraw or amend any admission that might have resulted by operation of law.

Courts generally agree that a Request to Admit is not a technique for conducting fact discovery, although it is clear that such Requests fall within the "Discovery" section of the Federal Rules of Civil Procedure. For case-scheduling purposes, I consider such Requests to be governed by the schedule for discovery. See, Gluck v. Ansett Australia, Ltd, 204 F.R.D. 217 (D.C.D.C.2001).

The purpose of a request to admit is two-fold: to narrow the issues for trial by identifying and eliminating the issues on which the parties agree; and to facilitate proof of issues that cannot be eliminated. See, Gardner v. Southern Rwy. Systems, 675 F.2d 949, 954 (7th Cir. 1982). Accord, Langer v. Monarch Life Ins. Co., 966 F.2d 786, 803 (3d Cir. 1992); American Automobile Assoc. v. AAA Legal Clinic, 930 F.2d 1117, 1121 (5th Cir. 1991); Asea Inc. v. Southern Pacific Transport Co., 669 F.2d 1242, 1245 (9th cir. 1981).

As the Seventh Circuit has noted, admissions, in some ways, are like sworn testimony: "Once one is made, there is no need to revisit the point. Under Rule 36(b), matters admitted are 'conclusively established.'" Banos v. City of Chicago, 398 F.3d 889, 892 (7th Cir.2005). Nonetheless, a court has discretion to allow a party to rescind admissions when doing so "better serves the presentation of the merits of the case and the party who benefits from the admissions (usually by relying on them) is not prejudiced." Id.

In the exercise of my discretion, I find that allowing plaintiff to rescind any admissions better serves presentation of this case on the merits. In addition, I conclude that there is no prejudice to defendant that cannot be cured by ordering Plaintiff to provide a complete and legally sufficient response to the original request.

Under the scheduling order in this case, discovery closed on May 31. The service of the Request to Admit on May 3 did not give plaintiff the full 30 days to which she was entitled for formulation and service of a response thereto. In other words, the Request itself was untimely, another basis for denying the defendants' Motion to Deem Facts Admitted.

Accordingly, the Motion to Deem Facts Admitted is denied and the Motion to Amend the Response to the Request to Admit is allowed. Plaintiff is directed to serve responses to the Request to Admit within 14 days of the date of this order. The Court will not consider blanket objections to the Request to Admit as a whole, deeming Plaintiff to have waived any such objections by the late response. The Court will consider objections as well as denials or claims of lack of knowledge that are individually tailored to each Request and are legally and/or factually supported, as required by Fed.R.Civ.P. 36.

This case remains set for Final Pretrial Conference before Judge Mihm on November 16, 2006 and for jury trial before Judge Mihm on December 4, 2006.

ENTER this 14th day of August 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE