E-FILED
Tuesday, 15 August, 2006  04:22:23 PM
Clerk, U.S. District Court, ILCD

CORPORATE BY-LAWS

TAZEWELL/PEKIN CONSOLIDATED COMMUNICATIONS CENTER

These By-Laws have been approved and recommended by the Corporate authorities of the County of Tazewell, Illinois and the City of Pekin, Illinois, and are now adopted as the Corporate By-Laws of the Not-for-Profit Corporation known as Tazewell/Pekin Consolidated Communications Center (Hereinafter TPCCC).

ARTICLE I - PURPOSE

TPCCC is a cooperative venture voluntarily established by the County of Tazewell, Illinois, (hereinafter Tazewell) and the City of Pekin, Illinois, (hereinafter Pekin) pursuant to Article VII, Section 10 of the 1970 Constitution of the State of Illinois for the following purposes: (1) Providing the equipment, services, and other items necessary and appropriate for the establishment, operation, and maintenance of a joint public safety communications system for the mutual benefit of Tazewell and Pekin; (2) Providing such services on a contract basis to other governmental units or other public entities within or near Tazewell County; and (3) Providing a forum for discussion, study development, and implementation of recommendations regarding public safety communications and criminal justice within Tazewell County, Illinois.

ARTICLE II - PARTICIPATION

A. Tazewell and Pekin are the members of TPCCC and shall participate fully in it. In addition, other local government units and other public entities within or near Tazewell County, Illinois are eligible for limited participation in TPCCC on a contract basis, at the discretion of TPCCC.

B. TPCCC shall begin operation upon the execution of the joint public safety communications system agreement creating and establishing TPCCC and the incorporation of a Not-for-Profit Corporation TPCCC by the Illinois Secretary of State.

ARTICLE III - ORGANIZATION

A. BOARD OF DIRECTORS

1. Membership. The Board of Directors shall consist of the Mayor of Pekin, the Chairman of the Tazewell County Board, the Sheriff of Tazewell County, and the Pekin Chief of Police, or a designated alternate appointed in writing for any of the foregoing members.

2. Chairman. The Chairman of the Board of Directors shall be either the Sheriff of Tazewell County or the Pekin Chief of Police, and shall have the administrative powers mentioned in Section B of this Article III.

Exhibit L

- 2 -

3. Meetings.

a. Regular meetings of the Board of Directors shall be held in January and July of each year. The January meeting will be the annual meeting. The time, date and place of such regular meetings shall be determined by the Chairman, who shall give ten (10) days' notice of said meetings to members of the Board of Directors, including in said notice an agenda. (The business at such meetings shall not be limited to the agenda).

b. Special meetings may be held at (a) the call of the Chairman, or (b) the call of any two (2) members of the Board of Directors. The time, date and place of such special meetings shall be determined by the Chairman of the Board of Directors, who shall give forty-eight (48) hours' written notice to the members of the Board, including an agenda for the meeting. Only items appearing on the agenda may be considered at the meeting.

c. Notice. Notice of the meetings of the Board of Directors shall be as required under "Act in Relation to Meetings" Illinois Revised Statutes, Chapter 102, Section 41 and following.

4. Quorum and Voting.

a. Three (3) members of the Board of Directors shall constitute a quorum.

b. Each member of the Board of Directors shall have one (1) vote.

c. No action can be taken by the Board of Directors without the concurring votes of at least three (3) members of the Board.

5. Duties of the Board of Directors.

a. To determine the general policies of TPCCC.

b. To make all administrative decisions concerning development, efforts, operation, cost sharing, expenditure approval, and utilization of personnel and equipment of TPCCC; all subject to the purposes of TPCCC, the policies set for TPCCC, and the budgetary limits of TPCCC fixed by the annual budget.

c. To authorize the Chairman of the Board of Directors to enter into contracts and other agreements consistent with the purposes of TPCCC, in the name of and on behalf of TPCCC, only in amounts up to $500.00, and only when appropriate funds are available under the annual budget.

d. To select by resolution banks as depositories for funds of TPCCC.

e. To hire auditors for an annual audit of the financial affairs of TPCCC at the end of each fiscal year, and to provide for such report being delivered to Tazewell and Pekin and to any municipality contracting for services from TPCCC at any time during the fiscal year covered by the audit.

Exhibit L

- 3 -

f. To control all expenditures within the approved budget.

g. To prepare an annual report of its activities for submission to Tazewell and Pekin and any municipalities or other bodies contracting for services from TPCCC.

h. To prepare a proposed annual budget for submission to Pekin and Tazewell at least sixty (60) days before the beginning of TPCCC's fiscal year, and to addopt said budget as approved by Tazewell and Pekin.

i. To contract with other governmental units or public entities within or near Tazewell County for the use of TPCCC facilities, equipment and services, and establish appropriate charges therefore.

B. CHAIRMAN OF THE BOARD OF DIRECTORS

1. The Chairman of the Board of Directors shall be either the Sheriff of Tazewell County or the Pekin Police Chief. The Chairman shall also be the Treasurer. Whichever of these two people is not Chairman shall be the Vice-Chairman and shall a-sume the responsibilities of the Chairman when the Chairman is unable to act. The Vice-Chairman shall also be the Secretary.

2. The Chairman of the Board of Directors shall be responsible for the day-to-day operation of TPCCC.

ARTICLE IV - FINANCES

A. The fiscal year of TPCCC shall begin ~~December 1~~ may 1 and end ~~November 30~~ April 30.

B. An annual budget shall be prepared by the Board of Directors and submitted to Tazewell and Pekin at least sixty (60) days before the beginning of the TPCCC's fiscal year. Upon approval by the authorities of Tazewell and Pekin, the budget shall be adopted by the Board of Directors. Copies of the adopted budget shall be delivered to all municipalities or bodies contracting for services from TPCCC.

C. The annual contributions of Tazewell and of Pekin shall be established in the budget.

D. Tazewell and Pekin shall each take all required actions to authorize and provide the funds necessary to meet their obligations under these By-Laws and the budget.

ARTICLE V - LIABILITY

Except as otherwise provided by individual contracts, Tazewell and Pekin shall be liable for the debts and liabilities of TPCCC in the same ratio as the ratio

Exhibit L

- 4 -

of the annual contributions of Tazewell and Pekin. Persons or companies contracting with TPCCC cannot rely upon the assets of parties beyond the charges or the single current annual contribution amount previously agreed to by the party. Tazewell and Pekin each hereby indemnifies and holds harmless the other party for any loss, costs, or expense that may be imposed upon the other party in excess of the other party's proportionate liability, if such loss, costs, or expense was caused by the willful misconduct of the party.

### ARTICLE VI - WITHDRAWAL, TERMINATION, DISSOLUTION

A. Tazewell or Pekin may at any time after the first year of this agreement give written notice to the other of withdrawal from this venture. The non-payment of cost-sharing charges or the refusal or failure of either member to approve the proposed budget or to make its annual contribution shall constitute notice of withdrawal.

B. Upon any such notice of withdrawal: (1) withdrawal shall not take effect before the end of the current fiscal year, and in no event sooner than ninety (90) days from the date of such notice of withdrawal. (2) Upon withdrawal, the withdrawing party shall continue to be responsible for (a) one hundred percent (100%) of its pro rata share of any authorized unpaid capital or system development costs; (b) its share of the operational costs to the date that the withdrawal takes effect; and (c) any contractual obligations it has separately signed with TPCCC.

C. Withdrawal by either party shall constitute termination of the Joint Public Safety Communications System Agreement and shall constitute dissolution of the Not-for-Profit Corporation. Upon such termination and dissolution, all assets of TPCCC shall be distributed to the parties in the same proportion they provided local funds, used to match other funds, all of which were used to purchase such assets.

### ARTICLE VII - AMENDMENTS

These By-Laws may be amended by the Board of Directors, on the concurring vote of three (3) of said Board members, provided the amendment has been submitted in writing to all members of the Board of Directors at least thirty (30) days prior to amendment by the Board, except amendments to Article IV (Finances) may not be made without prior approval of and recommendation by the corporate authorities of Tazewell and Pekin.

Exhibit L

- 5 -

## ARTICLE VIII - PARLIAMENTARY AUTHORITY

All matters not covered by these By-Laws shall be governed by <u>Roberts' Rules of Order</u>.

Exhibit L

TAZEWELL/PEKIN COMBINED COMMUNICATION CENTER

JOINT PUBLIC SAFETY COMMUNICATIONS SYSTEM AGREEMENT

This agreement is entered into by the County of Tazewell, Illinois (hereinafter Tazewell) and the City of Pekin, Illinois, (hereinafter Pekin).

    A. There is a need by local governments within Tazewell County for a centralized public safety communications system.

    B. Such a public safety communications system would be of value to the parties individually and mutually.

    C. A centralized public safety communications system can adequately serve the needs of the local governments within Tazewell County.

    D. Article VII, Section 10 of the 1970 Constitution of the State of Illinois authorizes joint exercise by two or more local governments of any power common to them.

    E. It is the desire of the parties to jointly provide for and maintain a centralized public safety communications system for their mutual advantage and concern.

    NOW, THEREFORE, it is agreed by the parties as follows:

    1. <u>Venture established</u>. Pursuant to the joint powers authorization of the Illinois Constitution, the parties hereby federate together in a cooperative venture for the joint and mutual operation of a centralized public safety communication system, to be known as "Tazewell/Pekin Combined Communication Center", (hereinafter TPCCC), and said venture shall be incorporated as a Not-for-Profit Corporation pursuant to the Illinois General Not-for-Profit Corporation Act.

    2. <u>By-Laws</u>. TPCCC shall be subject to and shall be governed by certain corporate By-Laws, adopted by the Not-for-Profit Corporation, following approval of and recommendation by the corporate authorities of Tazewell and Pekin.

    3. <u>TPCCC Participation</u>. Tazewell and Pekin are the members of TPCCC and are entitled to the rights and privileges, and subject to the obligations, of membership. Limited participation may be conferred upon other local governments which contract to receive services from TPCCC, to the extent that such limited participation is authorized by the By-Laws of TPCCC.

Exhibit L

- 2 -

4. **Termination**. The right of the parties to terminate this agreement will be that specified in the By-Laws.

5. **Powers**. TPCCC shall have the power, in its own name, to enter into contracts; to acquire, hold and dispose of property, both real and personal; and to incur debts, liabilities, or obligations necessary for the accomplishment of its purpose, provided no such contract, purchase, debt, liability or obligation shall be binding upon Tazewell or Pekin except those which are incurred in a manner authorized by the By-Laws and consistent with the annual budget of TPCCC. TPCCC shall not have the power to eminent domain or the power to levy and collect taxes.

6. **Amendment**. This agreement may not be amended, except by written agreement and resolution of the corporate authorities of Tazewell and Pekin. Nor may those portions of the By-Laws of the Not-for-Profit Corporation which relate to finances be amended without prior approval by and recommendation of said corporate authorities.

7. **Authorizing Ordinance**. Prior to the execution of this agreement, Tazewell and Pekin shall deliver to each other certified copies of ordinances or resolutions authorizing and directing the execution of this agreement and approving the corporate By-Laws.

8. **Additional Membership**. The parties to this agreement do not foresee additional municipalities becoming signatory hereto. It is, however, agreed that TPCCC may contract services to other governmental entities.

9. **Effective Date**. This agreement shall become effective when signed by the proper authorities of Tazewell and Pekin.

IN WITNESS WHEREOF, the undersigned have set their signature on this 7th day of July, 1976. This document shall be signed in duplicate originals.

COUNTY OF TAZEWELL
BY: _____
CHAIRMAN, Tazewell County Board

ATTEST:
_____
County Clerk
July 22, 1976
Date

CITY OF PEKIN
BY: _____
Mayor of Pekin

ATTEST:
_____
City Clerk
7/7/76
Date

Exhibit L