08/15/2006 15:02 FAX 309 671 9616    MILLER HALL & TRIGGS                    ☐ 002/005

E-FILED
Tuesday, 15 August, 2006 05:01:37 PM
Clerk, U.S. District Court, ILCD

## AFFIDAVIT OF STEVEN F. THOMPSON

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the following statements are true and correct:

1. I am an adult and have personal knowledge of the facts contained in the affidavit.

2. I am the Executive Director of the Tazewell-Pekin Consolidated Communications Center (T/PCCC) and have held that position for all relevant time periods for purposes of the Complaint.

3. As Executive Director of T/PCCC I am the Custodian of Records and Registered Agent for the Corporation.

4. I am personally familiar with the facts and background associated with Complaint filed by Plaintiff Denise Moldenhauer, who was a former employee of T/PCCC.

5. As part of my job duties as Executive Director of T/PCCC I was the supervisor of Plaintiff Moldenhauer through 2003.

6. As part of my job duties as Custodian of Records and Registered Agent for the Corporation I am familiar with T/PCCC's Articles of Incorporation and By-Laws, and its current registration with the Illinois Secretary of State.

7. As part of my job duties I am familiar with and have knowledge that T/PCCC was incorporated to provide emergency communications services to the citizens of Tazewell County in 1976, following an intergovernmental agreement between the Tazewell County Board of Supervisors and the City of Pekin's City Council dated July 7, 1976 to establish a combined communications center to serve residents of both

the City and County, and emergency services providers, by providing emergency - 911 communications and dispatch services within Tazewell County.

8. As part of my job duties I am familiar with and have knowledge that pursuant to the Illinois General Not For Profit Corporation Act, T/PCCC's By-Laws provide for a perpetual Board of Directors of four individuals, specifically the individuals elected and/or currently serving as the Sheriff of Tazewell County, the Chairperson of the Tazewell County Board of Supervisors, the Mayor of the City of Pekin, and the Chief of Police of the Pekin Police Department, or any persons they might designate to serve on the Board of Directors of T/PCCC in their place respectively.

9. As part of my job duties I am familiar with T/PCCC's standard operating procedure for receiving sick calls from its employees.

10. As part of my job duties I am familiar with the sick card notifications that were submitted by Plaintiff Moldenhauer during her employment with TPCCC. I am also familiar with the attendance calendars that were kept for Plaintiff Moldenhauer during her employment. Both the sick card notifications and the attendance calendars were maintained by T/PCCC in the normal course of its business.

11. As part of my job duties I am familiar with and have knowledge that on April 26, 2002, I issued Plaintiff a written reprimand for excessive absences from work

12. As part of my job duties I am familiar with and have knowledge that on May 16, 2002, I issued Plaintiff a one day disciplinary suspension for continued absenteeism, after first meeting with Plaintiff in a pre-disciplinary meeting May 15.

13. The attached document identified as Exhibit A is true and accurate copy of T/PCCC's Articles of Incorporation, By-Laws and the Intergovernmental Agreement establishing T/PCCC.

14. The attached documents identified as Exhibit B are true and accurate copies of Plaintiff Moldenhauer's sick cards and attendance records. These copies were kept in the normal course of business.

15. The attached document identified as Exhibit C is a true and accurate copy of the standard operating procedure for T/PCCC's sick call in policy.

16. The attached document identified as Exhibit C is a true and accurate copy of the standard operating procedure for T/PCCC's sick call in policy.

17. The attached document identified as Exhibit D is a true and accurate copy of T/PCCC's Employer Conduct Rule 227 which addresses employee attendance.

18. As part of my job duties I am familiar with and have knowledge that April 24, 2003 is the date of Plaintiff's discharge. T/PCCC did not employ any employees in excess of 23 in any payroll period after April 24, 2003 through December 31, 2003, or to date

19. As part of my job duties I am familiar with and have knowledge that Plaintiff was subject to progressive disciplinary actions for patterned and excessive absenteeism, commencing with a first warning and reprimand in 1998.

20. As part of my job duties I am familiar with and have knowledge that any employee who was scheduled to work and wanted to take sick leave must call T/PCCC and speak to the Shift Supervisor on duty, who is to complete a sick time card. The supervisor is instructed to document the person calling, time and date of the call, hours to be missed, inquire into and document the reasons given for the absence, and sign the card, which is then directed to me. Further, T/PCCC's Rules at ¶227 "Illinois/Condition (Physical/Mental) Sick Leave", address requirements for employee notice, and verification of absences because of the inability to perform.

DATED: Aug 15, 2006

_____
Steven F. Thompson, Executive Director of T/PCCC

Subscribed and sworn to before me
this 15 day of August , 2006.

_____
Notary Public

**OFFICIAL SEAL
PAULA S GENSEL
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/17/09**

4