UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER,                    )<br>                            Plaintiff,    )<br>                                   )<br>vs.                                                              )       Case No. 04-CV-1169<br>                                   )<br>TAZEWELL-PEKIN CONSOLIDATED        )<br>COMMUNICATIONS CENTER; CITY OF    )<br>PEKIN; TAZEWELL COUNTY; STEVEN F. )<br>THOMPSON; DAVID TEBBEN; JAMES    )<br>UNSICKER, ROBERT HUSTON; and       )<br>TIMOTHY GILLESPIE,                              )<br>                                Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT**

Defendants, Robert Huston, James Unsicker and Steven Thompson, by their attorneys, move for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's scheduling order in accordance with Rule 7.1-1.

**Introduction**

Plaintiff in count II of the Complaint seeks to maintain claims against Defendants Thompson, Huston and Unsicker as individuals under the Family Medical Leave Act (FMLA). Huston and Unsicker, as individuals, move for judgment as a matter of law with respect to the FMLA claims and the claim that TPCCC is not an employer stated in count II and the FMLA retaliation claim in count III. As a matter of law, Huston and Unsicker are immune from liability because they are unpaid volunteers of a not for profit corporation (T/PCCC). As unpaid members of T/PCCC Board of Directors they are immune from FMLA liability by reason of the federal Volunteer Protection Act (VPA). The VPA, enacted in 1998, specifically immunizes individuals who voluntarily provide

services to a governmental entity or nonprofit corporation. Based on the VPA, Huston and Unsicker cannot be held liable for the FMLA claim pled in count II, or the FMLA retaliation claim pled in count III.

Plaintiff seeks, in count III of the Complaint, to maintain claims against defendants Huston, Unsicker, and Thompson as individuals for retaliation under the Americans With Disabilities Act (ADA) and FMLA. Huston, Unsicker, and Thompson, as individuals, move for judgment as a matter of law with respect to the ADA claims stated in count III. As a matter of law Huston, Unsicker, and Thompson are not subject to individual liability under the ADA. These Defendants also join in the Motion for Summary Judgment filed contemporaneously by Tazewell County and T/PCCC relative to the ADA claims on the basis they were not named or served with charges filed with EEOC, the charge filed did not allege retaliation, is untimely as to acts occurring more than three hundred (300) days before August 18, 2003, and Plaintiff is not a qualified individual with a disability under the ADA.

## Statement of Material Undisputed Facts

The Defendants adopt and incorporate the Statement of Undisputed Material Facts from the Motion for Summary Judgment filed by T/PCCC and Tazewell County. In addition:

1.   The Board of Directors of T/PCCC serve in that capacity without compensation from the T/PCCC (Huston Dep., page 24, Tebben Dep. 23,24).

**Argument**

**Count II**

1. The VPA Precludes Liability under the FMLA

The VPA provides: No volunteer of a nonprofit organization or governmental entity shall be liable for harm caused by an act or omission of the volunteer on behalf of the organization or entity if--

(a) the volunteer was acting within the scope of the volunteer's responsibilities in the nonprofit organization or governmental entity at the time of the act or omission;

(b) if appropriate or required, the volunteer was properly licensed, certified or authorized by the appropriate authorities for the activities or practice in the State in which the harm occurred, where the activities were or practice was undertaken within the scope of the volunteer's responsibilities in the non-profit organization or governmental entity;

(c) the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer; and

(d) the harm was not caused by the volunteer operating a motor vehicle, vessel, aircraft, or other vehicle for which the State requires the operator or the owner of the vehicle, craft, or vessel to possess an operator's license or maintain insurance. 42 U.S.C. § 14503(a) (1)-(4).

In count II of the Complaint, plaintiff demands that Huston and Unsicker be held personally liable under the FMLA for their role in events as members of T/PCCC's Board of Directors. The plaintiff is seeking economic damages from Huston and Unsicker as individuals. However, both Huston and Unsicker are volunteer members of the T/PCCC board. In their roles as volunteer members of the board, they serve in an unpaid capacity. While they are both elected officials, they had a voluntary option, once they were elected, whether to serve on the T/PCCC board, or designate a third party to serve. Their status as voluntary members of the T/PCCC board clearly qualifies them as protected by the VPA.

The VPA applies to any claim for harm caused by an act or omission of a volunteer to a non profit organization or government entity. 42 U.S.C. § 14501Hist. and Stat. Notes (b) (emphasis added).

In Armendarez v. Glendale Youth Center Inc., 265 F.Supp.2d 1136, D.Ariz., 2003, the Court ruled that the VPA precludes liability under State or federal law against volunteers serving on the Board of a nonprofit corporation, including liability under the Fair Labor Standards Act. The Court's ruling was based on the plain language of the above statute and the legislative history of the VPA. The Court specifically held that the VPA preempts individual liability for volunteer members of a non-profits board from state law, and more importantly, precluded liability under the Fair Labor Standards Act. Id at 1359.

The VPA contains several specific limitations on liability. These limitations on the immunity of a volunteer under the VPA include both state and federal laws. For example, the limitations on liability shall not apply to misconduct that: (1) constitutes a

4

crime of violence as defined in section 16 of Title 18 or an act of terrorism as defined in section 2331 of Title 18; or (2) "involves misconduct for which the defendant has been found to have violated a federal or state civil rights law." See 42 U.S.C. § 14503(f)(1)(A), (D). In the present case the plaintiff has made no allegations that Huston or Unsicker engaged in criminal behavior or conduct that violated civil rights.

Defendants Huston and Unsicker conclude that, as held in Armendarez, *supra*, the VPA applies to Plaintiff's FMLA claim and thus there can be no liability asserted against Huston and Unsicker as individuals, as asserted in counts II and III of the Plaintiff First and Second Amended Complaint. Their status as voluntary members of the T/PCCC board clearly qualifies them for VPA protection from liability.

### COUNT III

As a matter of law Huston, Unsicker, and Thompson are not subject to individual liability under the ADA.

Individuals who do not independently meet the ADA's definition of "employer" cannot be held liable under the Americans with Disabilities Act (ADA). This is a pure question of law. EEOC v. AIC Security Investigations, Ltd., 55 F.3d 1276, 1279-82 (7th Cir.1995). There, sole shareholder of the employer being sued under ADA was not subject to individual liability. Id. at 1276. The Court specifically held that individuals who do not otherwise meet the statutory definition of "employer" cannot be liable under the ADA. Id at 1282. The Court's ruling that there was no "individual" liability was solely based on the ADA's definition of "employer," which includes an employer's agents. Id. That definition was based on a simple statutory expression of traditional *respondeat superior* liability and imposes no individual liability on agents. *Id.* at 1281.

5

The holding in *AIC Security* applied directly to the ADA.  See also, *EEOC v. Williams V. Banning,* 72  F.3d 552, (7th Cir.1995)

In the present case, the undisputed facts show that Thompson is an employee of TPCCC and serves as its executive director.   Huston and Unsicker, are both individual volunteers serving on the T/PCCC Board.  As executive director and voluntary members of the Board, there is no statutory basis to support ADA liability against Thompson, Huston, or Unsicker.

 

TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; TAZEWELL COUNTY, ILLINOIS; STEVEN F. THOMPSON, JAMES UNSICKER and ROBERT HUSTON, Defendants

By     /s/  Darin LaHood
       Darin M. LaHood
       For Miller, Hall & Triggs

Patrick A. Murphey
Darin M. LaHood
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL  61602-1161
(309) 671-9600

7