E-FILED
Thursday, 31 August, 2006  11:45:14 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

DENISE N. MOLDENHAUER,

        Plaintiff,

  vs.

TAZEWELL-PEKIN CONSOLIDATED
COMMUNICATIONS CENTER; CITY OF
PEKIN, ILLINOIS; TAZEWELL COUNTY,
ILLINOIS; STEVEN F. THOMPSON;
DAVID TEBBEN; JAMES UNSICKER;
ROBERT HUSTON; and TIMOTHY
GILLESPIE,

      Defendants.

Case No. 04-CV-1169

## RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT
## OF EACH DEFENDANT

NOW COMES Plaintiff, DENISE N. MOLDENHAUER, by JOHN A. SLEVIN of

VONACHEN, LAWLESS, TRAGER & SLEVIN, one of her attorneys, and in response to the

Motions for Summary Judgment filed by each Defendant, states as follows:

### I.     INTRODUCTION

Plaintiff's response deals only with the denial of her rights under the Family Medical

Leave Act and her discrimination by being fired as a result of not being afforded those rights.

She is withdrawing her claim under the ADA (Count I and a portion of Count III) and therefore

will not address those issues as raised by Defendants' Motion for Summary Judgment.

As to her rights under the Family Medical Leave Act, the Defendants are not entitled to a

summary judgment for the reasons herein set forth.

### Overview

Denise Moldenhauer was employed by the City of Pekin ("Pekin") in its communication

department referred to as Tazewell Pekin Consolidated Communications Center (TPCCC).

**VONACHEN,
LAWLESS, TRAGER
& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Although TPCCC was a not-for-profit corporation that was founded pursuant to an agreement between the County of Tazewell ("Tazewell") and the City of Pekin, Pekin consistently considered TPCCC to be a component unit of the City of Pekin. This was as reported in the annual statement by independent auditors to TPCCC and the City of Pekin. Throughout Plaintiff's employment with the City of Pekin, numerous documents were filed by various officers of the City of Pekin or of TPCCC reflecting that she was a City of Pekin Employee.

Moldenhauer had a serious health condition as defined by the FMLA. She suffered from acute pancreatitis, which is and can be very debilitating. The cause of her pancreatitis was a congenital abnormality called a choledochal cyst. This was explained in a letter from her doctor, which was received by TPCCC's then Assistant Director Thompson in June of 1991.

As a result of her pancreatitis, Moldenhauer increasingly missed a number of days from work. In 1999, she was given a leave under the Family Medical Leave Act, not for pancreatitis, but for the bereavement resulting from the death of her only child, a 19 year old daughter.

When her pancreatitis became progressively worse in 2002, Moldenhauer missed a number of days from work. When told she could have no more time off, Moldenhauer filed a written request to invoke her rights under the Family Medical Leave Act. Although this was given to then Director Thompson, Plaintiff received no response. She then filed a Complaint with the U.S. Department Labor who made an investigation. The U.S. Department of Labor determined that Plaintiff was entitled to benefits under the FMLA and that TPCCC, Pekin and Tazewell were joint employers under the FMLA. TPCCC, Pekin and Tazewell were advised of the position of the U.S. Department of Labor. Based on advice from counsel, TPCCC informed the U.S. Department of Labor that TPCCC was not an "employer" under FMLA because it did

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

not have the requisite number of employees, nor was it a public agency and as such, it was not covered by the Family Medical Leave Act, nor was Plaintiff an eligible employee under that Act.

When Plaintiff continued to miss work or leave work early because of her pancreatitis, she was progressively disciplined resulting first in a one day suspension, secondly, in a five day suspension, thirdly, in a twenty day suspension. Finally she was terminated. Director Thompson met with the Board of Directors and they agreed in this form of discipline and termination. The sole reason that Moldenhauer was terminated was because of her excessive absences. Otherwise, she was given an outstanding evaluation and was in fact, selected one year as Outstanding Telecommunicator of the Year.

## II.    LIST OF EXHIBITS

1. Correspondence to and from the U.S. Department of Labor and Attorney Patrick A. Murphey.

2. Correspondence and Financial Statements from Willock Warning & Co., P.C., (CPA's) regarding T/PCCC for year ending 04/30/01.

3. Correspondence to City of Pekin and documents from AFLAC re benefits.

4. Employee Performance Evaluation for Denise Moldenhauer dated 01/28/02.

5. Three "Employers First Report of Injury or Illness" filed with the Industrial Commission.

6. City of Pekin Report of Accident Investigation for Plaintiff's injury of 07/13/93.

7. Letter from Steven Thompson to Plaintiff dated March 13, 2002, regarding sick verification.

8. Memo of 02/01/99 to Denise Moldenhauer from Steven Thompson regarding FMLA guidelines.

9. Published Legal Notice by the City Clerk of the City of Pekin certified on October 18, 2002, showing Plaintiff as an employee of the City of Pekin.

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

3

10. Copy of badge of Denise Moldenhauer from the City of Pekin as 911 Dispatcher for the City of Pekin.

11. Copy of poster "Your Rights under the Family and Medical Leave Act of 1993" posted in T/PCCC offices.

12. City of Pekin, Illinois, Job Classification List dated 09/19/96.

13. Letter from Dr. James A. Kliefoth, received by Steve Thompson on June 22, 1991.

14. City of Pekin Acknowledgement of receipt of City of Pekin Sexual Harassment Policy.

15. General Information of the Summary Plan Description for the City of Pekin Employee Benefit Plan.

16. Annual Information Statement for the City of Pekin for year 1999.

17. Application for Insurance Information Card for Kepple & Co. for Denise Wilkinson.

18. Authorization for wage deduction to the City of Pekin for Illinois Fraternal Order of Police.

19. 2003 Enrollment Verification Form with the City of Pekin for medical and dental benefits – Denise Moldenhauer.

20. City of Pekin Authorization for direct deposit – department worked T/PCCC.

21. City of Pekin Notice to All Section 125 Flexible Spending Plan Participants of the City of Pekin.

22. Employee Enrollment Form for Section 125 Flexible Spending Plan of the City of Pekin.

23. Employee Agreement with the City of Pekin for computer lease purchase.

24. Waiver of Health Insurance Coverage for City of Pekin Medical Benefit Plan.

25. Notice of Right to Convert Group Life Insurance with the City of Pekin.

26. Notice of Change Form for Prudential Group Life Insurance Plan for employees of the City of Pekin.

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

4

27.     Letter from the City of Pekin dated August 19, 1999, regarding City of Pekin Health Insurance.

28.     Group Exhibit regarding participation in the Illinois Municipal Retirement Fund, each showing the employer of Denise Wilkinson to be the City of Pekin:

28-A.   Employer's Statement dated 07/28/89;

28-B.   Employer's Notice of Termination of Disability dated 10/13/89;

28-C.   Employer's Certificate of Disability dated 05/15/91;

28-D.   1993 IMRF Member Statement of Account;

28-E.   IMRF Member Information Change Form;

28-F.   Employer's Certificate of Disability dated 08/05/98;

28-G.   Employer's Notice of Trial Work Period or Termination of Disability dated 10/20/98;

28-H.   1998 IMRF Employer Statement – City of Pekin;

28-I.   Employer's Certificate of Disability dated 08/31/99.

28-J.   Employer's Notice of Trial Work Period or Termination of Disability dated 01/18/01.

28-K.   Employer's Certificate of Disability dated 05/19/03.

28-L.   Termination of IMRF Participation dated 05/19/03.

28-M.  2003 IMRF Employer Statement – City of Pekin, Member's Contributions and Service Credit

29.     Letter from the City of Pekin Police Department  regarding Denise Wilkinson as a co-recipient of the TPCCC 1994 Telecommunicator of the Year Award.

30.     Statement of Benefit Rights of Denise Moldenhauer from the State of Illinois Department of Employment Security.

31.     Group of documents regarding a wage deduction or garnishment action in Tazewell County cause number 90 SC 200.

32.     Pay increases all on City of Pekin forms.

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

33.    W-2 from the City of Pekin in 1997.

34.    Memo of 03/26/03 from Steve Thompson to the Board of Directors.

35.    Records of Pekin Hospital, admission 12/13/02.

36.    Letter dated June 8, 2001, from City of Pekin to all employees covered under City of Pekin's health plan.

37.    Plaintiff's Request to Produce to the City of Pekin.

38.    Affidavit of Plaintiff.

39.    FMLA Request.

40.    Affidavit of Robert G. Burress.

41.    Letter of Termination dated April 24, 2003.

### III.    RESPONSE TO ALLEGEDLY UNDISPUTED MATERIAL FACTS

#### A.    Facts by Defendants TPCCC and Tazewell County that are Undisputed.

Plaintiff admits as material and undisputed the following facts:  1, 2, 3, 4, 5, 6 (except the phrase "or any persons they may designate to serve on the board of directors of TPCCC in their place respectively" which is disputed), 7, 8, 9, the first sentence of 10, 11, 12, 13, 14, 15, 18, 19 (Plaintiff disputes a portion of ¶19 and believes another part to be immaterial, su*pra*), 20, 22, 23, 24, 26, 27, 28, 29 (except the last sentence which is disputed, *supra*), 30 (except the last sentence which is disputed, *supra*), 34 (except the first two sentences which are disputed, *supra*), 36, 37, 38.

#### B.    Facts by Defendants City of Pekin, David Tebben and Timothy Gillespie that are Undisputed.

Plaintiff admits as material and undisputed the following facts: 1, 2, 3, 4, 5, 6, 8, 10, 11, 12, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 53.

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

C. **Facts by Defendants Huston, Unsicker and Thompson that are Undisputed.**

Plaintiff admits as material and undisputed the following fact:  1.

D. **Material Facts of TPCCC and Tazewell Claimed to be Disputed.**

6.    Plaintiff disputes that portion stating "or any person they might designate to serve on the Board of Directors of TPCCC in their place respectfully"  Article III, A, 1, provides that "a designated alternate appointed in writing for any of the foregoing members."  The By-laws do not say who is entitled to designate the alternate.  Considering the By-laws as a whole, it would seem the alternate would be appointed by Tazewell or Pekin.  (Deft. Exh. L, p. 1, Corporate By-laws of TPCCC, Article III, A., 1.)

10.    Plaintiff disputes that Thompson has the authority to hire and dismiss employees without prior approval of the TPCCC Board.   The Board of Directors are to make all administrative decisions concerning utilization of personnel.  (Deft. Exh. L, Corporate By-laws, Article III, A.5.b.). [1]

16.    Plaintiff was employed with TPCCC, a department of the City of Pekin.  (Pltf. Exh. #38, Affidavit of Denise Moldenhauer)

17.    There were five full time employees assigned to the 8:00 a.m. to 4:00 p.m. shift Normally, there would be four on any shift.  Additionally, the Center had a floater to fill in whenever there was a person sick or on vacation.  (Thompson deposition, p. 31, 32).

19.    Plaintiff's records indicated that she was off 19 days for sick leave during the calendar year 2001.  (Plaintiff's Response to Request to Admit Pursuant to Court Order, ¶6).

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

---

[1]    The exhibits attached to the Motion for Summary Judgment by the City of Pekin are designated "Deft. Exh. A-V."  Those exhibits attached to the Motion for Summary Judgment by TPCCC are listed "Deft. Exh. #1-#8."

25.     On December 23, 2003, Plaintiff's husband called in to report she had to go to the emergency room because of her pancreatitis.  She missed that day and the next, December 14th.  Plaintiff produced to Defendant her hospital records from Pekin Hospital for this admission.  (Pltf. Exh. #38)

29.     In the discharge letter, Thompson wrote that he consulted with the entire Board of Directors prior to the Board and him discharging Plaintiff.  Plaintiff disputes that Thompson did not consult with the Board of Directors prior to the discharge of Plaintiff.  (Deft. Exh. T)

30.     The FOP labor counsel's attorney did not decide that her grievances did not merit arbitration.  (Deft. Exh. #6, Deposition of Moldenhauer, pp. 16, 17)

34.     Thompson has control of the day-to-day operations only if that has been delegated to him by the Chairman of the Board of Directors.  (Deft. Exh. L, Article III, A.5.b.; Pltf. Exh. #40, Affidavit of Robert G. Burress)

35.     Plaintiff disputes any alleged agreement between TPCCC and the City of Pekin.  Plaintiff requested the City to produce such a document and none was forthcoming.  (Pltf. Exh. #37, Request to Produce to the City of Pekin).  Mayor Tebben was not aware of any written contract providing benefits to employees of TPCCC (Deft. Exh. #4, Tebben Deposition, p. 16)

### E.     Material Facts of City of Pekin, David Tebben and Timothy Gillespie Claimed to be Disputed.

7.     There was no written contract between the City and TPCCC regarding payroll and accounts payable.  (Pltf. Exh. #37, Request to Produce to the City of Pekin; Deft. Exh. #4, Tebben Deposition, p. 16).

9.     Disputed.  (Pltf. Exh. #37, Request to Produce to the City of Pekin; Deft. Exh. #4, Tebben Deposition, p. 16).

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

13.     Thompson consulted with the Board of Directors regarding Plaintiff's absences. The Board of Directors were on the Board as representatives of the City of Pekin or the County of Tazewell.  (Deft. Exh. L).

14.     It was the responsibility of the Chief of Police for the City of Pekin or the Sheriff of Tazewell County to be responsible for the day-to-day operations of TPCCC.  While Chief of Police, Robert G. Burress was closely involved.  (Deft. Exh. L, Article III, B.2.; Pltf. Exh. #40 Affidavit of Burress).

15.     TPCCC By-laws required the Board to meet twice a year and may meet at the call of the Chairman or any two members.  (Deft. Exh. L, Article III, 3.a.)

16.     The TPCCC Board was advised of Plaintiff's FMLA request and the investigation by the U.S. Department of Labor.  (Pltf. Exh. #1; Thompson Deposition, pp. 40, 41)

17.     The Chairman of the Board of Directors shall be responsible for the day-to-day operation of TPCCC.  (Deft. Exh. L, Article III, B.2.)

52.     Plaintiff did not admit that she did not work for a part of the City.  She stated she called in on the Pekin City line and talked to someone at TPCCC.  She called her Department Head and in that context stated she did not work for a part of Pekin.  (Deft. Exh. E, pp. 78, 79).

**F.      Facts Claimed to be Immaterial to the Motion**
**as to TPCCC.**

19.     Plaintiff's 2001 absences being a single day often in conjunction with her schedule day off or on weekends on which she was scheduled to work is immaterial.  Her scheduled time off was during the week.  As such, four out of five of her workdays were either in conjunction with her scheduled day off or on weekend days.  It is immaterial that her sick days was one of these days.

21.     This is immaterial for the same reason.

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

31.    Immaterial because Plaintiff has withdrawn her Complaint under the ADA.

32.    Immaterial because Plaintiff has withdrawn her Complaint under the ADA.

**G.    Facts Claimed to be Immaterial to the Motion as to
City of Pekin, Dave Tebben and Timothy Gillespie**

24.    Immaterial because Plaintiff has withdrawn her Complaint under the ADA.

**H.    Additional Material Facts Claimed to be Undisputed.**

*i)    The Establishment and Structure of Tazewell/Pekin Consolidated
Communications Center.*

1.    Tazewell/Pekin Consolidated Communications Center ("TPCCC") was a joint venture formed by the County of Tazewell and the City of Pekin as a cooperative venture for the joint and mutual operation of a centralized public safety communications center. (Deft. Exh. L, p. 6, Joint Agreement, ¶1).

2.    The By-laws of TPCCC state its purpose as the establishment, operation and maintenance of a joint public safety communications system for the mutual benefit of Tazewell and Pekin. (Deft. Exh. L, p. 1).

3.    An additional purpose of TPCCC was to provide a forum for the discussion, development and implementation of recommendations regarding public safety communications and criminal justice within Tazewell County, Illinois. (Deft. Exh. L, p. 1).

4.    While the Board of Directors must consist of the Mayor of Pekin, the Chairman of the Tazewell Board, the Sheriff of Tazewell County, and the Pekin Chief of Police, an alternate may be designated if appointed in writing. The By-laws do not provide who has the authority to designate an alternate. (Deft. Exh. L., p. 1).

5.    The Chairman of the Board of Directors of TPCCC must be either the Sheriff of Tazewell County or the Pekin Chief of Police. (Deft. Exh. L, p. 1, By-laws, Article III, A.2.)

**VONACHEN,
LAWLESS, TRAGER
& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

6.      It was the duty of the Board of Directors of TPCCC to make all administrative decisions concerning the utilization of personnel.  (Deft. Exh. L, p. 2, 5.B, By-laws, Article III, 5(b))

7.      Either the Sheriff of Tazewell County or the Pekin Police Chief, whoever is Chairman of the Board of Directors, is responsible for the day-to-day operations of TPCCC. (Deft. Exh. L, By-laws, Article III, B.2.)

8.      Tazewell and Pekin shall be liable for the debts and liabilities of TPCCC in the same ratio as the ratio of the annual contributions of Tazewell and Pekin.  (Deft. Exh. L, By-laws, Article V)

ii)     ***Denise Moldenhauer was Considered by Pekin to be its Employee.***

9.      Prior to 2002, TPCCC had its facilities in the City of Pekin Building and paid no rent.  (Deft. Exh. 3, Thompson Dep., pp. 14-15).

10.     When Plaintiff applied for a position as dispatcher with TPCCC, her application was made to the Police Department of the City of Pekin and she was interviewed by three persons who were employed by the City of Pekin Police Department.  (Pltf. Exh #38).

11.     Plaintiff's pay stubs were printed to be "City of Pekin" and issued by the City of Pekin.  (Pltf. Exh. #38, Affidavit of Denise Moldenhauer)

12.     Plaintiff was initially hired as a part-time dispatcher, but went to a full time position on 11/04/84.  At that time, the City of Pekin was notified of this on a City of Pekin form by Director Surratt.  TPCCC was listed as Department Number 762.  (Pltf's Exh. #32).

13.     From the date of her hire on 08/01/83 through 1994, Plaintiff was given notice of any pay raise on a form entitled "City of Pekin" as employee 76250 of the City of Pekin in Department 762.  (Pltf. Exhs. #38 and #32)

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

11

14.     The City of Pekin provided health, dental and life insurance at no cost to Plaintiff until approximately 2001, after which she paid a portion of it by payroll deduction.  (Pltf. Exh. #38).

15.     Each year, Plaintiff received from the City of Pekin a W-2 Form for purposes of tax filing which showed her employer to be "The City of Pekin, 400 Margaret Street, Pekin, IL 61554."  (Pltf. Exhs. #33 and #38).

16.     Plaintiff was a participant in the Illinois Municipal Retirement Fund to which only municipal employees were eligible.  She joined as an employee of the City of Pekin.  (Pltf. Exh. #38).

17.     On 07/28/89, the City Clerk of the City of Pekin filed an Employer's Statement with the IMRF listing Plaintiff's employing municipality as City of Pekin (Tazewell/Pekin Consolidated Communications Center (Pltf. Exh. #28-A).

18.     On 10/13/89, the Pekin City Clerk notified the IMRF that Plaintiff's disability had ended.  This document stated that the name of the employing municipality was "City of Pekin." (Pltf. Exh. #28-B).

19.     On 05/15/91, the Clerk of the City of Pekin filed with IMRF a Certificate of Disability showing that Plaintiff's employing municipality was the City of Pekin and her occupation was "Dispatcher for Pekin Police Department."  (Pltf. Exh. #28-C).

20.     The Employer's Certificate of Disability with the IMRF dated 05/15/91 had attached to it a physician's statement showing that Plaintiff's diagnosis was "pancreatitis with pancreatic pseudocyst."  (Pltf. Exh. #28-C).

21.     Plaintiff received an IMRF member statement of account for 1993 reflecting her employer to be the City of Pekin.  (Pltf. Exh. #28-D).

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

22.    After her marriage, Plaintiff changed her information with the IMRF from Denise Wilkinson to Denise Moldenhauer.  This was on a form authorized by Pat Pollock of the City of Pekin on 07/07/97.  This document showed the employer's name to be City of Pekin.  (Pltf. Exh. #28-E)

23.    On 08/05/98, Director of Communications Thompson filed with the IMRF a Certificate of Disability stating that the employer of Plaintiff was "City of Pekin (T/PCCC)." (Pltf. Exh. #28-F).

24.    On 10/20/98, Pat Pollock on behalf of the Assistant Financial Director of the City of Pekin filed a termination of disability with the IMRF stating that Plaintiff's Employer was "City of Pekin" and showing Pekin's employer number.  (Pltf. Exh. #28-G).

25.    Plaintiff received a "1998 IMRF Employers Statement – City of Pekin" with IMRF employer number 03378, reflecting she has been as of 12/31/98, employed by the City of Pekin for 14 years, 2 months.  (Pltf. Exh. #28-H).

26.    On August 31, 1999, Steve Thompson filed a Certificate of Disability with the IMRF on behalf of Denise Moldenhauer stating her employer to be "City of Pekin (T/PCCC)." (Pltf. Exh. #28-I)

27.    On 01/18/01,  the Finance Director of the City of Pekin filed with the IMRF a Termination of Disability for Plaintiff stating that Plaintiff's employer was "City of Pekin" with Pekin's employer number.  (Pltf. Exh. #28-J).

28.    On 05/19/03, Steve Thompson, co-signed by Patricia Pollock, notified the IMRF that Denise Moldenhauer had been discharged.  This document showed the employer name to be "City of Pekin" and the occupation to be "Dispatcher."  (Pltf. Exh. #28-K).

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

13

29.     On 05/19/03, Patricia Pollock filed with the IMRF a Termination of IMRF Participation on behalf of Denise Moldenhauer showing her employer to be "City of Pekin." (Pltf. Exh. #28-L).

30.     Plaintiff received a 2003 IMRF Employer Statement – City of Pekin reflecting her contributions and refund and showing that her service credit with the City of Pekin was 18 years, 6 months.  (Pltf. Exh. #28-M).

31.     Plaintiff was instructed that if an emergency came up while on duty and Steve Thompson or Tammy Conover were not available, she was directed to contact the Pekin Command Office of the City of Pekin.  (Pltf. Exh. #38).

32.     When Plaintiff was injured on the job, she received worker's compensation benefits pursuant to a policy issued to the City of Pekin.  (Pltf. Exh. #38).

33.     When Plaintiff slipped on a wet floor at work on 04/15/92, a report to the Illinois Industrial Commission dated the same date and prepared by Jody Richard stated Plaintiff's employer to be "City of Pekin," her worker's compensation insurance carrier to be "City of Pekin," her job title or occupation to be "Public Safety Telecommunicator," and the department normally assigned, "Dispatch."  (Pltf. Exh. #5-A).

34.     When Plaintiff was injured on 03/25/93, a First Report of Injury of Illness filed with the Illinois Industrial Commission by Steve Thompson reflected the employer's name to be City of Pekin T/PCCC and the department normally assigned, T/PCCC.  (Pltf. Exh. #5-B).

35.     When Plaintiff was injured on 07/14/93, a report filed with the Illinois Industrial Commission by W.L. Surratt, the Director of Communications showed that Plaintiff's employer's name was City of Pekin, her job title to be Telecommunicator, and the department normally assigned was T/PCCC.  (Pltf. Exh. #5-C).

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

36.     When Plaintiff was injured on 07/14/93, Director Surratt filed with the City of Pekin a Report of Accident Investigation on a form issued by the City of Pekin. (Pltf. Exh. #6).

37.     On October 28, 2002, there was a legal notice published in the Pekin Times by Sue E. McMillan, City Clerk in and for the City of Pekin, certifying as a true, perfect and complete statement of expenditures and compensation paid for the 2001-2002 fiscal year as furnished by the Director of Finance and Treasurer of the City of Pekin, which certificate included Denise Moldenhauer as receiving payment from the City of Pekin of more than $20,000 and less than $30,000. (Pltf. Exh. #9).

38.     That Plaintiff was issued an identification badge by the City of Pekin stating that she serves as a 9/11 Dispatcher for the City of Pekin. (Pltf. Exh. #10).

39.     In 1996, the Human Resource Management Division of DMG prepared for the City of Pekin, Illinois, a Job Classification List – Grade Order listing the grade, annual salary range, job code and title of various employees.   In Grade 7, Job Code 1504 was Telecommunicator (Dispatcher).   Also included in Grade 11, Job Code 1502 was Operations Supervisor, and in Grade 15, Job Code 1501 was Director of Communications. (Pltf. Exh. #12).

40.     That on 01/27/99, Denise Moldenhauer acknowledged receipt of a written copy of the **City of Pekin Sexual Harassment Policy** and signed a receipt therefore and a statement that she understood it is her responsibility to report incidents of sexual to either the department head or when that is not practical, to either the Risk Manager of the City of Pekin or the City Manager of the City of Pekin. (Pltf. Exh. #14)

41.     Plaintiff received a form of general information for the City of Pekin Employee Benefit Plan, showing plan number 501-100188, stating the Plan Sponsor and Plan Administrator to be the City of Pekin.  This was  a welfare benefit plan providing comprehensive medical and

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

15

dental benefits.  To be eligible, one had to be an employee of the City of Pekin.  Plaintiff was a participant in this plan.  (Pltf. Exh. #15)

42.    Plaintiff received an Annual Information Statement for the year 1999 for the group plan of the City of Pekin, group number 100188, reflecting coverage for herself, her husband, and three step-children.  (Pltf. Exh. #16).

43.    Plaintiff applied for and was given an insurance information card from Kepple & Co. in which the Plaintiff's employer was the City of Pekin.  (Pltf. Exh. #17).

44.    As a member of the Illinois Fraternal Order of Police, Plaintiff had monthly dues deducted from her wages.  To do this, she had to authorize her employer, the City of Pekin, to deduct this.  (Pltf. Exh. #18).

45.    Plaintiff received an Employment Verification Form for family medical and family dental reflecting that her group was the City of Pekin, with the department TP CCC.  (Pltf. Exh. #19).

46.    In order to have her paycheck deposited directly into her bank, Plaintiff signed one a form furnished by the City of Pekin an authorization to do so.  This stated that the department she worked in was TPCCC.  (Pltf. Exh. #20).

47.    Plaintiff participated in a Section 125 Flexible Spending Plan in which she was entitled to enroll because her employer was the City of Pekin.  (Pltf. Exh. #21 and #22).

48.    Plaintiff entered into a lease purchase of a computer in December of 1997.  This was made as an employee of the City of Pekin and obligated her to continue to make payments to the City of Pekin until the balance of the purchase price is paid in full if her employment with the City of Pekin terminated for any reason.  (Pltf. Exh. #23).

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

49.     Effective 01/01/96, the City of Pekin Medical Benefit Plan authorized reimbursement for those who chose to remove their dependents from coverage.  The amount of the reimbursement was $300 for the exclusion of an employee or retiree and $600 for the exclusion of an employee and their dependents.  Plaintiff chose not to waive coverage for either herself or dependents and notified Pat Pollock, the Assistant Finance Director for the City of Pekin of the fact.  (Pltf. Exh. #24).

50.     On 06/30/98, the Group Life Insurance Contract with the City of Pekin was cancelled.  Each employee of the City of Pekin was given the option to convert life insurance benefits by payment of a premium therefore.  Plaintiff elected on 07/15/98 to convert $40,000 life insurance that had been issued to the City of Pekin.  This was a group policy for which  Plaintiff, as an employee, had been covered for at least three years.  (Pltf. Exh. #25).

51.     On or about 06/22/97, Plaintiff changed the beneficiary of her Prudential Group Life Insurance Plan to which she was a participant by reason of her employment with the City of Pekin.  (Pltf. Exh. #26).

52.     In 1999, Plaintiff was allowed FMLA time off from work.  This would expire on October 6, 1999, at 12:00 o'clock midnight.  During her FMLA time, Plaintiff was required to give the City of Pekin a monthly check to cover her premium on the IMRF voluntary life insurance, the occidental life insurance, and the dependent share of health insurance.  (Pltf. #27).

53.     In 1990, Plaintiff had a monetary judgment entered against her in favor of Pekin Memorial Hospital in case number 90-SC-200.  The plaintiff in that case served the City of Pekin with a wage deduction or garnishment action, which the City of Pekin honored from Plaintiff's wages.   (Pltf. Exhs #38 and #31).

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

54.     After Plaintiff was terminated, she applied for unemployment benefits.  This was contested by Steve Thompson.  The State of Illinois ruled in Denise's favor and awarded her unemployment compensation determining that the employer was the City of Pekin.

55.     On 01/16/03, Steve Thompson suspended Plaintiff for 20 days after missing four additional days since 11/06/02.  On two of those four days, Plaintiff was in the Pekin Hospital emergency room (12/13/02) and home (12/14/02) caused by her acute pancreatitis.  Steve Thompson was given the medical records from Pekin Hospital for this emergency treatment which were placed in Denise's personnel file.  (Pltf. Exhs. #34, #35, #38).

### *iii)*     *Requests for FMLA Leave*

56.     On June 22, 1991, Steve Thompson received a letter from James Kliefoth, M.D., stating that Plaintiff was diagnosed with pancreatic, which explained how this can be very debilitating and involves an inflammation of the pancreas and caused by a congenital abnormality called a choledochal cyst, which require further treatment.  (Pltf. Exh. #13).

57.     Plaintiff continued to have flare-ups with her pancreatitis causing her to miss day or two of work at a time.  Her illness had reached the point where on 05/24/02, Plaintiff gave Steve Thompson a written notice of wanting to invoke her rights under the Family Medical Leave Act.  (Pltf. Exh. #38, #39).

58.     Steve Thompson prior to 05/24/02 denied Plaintiff any more time off and did not respond at all to her request seeking to invoke her rights under the Family Medical Leave Act. (Pltf. Exh. #38).

59.     By reason of her pancreatitis, Plaintiff missed ten days of work in 2001, twenty days of work in 2001, and an additional five days in 2002 when she was able to work only part of the day.  She missed three days of work in 2003 because of her pancreatitis.  (Pltf. Exh. #38)

**VONACHEN,
LAWLESS, TRAGER
& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

60.     On 02/01/99, Thompson as Director wrote a memo to Plaintiff outlining that the Family Medical Leave Act states that you can have up to twelve weeks off work to care for yourself.  This can be at one time or various times throughout the years.  Thompson advised Plaintiff that the next day off for medical reasons shall begin to account on this twelve weeks and that this could be compensated or uncompensated.  (Pltf. Exh. #8).

61.     There was posted in the offices of TPCCC, a poster entitled "Your Rights under the Family Medical Leave Act of 1993."  (Pltf. Exh. #11 and Thompson dep, p. 42)

62.     The City of Pekin advised the public accounting firm of Willock, Warning & Co., P.C., that for financial statement reporting purposes, the City of Pekin considers TPCCC a discrete component unit and is reported on the City of Pekin combined financial statements.  A statement to this effect is included with the financial statements by the accountants and distributed to the City of Pekin Clerk and the City of Pekin Finance Director.  (Pltf. Exh. #2)

63.     The sole reason that Denise Moldenhauer was terminated was because of her excessive absences.  (Thompson deposition, p. 75-76).

## IV.     ARGUMENT

### A.     Plaintiff's Argument.

Before responding directly to the Defendants' argument in their Motions, Plaintiff will initially set forth three facts requiring the Motion to be denied:   1)  She was an employee of Pekin; 2)   TPCCC was a public agency; and 3)   TPCCC, Pekin and Tazewell were joint employers under the FMLA.

#### 1)     Denise Moldenhauer was an Employee of the City of Pekin in its Communication Department.

The evidence is overwhelming that Denise Moldenhauer ("Moldenhauer") was an employee of the City of Pekin and worked as a dispatcher in its communication department,

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

which was set up under the name and style of Tazewell Pekin Consolidated Communications Center, also referred to as TPCCC.  Pekin recognized this in a myriad of ways.   In the Independent Auditor's Report given to the Board of Directors of TPCCC with copies to the Clerk of the City of Pekin and the Finance Director of the City of Pekin, the auditor's report commences:

> "We have audited the company general purpose financial statements of the Tazewell/ Pekin Consolidated Communications Center, ***a component unit of the City of Pekin***, Illinois . . . ."   (emphasis added)

In this same report each year, a footnote states:

> "The City of Pekin considers the Center a discrete component unit and is reported on the City's combined financial statements."  (Pltf. Exh. #2)

When the City Clerk of the City of Pekin published a legal notice certifying the names and salaries of employees, Denise Moldenhauer was listed.  (Pltf. Exh. #9).  When she was hired, each change in her compensation was furnished on a City of Pekin form, properly authorized and listed her as a employee in Department 762.  (Pltf. Group Exh. #32).  When she was injured at work three different times, the Illinois Industrial Commission was notified of the accidents showing the employer's name to be City of Pekin.  (Pltf. Exh. #5).  Initially the worker's compensation carrier was the City of Pekin.  Later it became Kepple & Co.  Each report set forth that the City of Pekin as employer was doing business under the name of Tazewell/Pekin Consolidated Communications Center and that Plaintiff was assigned to the T/PCCC department of the City of Pekin.  (Pltf. Exh. #5).

As required by Pekin, when there is an injury to an employee at work, Plaintiff's supervisor would file a City of Pekin Report of Accident Investigation with Pekin.  Plaintiff's supervisor filed such a report as to her.  (Pltf. Exh. #6)

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Plaintiff was given an Identity Badge stating she serves as a 911 Dispatcher for the City of Pekin in the Emergency Communications Department.   There is no mention of TPCCC on this badge.  (Pltf. Exh. #10).

The DMG Human Resource Management Division compiled a job classification for the City of Pekin classifying and furnishing a Grade, Job Code and Title of all Pekin Employees.  On this list included in Grade 7 was Job Code 1504, a Telecommunicator (Dispatcher).  In Grade 11, Job Code 1502 was the Operations Supervisor (a job held by Tammy Conover), and in Grade 15, Job Code 1501 was the Director of Communications (a job held by Thompson).  (Pltf. Exh. #12)

Plaintiff was furnished a copy of the City of Pekin Sexual Harassment Policy in which she acknowledged that it is her responsibility to report incidents of sexual harassment to the department head or, when that is not practical, to the Risk Manager of the City of Pekin, or the City of Pekin Manager.  This was provided on a form from the City of Pekin Payroll Office.  (Pltf. Exh. #14).

Plaintiff was a participant in the City of Pekin Employee Benefit Plan, which provided comprehensive medical and dental benefits to the employees of the City of Pekin.  She was furnished annually an information statement showing the coverage that she and her family had through the City of Pekin.  (Pltf. Exh. #15, #16).

When insurance became available through Kepple & Co., Plaintiff filed for an insurance information card, which specified that her employer was the City of Pekin.  (Pltf. Exh. #17).  To deduct from her wages due for the Fraternal Order of Police, she had to file an authorization with her employer, the City of Pekin, which she did.  (Pltf's Exh. #18).  Plaintiff's family medical and dental coverage was obtained through the City of Pekin Group Plan, "Department T/PCCC."  (Pltf. Exh. #19).

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

To enable Plaintiff to have direct deposit of her paycheck, she was required to file with the City of Pekin an authorization for direct deposit. This information included her employee number and department worked, "TPCCC." (Pltf. Exh. #20).

Because she was an employee of the City of Pekin, Plaintiff was able to participate in Section 125 Flexible Spending Plan. Her enrollment form specified that her employer was the City of Pekin in Division 033. (Pltf's Exh. #21, #22).

Plaintiff elected to purchase a computer under an employment agreement with the City of Pekin, which provided that if her employment relationship terminated, she agreed to continue to make payments to the City of Pekin until the purchase was paid in full. (Pltf. Exh. #23)

In 1996, the City of Pekin Medical Benefits Plan authorized reimbursements for those who chose to remove defendants from coverage. Plaintiff was given this option by the City of Pekin and elected not to waive coverage. (Pltf. Exh. #24). In 1998, Plaintiff was given the right to convert group life insurance where the City of Pekin was the policyholder. Plaintiff agreed to convert $40,000 of life insurance for which quarterly payments were submitted to the City of Pekin. (Pltf. Exh. #25). Plaintiff had a life insurance plan with Prudential Group Life Insurance wherein the employer was the City of Pekin. (Pltf. Exh. #26).

When Plaintiff was allowed to take a leave of absence under FMLA in August of 1999 as a result of emotional problems stemming from the death of her only child, Plaintiff was notified by the City of Pekin to remit a monthly check in the amount of $37.00 payable to the City of Pekin to cover the premium for the IMRF voluntary life insurance, the Occidental life insurance, and the dependant share of health insurance. (Pltf. Exh. #27). Plaintiff became a participant in the Illinois Municipal Retirement Fund to which only municipal employees were eligible. She joined as an employee of the City of Pekin. Numerous forms filed with the IMRF support that

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

throughout the years she was employed by the City of Pekin.  On 07/28/87, an Employer's Certificate of Disability signed by James Kauntz, City Clerk, shows Plaintiff's employing municipality to be the "City of Pekin (Tazewell/Pekin Consolidated Communications Center)." (Pltf. Exh. #28-A).  An Employer's Notice of Termination of Disability was filed on 10/13/89 by City Clerk James Kauntz stated the name of the employing municipality to be the "City of Pekin." (Pltf. Exh. #28-B).  When disabled because of pancreatitis in 1991, the Employer's Statement signed by City Clerk Kauntz named the employing municipality as the City of Pekin and Plaintiff's occupation as "Dispatcher for Pekin Police Department."  (Pltf. Exh. #28-C).  A 1993 IMRF Member Statement of Account shows Plaintiff's employer to be the City of Pekin.  (Pltf. Exh. #28-D).  An IMRF Member Information Change Form was filed following Plaintiff's marriage changing her name from Denise N. Wilkinson to Denise N. Moldenhauer.  The employer's name was listed as City of Pekin and this was authorized by Pat Pollock of the City of Pekin.  (Pltf. Exh. #28-E).  An Employer's Certificate of Disability dated 08/05/98 signed by Steven Thompson shows Plaintiff's employer to be City of Pekin (T/PCCC).  (Pltf. Exh. #28-F). Plaintiff came off disability in October of 1998.  Notice of this was sent by Pekin Assistant Finance Director Pat Pollock to the IMRF specifying Plaintiff's employer to be City of Pekin. (Pltf. Exh. #28-G).  A document entitled "1998 IMRF Employer Statement – City of Pekin" furnished Plaintiff with her contributions and service credit.  (Pltf. Exh. #28-H).  An Employer's Certificate of Disability dated August 31, 1999, signed by Steven Thompson lists Plaintiff's employer to be City of Pekin (T/PCCC).  (Pltf. Exh. #28-I).  When disability was terminated in January of 2001, the Finance Director of the City of Pekin informed IMRF of this fact and listed in the document Plaintiff's employer to be City of Pekin.  (Pltf. Exh. #28-J).

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

When Plaintiff was discharged in April of 2003, one document reflecting this was signed by Thompson listing Plaintiff's employer as the City of Pekin, and another document signed by Patricia Pollock also designating Plaintiff's employer to be the City of Pekin. (Pltf. Exh. #28-K, #28-L). Plaintiff's final statement from the IMRF shows the City of Pekin as the employer and that she had service credit of 18 years and 6 months. (Pltf. Exh. #28-M).

In 1990, Plaintiff was sued by Pekin Memorial Hospital who obtained a judgment against her. Pekin Hospital then initiated a wage deduction or garnishment proceedings against the City of Pekin, which was honored by the City of Pekin. (Pltf. Exh. #31).

Each year, Plaintiff would receive a W-2 Wage and Tax Statement for her wages received. This would show the employer's name as the City of Pekin, 400 Margaret Street, Pekin, Illinois. (Pltf. #33).

After Plaintiff was fired, she filed for unemployment compensation. This was awarded to her by the State of Illinois Department of Employment Security. This determined that the employer was the City of Pekin. (Pltf. Exh. #30).

### 2)    TPCCC was a Public Agency.

Defendants claim that TPCCC was not a public agency because it was a not-for-profit corporation. The facts, however, make it clear: TPCCC was a public agency. This is why is was formed and this was the function it performed. Obviously, this was not a private not-for-profit corporation formed by individuals to perform some civic or charitable function. It was formed by two public entities, the County of Tazewell and the City of Pekin. The Agreement entered into between Tazewell and Pekin make it clear that TPCCC is a public agency. The preamble to the Agreement could not be clearer:

> "A.    There is a need by local governments within Tazewell County for a centralized public safety communications system.

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

B.  Such a public safety communications system would be of value to the parties individually and mutually.

C.  A centralized public safety communications system can adequately served the needs of the local governments within Tazewell County.

D.  Article VII, Section 10 of the 1970 Constitution of the State of Illinois authorizes joint exercise by two or more local governments of any power common to them.

E.  It is the desire of the parties to jointly provide for and maintain a centralized public safety communications system for their mutual advantage and concern.

(Deft. Exh. L, Joint Agreement, p. 6)

This Agreement goes on to state:

"1.  Venture established.  Pursuant to the joint powers authorization of the Illinois Constitution, the parties hereby federate together in a cooperative venture for the joint and mutual operation of a centralized public safety communication system . . . . "

(*Id.*).

Even the By-laws of the Center make is clear.  The first purpose listed was:

"(1)  Providing the equipment, services and other items necessary and appropriate for the establishment, operation and maintenance of a joint public safety communications system for mutual benefit of Tazewell and Pekin;

(2)  Providing such services on a contract basis to other governmental units or other public entities within or near Tazewell County; and

(3)  Providing a forum for discussion, study development, and implementation of recommendations regarding public safety communications and criminal justice with Tazewell County, Illinois."

(Deft. Exh. L, p. 1, Article I)

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

### 3)    TPCCC, Pekin and Tazewell were Joint Employers of Plaintiff under the Family Medical Leave Act.

Under the regulations, joint employment under the FMLA is defined and explained.  29 CFR 825.106:

"(a)    Where two or more businesses exercise some control over the work or working conditions of the employee, the business may be joint employers under FMLA.  Joint employers may be separate and distinct entities . . . where the employee performs work which simultaneously benefits two or more employers or works for two or more employers at different times during the work week, a joint employment relationship generally will be considered to exist."

(b)    A determination of whether a joint employment relationship exists is not determined by the application of any single criterion but rather the entire relationship is to be viewed in its totality.

The Agreement itself between Tazewell and Pekin confirms the joint employment.  The document is entitled, "JOINT PUBLIC SAFETY COMMUNICATIONS SYSTEM AGREEMENT."  (Deft. Exh. L, p. 6)

Within the Corporate By-laws of TPCCC, which were approved and recommended by Tazewell and Pekin, Article I states the corporate purpose as "TPCCC is a **cooperative venture** voluntarily established by the County of Tazewell, Illinois, (hereinafter Tazewell) and the City of Pekin, Illinois, (hereinafter Pekin) . . . ."  (Deft. Exh. L, p.1, Article I).

The Corporate By-laws go on to state:  "**A.  Tazewell and Pekin are the members of TPCCC and shall participate fully in it.**"  (emphasis added) (Deft. Exh. L, p. 1, Article II).

Article III – ORGANIZATION provides for the Board of Directors to consist of the Mayor of Pekin, the Chairman of the Tazewell County board, the Sheriff of Tazewell County, an the Pekin Chief of Police.  It goes on to state, "or a designated alternate appointed in writing for

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

any of the foregoing members." (Deft. Exh. L, p. 1, Article III). The By-laws are silent as who shall designate an alternate, but looking at the By-laws as whole, it does not appear that the individual may designate an alternate, but if an alternate is needed, it would be appointed by Pekin or Tazewell, as it is Tazewell and Pekin who are really in charge. The Chairman of the Board of Directors must either be the Sheriff of Tazewell County or the Pekin Chief of Police. (Article III, A., 2.) The Board of Directors are to make all administrative decisions including, among others, the utilization of personnel (Article III, A., 5.b.) and to control all expenditures. (Article III, A., 5.f.). The By-laws even provide that the Chairman of the Board, who must either be the Sheriff of Tazewell or the Police Chief of Pekin, shall be responsible for the "day-to-day operation of TPCCC." (Article III, B.2.). As Tazewell and Pekin have the right to control the operations through their named officers, Tazewell and Pekin have agreed to be liable for the debts and liabilities of TPCCC in the same ratio as their annual contributions. (Article V – Liability).

When Robert G. Burress was Chief of Police for the City of Pekin, he served as Chairman of the Board of Directors of TPCCC. During that time, Thompson came to him with questions concerning the day-to-day operations of TPCCC. Burgess, as Chairman of the Board was essentially in charge. He made those day-to-day decisions including the hiring or firing of any employee. (Burgess Affidavit, Pltf. Exh. #40).

There can be little dispute that Pekin and Tazewell were joint employers under the FMLA. That is the way they set TPCCC up and how they managed it.

### B.      Response to the Argument of TPCCC and Tazewell County in their Motion for Summary Judgment.

Plaintiff will not respond to Arguments I through V as they relate to Plaintiff's claim under the ADA, which she has withdrawn.

*VI. Defendants claim Plaintiff was not an eligible employee under the FMLA.*

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

27

If Moldenhauer was not an employee of the City of Pekin, or if Pekin and Tazewell were not joint employers of Moldenhauer under the FMLA guidelines, and if TPCCC were not a public agency, then the argument that Moldenhauer is not an eligible employee would be valid. However, as pointed out extensively above, Moldenhauer was an employee of the City of Pekin and was engaged as a dispatcher in the communication department, which operated under the title Tazewell Pekin Consolidated Communications Center.  Tazewell, by the By-laws it approved, was a member of TPCCC and "shall participate fully in it."  (By-laws, Article II).

There can be little question that the City of Pekin and/or the County of Tazewell employ more than 50 employees.  TPCCC is not an independent corporation as claimed by Defendant.  Its day-to-day operations are the responsibility of the Chairman of the Board of Directors who must be either the Pekin Chief of Police or the Tazewell County Sheriff.  (By-laws).  Its Board of Directors, one-half controlled by Pekin and one-half by Tazewell is responsible to make all administrative decisions, including the utilization of personnel.  While it has its own debts and liabilities, Pekin and Tazewell have agreed ultimately to be liable for such.  (By-laws, Article V).

These Defendants argue that TPCCC is not a public agency, yet, by its By-laws, that is why it was formed, why it exists, and why it functions.

Tazewell argues that it could cease doing business with TPCCC should the Tazewell County Sheriff elect to contract with a third party.  Defendant cites no authority for this proposition, nor is it contained in the corporate By-laws.  Likewise, Tazewell's argument that it has no control over the TPCCC's budget beyond it's ability to cease doing business with and paying TPCCC is without cited authority for this claim.  The By-laws specify that the Board of Directors control the budget and Tazewell controls two of the four members of the Board.  As the

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

28

By-laws also make the Chairman of the Board responsible for the day-to-day operations of TPCCC, that Chairman must either be the Pekin Chief of Police or the Tazewell Sheriff.

Lastly, Tazewell argues that the Board of Directors volunteer their services rather than designate someone else to serve as the By-laws permit them to do. Plaintiff disagrees that the By-laws give them that authority. More appropriately, it appears, the By-laws limit the authority to designate someone else to serve to the City of Pekin and the County of Tazewell and not the individuals named.

Defendants' reliance on *Harbert v. Health Care Services Group*, 391 F.3d 1140, 10th Cir. 2004, is misplaced. Plaintiff is not seeking to gerrymander the worksite so as to include the requisite number of employees, as was the case in *Harbert*. Her worksite was the City of Pekin and by reason of Pekin and Tazewell being her joint employers, there is no need to question the location of the worksite or the employees covered within 75 miles of that site.

### C.      Response to the Argument of City of Pekin, David Tebben and Timothy Gillespie.

**A.      This argument deals with the ADA under which Plaintiff is no longer proceeding.**

**B.      The argument that the FMLA does apply to Plaintiff is not based on fact of law.**

### 1.      *The Claim that the City was not Plaintiff's Employer.*

In this argument, Pekin cites a three-prong test adopted in the Eleventh Circuit to determine whether an entity is an individual's employer. They argue 1) whether or not the employment took place on the premises of the alleged employer; 2) how much control the alleged employer exerted on the employee; and 3) whether or not the alleged employer had the power to fire, hire or modify the employment condition of the employees.

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

29

Plaintiff's employment took place on the premises of the alleged employer. Prior to 2002, TPCCC operated in a building owned by the City of Pekin and prior to 2002 paid no rent for the space. (Thompson deposition, pp. 14, 15).

As to the amount of control Pekin had over the employees, it was the duty of the board of directs of TPCCC to make all administrative decisions, which included the utilization of personnel. (Deft. Exh. L, By-laws, Article III, 5.b.) When Robert G. Burress was Chief of Police for the City of Pekin and Chairman of the Board of Directors of TPCCC, his control was substantial. He was in charge even to the point of hiring and firing personnel. (Pltf. Exh. #40, Burress affidavit).

Thirdly, Pekin, through its Mayor and Chief of Police had the power to fire, hire or modify the employment condition of its employees. (Deft. Exh. L, By-laws, Article III, 5.b.) Perhaps most telling is Article II, A. of the By-laws. It therein provides: "Tazewell and Pekin are the members of TPCCC and shall participate fully in it." (Article II, A.)

Thus, by its own argument, the City was Plaintiff's employer. Added to that were the dozens of instances brought out above where the City of Pekin filed document after document acknowledging she was an employee of the City.

### 2. The Claim that the City was not a Joint Employer as Defined by the FMLA.

Pekin argues that the Plaintiff has failed to put forth any evidence to satisfy the requirement of finding the City a joint employer with the TPCCC. Her very job simultaneously benefits both Pekin and Tazewell. That is what the Center was designed to do and what the Center continued to do. The Agreement signed by Tazewell and Pekin provided:

> "E.    It is the desire of the parties to jointly provide for and maintain a centralized public safety communications system for their mutual advantage and concern."

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

The purpose in Article I of the By-laws refers to the establishment, operation and maintenance of a "*joint public safety communication system for the mutual benefit* of Tazewell and Pekin." (emphasis added)  (By-laws, Article I)

Additionally, both Pekin and Tazewell exercised some control over the work and working conditions of Moldenhauer.  This was set forth in detail above.

### 3. The Claim that the City is not a Joint Employer Under the Common Law Test for Joint Employment Under the FMLA.

In this part of their brief, Pekin claims that Pekin is not a joint employer under common law tests and refer to the economics realty test, as mentioned in *Dunkins v. Varsity Contractors, Inc.,* 2005 WL 599979 (2005).  Here, the court focused on the power to fire an employee.  When Moldenhauer was fired, she was done so by the Board of Directors and Director Thompson.  This was pointed out in the Letter of Termination which stated, "Much thought has entered into this decision both on my part and that o the Board of Directors. . . . The administration *and directors* feel that we have no choice but to terminate the employee/employer relationship with you effective immediately."  (emphasis immediately) (Pltf. Exh. #41)

The City also talks about to what extent does the alleged joint employer control the employees by signing, directing and supervising tasks and duties.  The Board of Directors had the duty "to make all administrative decisions concerning . . . the utilization of personnel."  (By-laws, Article III, A.5.b.)

While the City seeks to explain the various payroll and benefit forms, newspaper listings and City issued security badge as being consistent with a contract between the City and TPCCC, no such contract was provided when the City was served a Request to Produce, the terms of which would have included such a contract.  (Pltf. Exh. #37, Plaintiff's Request to Produce to the City of Pekin).

**Vonachen, Lawless, Trager & Slevin**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

31

The City also argues that it is undisputed that TPCCC pays rent to use space in the City building. It is equally undisputed that for the first 26 years, the City of Pekin furnished space for the Center for <u>no</u> rent. (Thompson deposition, p. 14-15). The security badge that the City claims was needed for access to a city building does not show the Plaintiff as an employee of TPCCC, but rather an employee of the City of Pekin as a Dispatcher in Communications.

       **4.**     ***The Claim that Tebben and Gillespie are not Employers.***

They were not named as Employers. They are named Defendants as being liable as an individual under FMLA who denied benefits and participated in the decision to terminate Plaintiff.

**C.**      **The Non-Discriminatory Reason for Termination is Not the Issue.**

The City argues that Plaintiff was terminated for a legitimate reason, excessive absenteeism. The issue is whether she was denied her rights under the FMLA, was not allowed to miss work because of her serious health condition, and was fired because she did. There is little question that Moldenhauer missed a significant number of days. There is also no question that she was fired for no other reason than her absenteeism. Had Moldenhauer been granted FMLA absences, she would not have been terminated. That is the issue.

**D.**      **Tebben and Gillespie are not entitled to Summary Judgment under the Volunteer Protection Act.**

Tebben and Gillespie serve on TPCCC's board because of their position with the City of Pekin for which they are compensated. When they became Mayor and Chief of Police respectively, they knew that along with the position came the responsibility to serve on the TPCCC's Board of Director's. They are not volunteers in the classic sense.

Vonachen,
Lawless, Trager
& Slevin

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

### D.    Response to the Argument of Huston, Unsicker and Tebben.

Huston, Unsicker, and Thompson filed a separate Motion for Summary Judgment. Plaintiff does not dispute the Statement of Fact issued in this motion.  As to the Argument, Plaintiff has withdrawn its claim under the ADA and this Motion for Summary Judgment seeks dismissal as to Huston and Unsicker only as volunteers under the Volunteer Protection Act. Thompson does not seek dismissal under that Act.  Plaintiff's response to that same argument when made by Tebben and Gillespie applies to the argument made on behalf of Huston and Unsicker.  Their motion should be denied for similar reasons.

## V.    CONCLUSION

Viewing the evidence as a whole, this is a case where the Court should grant summary judgment.  Summary judgment not for any of the Defendants in the case, but for the Plaintiff. Plaintiff had a serious health condition.  The Director of Operations at TPCCC was fully aware of this condition.  Moldenhauer was unable to work on days when her pancreatitis flared up.  On these days, she would call in to her department as it was her obligation to do so.  Instead of counting these days off as accumulating toward her FMLA leave as the Director stated, at one time, that he would do, the sick days became a basis for disciplinary action and then discharge. The only reason Plaintiff was discharged was because of the excessive absenteeism, the majority of which were days that should have been allotted to her under FMLA.  The TPCCC Department of the City of Pekin had a floater available to fill in when someone called in sick.  The City of Pekin or the County of Tazewell could have hired more dispatchers if this were a serious concern.

Instead, Moldenhauer was disciplined, then terminated at a time when the City of Pekin and the County of Tazewell were fully aware of the FMLA issue and through their designated directors, terminated the Plaintiff.

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

The Defendants' Motions for Summary Judgment should be denied in their entirety.

DENISE N. MOLDENHAUER, Plaintiff

By:_____ s/ JOHN A. SLEVIN_____

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton, Suite 425
Peoria, IL 61602
Ph:    (309) 676-8986
Fax:   (309) 676-4130

**VONACHEN,
LAWLESS, TRAGER
& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

## PROOF OF SERVICE

STATE OF ILLINOIS )

)      SS.

COUNTY OF PEORIA )

The undersigned attorney hereby certifies that the original of the foregoing **RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT OF EACH DEFENDANT** was filed electronically with the Clerk of the U.S. District Court, Central District of Illinois, and a copy of same was served electronically or delivered by other means upon the attorneys of record, as follows:

Jeffrey E. Krumpe
Patrick A. Murphey
Darin M. LaHood
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL 61602
**Counsel for Tazewell-Pekin Consolidated Communications Center; Tazewell County, Robert Huston; Steven Thompson; & James Unsicker**

Bradford B. Ingram
John K. Kim
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL 61602
**Counsel for City of Pekin, David Tebben & Timothy Gillespie**

on the 31st day of August, 2006.

s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602-1240
Ph:     (309) 676-8986
Fax:    (309) 676-4130

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

o:\jas\clients\moldenhauer\Resp to MSJ

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986