**CITY OF PEKIN**
**401 COURT ST.**
**PEKIN, IL. 61554**

June 8, 2001

To: All Employees Covered Under City of Pekin Health Plan

Re: Life Insurance

Effective April 1, 2001, the City of Pekin became "self-insured" with our $14,000 life insurance benefit. What this means simply is that in the event of an employee or dependent death, the City of Pekin would write the check, not an insurance company. We felt that this change would save the city money, since we were paying on average $21,000 per year for premiums. We will still be insured for Accidental Death and Dismemberment through Union Central. Attached you will find your certificate of insurance for that benefit. Please file this with your other "important papers".

Pat Pollock
Personnel

*see next pages*

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #36

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER,<br><br>      Plaintiff,<br><br>vs.<br><br>TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; CITY OF PEKIN, ILLINOIS; TAZEWELL COUNTY, ILLINOIS; STEVEN F. THOMPSON; DAVID TEBBEN; JAMES UNSICKER; ROBERT HUSTON; and TIMOTHY GILLESPIE,<br><br>      Defendants. | Case No. 04-CV-1169 |

### PLAINTIFF'S REQUEST TO PRODUCE TO CITY OF PEKIN

Now comes the Plaintiff, DENISE MOLDENHAUER, and requests the Defendant, CITY OF PEKIN, in accordance with Rule 34 of the Federal Rules of Civil Procedure, to produce within thirty (30) days for inspection and copying at the offices of Plaintiff's attorneys, Vonachen, Lawless, Trager & Slevin, 456 Fulton Street, Suite 425, Peoria, Illinois 61602, all of the following:

### Definitions

"Document" means every original (and every copy of any original) or copy which differs in any way from any original, every writing or recording of every kind or description whether handwritten, typed, drawn, sketched, printed or recorded by any physical, mechanical, electronic, electrical or magnetic means whatsoever, including without limitation, any book, record, paper, pamphlet, brochure, circular, advertisement, specification, laboratory report, correspondence, inter-office and intra-office communication, memorandum, note, notebook,

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #37 (p. 1 of 6)

worksheet, report, list, analysis, summary, log, diary, contract, agreement, instrument, assignment, application, offer, acceptance, proposal, electronic mail, photograph, photographic slide or negative, film, film strip, microfilm, microfiche, audio tape, video tape, recording, affidavit, declaration, witness statement or deposition transcript. "Document" is intended to also include all information maintained on computer hard drive or disc, which is retrievable and can be transmitted onto hard copy.

### Documents to be Produced

1. Minutes of all City Council meetings from January 1, 1999, to May 1, 2003, which in any way names or refers to Denise Moldenhauer on any complaint she made to her employer or any other organization, entity or agency.

2. Minutes of all City Council meetings from January 1, 1991, to May 1, 2003, which in any way refer to, name, or involve the Tazewell Pekin Consolidated Communications Center, its employees, its facilities, funding, appointment of the Board of Directors of the TPCCC and/or duties of the Board of Directors of the TPCCC.

3. All documents prepared, sent or received by the City Clerk that in any way name or refer to Denise Moldenhauer or TPCCC or complaints Denise Moldenhauer made to her employer or any other organization, entity or agency.

4. All documents prepared, sent or received by the City Manager that in any way name or refer to Denise Moldenhauer or TPCCC or complaints Denise Moldenhauer made to her employer or any other organization, entity or agency.

5. All documents prepared, sent or received by any City Council person that in any way name or refer to Denise Moldenhauer or TPCCC or complaints Denise Moldenhauer made to her employer or any other organization, entity or agency.

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #37 (p. 2 of 6)

6. All documents prepared, sent or received by the City Clerk that in any way refer to or name Tazewell Pekin Consolidated Communications Center, its employees, its facilities, funding, appointment of the Board of Directors of the TPCCC and the duties of the Board of Directors of the TPCCC.

7. All documents prepared, sent or received by the City Manager that in any way refer to or name Tazewell Pekin Consolidated Communications Center, its employees, its facilities, funding, appointment of the Board of Directors of the TPCCC and the duties of the Board of Directors of the TPCCC.

8. All documents prepared, sent or received by any City Council person that in any way refer to or name Tazewell Pekin Consolidated Communications Center, its employees, its facilities, funding, appointment of the Board of Directors of the TPCCC and the duties of the Board of Directors of the TPCCC.

You are further requested to furnish at the time and place stated, an affidavit stating that the production is complete in accordance with the request, and if not complete, to list those items not produced, and state the grounds for objection to the production, giving the name and address of the person or persons having custody of the items.

DENISE N. MOLDENHAUER, Plaintiff

By: _____
JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton, Suite 425
Peoria, IL 61602
Ph:   (309) 676-8986
Fax:  (309) 676-4130

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

-3-

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #37 (p. 3 of 6)

## PROOF OF SERVICE

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF PEORIA  )

The undersigned attorney hereby certifies that the foregoing **REQUEST TO PRODUCE TO CITY OF PEKIN** was served upon the attorneys of record by enclosing a copy of same in envelope(s) addressed, as follows:

| | |
|---|---|
| Jeffrey E. Krumpe<br>Patrick a. Murphey<br>Miller, Hall & Triggs<br>416 Main Street, Suite 1125<br>Peoria, IL 61602<br>**Counsel for Tazewell-Pekin Consolidated Communications Center; TPCCC Board of Directors, Tazewell County, Sheriff Robert Huston; Director Steven Thompson; County Board Member James Unsicker** | Bradford B. Ingram<br>Candace Brugger Spomar<br>Heyl, Royster, Voelker & Allen<br>Miller, Hall & Triggs<br>124 S.W. Adams, Suite 600<br>Peoria, IL 61602<br>**Counsel for Ex-City Manager Richard Herstein; Chief Timothy Gillespie; City of Pekin; Ex-Mayor David Tebben** |

and by depositing said envelope(s) with first-class postage fully prepaid in the U.S. Mail at Peoria, Illinois, on the 29 day of July, 2005.

_____
JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602-1240
Ph:   (309) 676-8986
Fax:  (309) 676-4130

o:\jas\clients\moldenhauer\rta to City of Pekin

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

-4-

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #37 (p. 4 of 6)

E-FILED
Friday, 29 July, 2005  04:44:44 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER,<br><br>Plaintiff,<br><br>vs.<br><br>TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; CITY OF PEKIN, ILLINOIS; TAZEWELL COUNTY, ILLINOIS; STEVEN F. THOMPSON; DAVID TEBBEN; JAMES UNSICKER; ROBERT HUSTON; and TIMOTHY GILLESPIE,<br><br>Defendants. | Case No. 04-CV-1169 |

### NOTICE OF SERVICE OF DISCOVERY DOCUMENT(S)

The undersigned certifies that a true and correct copy of each of following discovery document(s), along with a copy of this Notice, was sealed in a postage prepaid envelope addressed as set forth below and deposited in the U.S. Mail at Peoria, Illinois, on the 29th day of July, 2005.

Documents:  *Plaintiff's Request to Admit*
*Plaintiff's Request to Produce to City of Pekin*
*Plaintiff's Request to Produce to Tazewell County, Illinois*
*Plaintiff's Request to Produce to Tazewell-Pekin Consolidated Communications Center*

To:  Jeffrey E. Krumpe
Patrick a. Murphey
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL 61602
**Counsel for Tazewell-Pekin Consolidated Communications Center; TPCCC Board of Directors, Tazewell County, Sheriff Robert Huston; Director Steven Thompson; County Board Member James Unsicker**

Bradford B. Ingram
Candace Brugger Spomar
Heyl, Royster, Voelker & Allen
Miller, Hall & Triggs
124 S.W. Adams, Suite 600
Peoria, IL 61602
**Counsel for Ex-City Manager Richard Herstein; Chief Timothy Gillespie; City of Pekin; Ex-Mayor David Tebben**

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #37 (p. 5 of 6)

The original of each said discovery document(s) was not filed with the Court but retained by the undersigned pursuant to Local Rule, and this Notice was filed electronically with the Clerk of the U.S. District Court, Central District of Illinois, and a copy of same was served electronically or was delivered by other means upon the attorneys of record on the 29th day of July, 2005.

                                          s/JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602-1240
Ph:    (309) 676-8986
Fax:   (309) 676-4130

o:\jas\clients\moldenhauer\nos

**VONACHEN,
LAWLESS, TRAGER
& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #37 (p. 6 of 6)

## AFFIDAVIT OF DENISE MOLDENHAUER

DENISE MOLDENHAUER, under penalty of perjury, states the following of her own personal knowledge and could competently testify thereto:

1. When she applied for a position as a dispatcher, her application was made to the Police Department of the City of Pekin, and she was interviewed by three persons who were employed by the City of Pekin Police Department.

2. That she initially was hired part-time in the Tazewell/Pekin Consolidated Communications Center (T/PCCC) and when she was notified that she would now be employed full-time, her notification came on letterhead of the City of Pekin. (Pltf. Exh. #32)

3. Plaintiff issued pay checks stating "City of Pekin" and issued by City of Pekin.

4. hereafter through 1994, she was notified of any pay raise by the City of Pekin. (Pltf. Exh. #32)

5. That the City of Pekin provided health, dental and life insurance at no cost to her until approximately 2001 after which she paid a portion of it by payroll deduction.

6. That each year, she received from the City of Pekin a W-2 form for purposes of tax filing, which showed her employer to be "The City of Pekin, 400 Margaret Street, Pekin, Illinois 61554."

7. That she joined the Illinois Municipal Retirement Fund to which only municipal employees were eligible. I joined as an employee of the City of Pekin who, from time to time, filed forms with the IMRF confirming that I was an employee of the City of Pekin.

8. I was instructed that if an emergency came up while on duty, if Steve Thompson or Tammy Conover were not available, I was directed to notify the Pekin Command Office of the City of Pekin.

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #38 (p. 1 of 3)

9. When I was injured on the job, I received worker's compensation benefits pursuant to a policy issued to the City of Pekin.

10. In 1990, I had a monetary judgment entered against me in favor of Pekin Memorial Hospital in Case No. 90-SC-200. In that matter, the Plaintiff served the City of Pekin with a wage deduction of garnishment action, which the City of Pekin honored from my wages.

11. Because of flair-ups I would have with pancreatitis, which caused me to miss a day or two of work at a time, I requested to take a Family Medical Leave Act to have tests and possibly surgery to correct or minimize this condition.

12. On 05/24/2002, I gave Steve Thompson a written notice of wanting to invoke my rights under the Family Medical Leave Act.

13. Steve Thompson had prior to that date denied me any more time off and did not respond to my request under the FMLA.

14. In 1999, I was allowed to take an FMLA leave. During that time, I was required to send a monthly check payable to the City of Pekin for my IMRF insurance, my occidental life insurance, and my dependent share of health insurance. I was notified of this by letter from the City of Pekin.

15. I have reviewed the sick timecards attached by the City of Pekin to their Motion for Summary Judgment would state as follows: Those sick timecards stating the reason for my inability to come in as "sick," "serious medical condition," "feels like flu," "abdominal pain" were all related to my pancreatitis. This would be the dates of 01/31/01, 04/12/01, 05/23/01, 10/19/01, 10/20/01, 10/30/01, 11/07/01, 11/20/01, 11/26/01, 12/05/01, 01/03/02 when I left three hours early, 01/29/02, 01/31/02, 02/12/02 when I missed four hours, 03/12/02, 03/29/02 missed four hours, 04/02/02, 04/17/02, 05/02/02 missed five.five hours, 05/03/02, 06/13/02

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #38 (p. 2 of 3)

missed five hours, 06/14/02, 07/05/02, 07/16/02, 07/26/02, 08/03/02, 08/23/02, 08/25/02, 09/17/02, 09/25/02 four hours, 10/03/02, 10/19/02, 10/29/02 five hours, 10/30/02, 12/07/02, 12/13/02, 12/14/02, 02/27/03, 03/21/03, 04/18/03.

16. The other times that I called in sick with migraine headaches or earaches were not related to my pancreatitis.

17. I was suspended for 20 days on January 16, 2003, when I missed four days since my last suspension on 11/06/02. Two of those days were December 13 and 14 when I was in the Pekin Memorial Hospital suffering from acute pancreatitis. Medical records from that hospitalization were given to Steve Thompson and placed in my personnel file. (Pltf. Exh. #35)

18. Steve Thompson refused to recognize that I was entitled to a fifth week of paid vacation, which meant that I was fired for missing work due to sickness on 04/18/03. Yet, after I was fired, the City of Pekin sent me a check for one week's pay stating it was for my fifth week of vacation.

FURTHER, AFFIANT SAYETH NOT.

Signed this 30th day of August, 2006.

_____
DENISE MOLDENHAUER

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602
Ph:   (309) 676-8986
Fax:  (309) 676-4130

o:\jas\clients\moldenhauer\ affidavit of denise moldenhauer

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #38 (p. 3 of 3)

# MEMORANDUM

**TO:** Steve Thompson

**FROM:** Dee Moldenhauer

**DATE:** 5-24-02

**SUBJECT:** FMLA

**MESSAGE:**

I'd like to invoke my rights under the Family Medical Leave Act.

Thanks

D. Moldenhauer

PLEASE REPLY BY _____    NO REPLY NECESSARY _____

MEMORANDUM

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #39

## AFFIDAVIT OF ROBERT G. BURRESS

ROBERT G. BURRESS, under penalty of perjury, states as follows:

1. That I make this statement of my own personal knowledge and could, if called upon, competently testify to these matters.

2. That I formerly served as the Chief of Police for the City of Pekin and retired in 1995.

3. That I am familiar with the Tazewell Pekin Consolidated Communications Center (T/PCCC).

4. That I am familiar with Steven Thompson and was Chairman of the Board of T/PCCC when Thompson was appointed as Executive Director of T/PCCC.

5. That basically, I was in charge of T/PCCC while I was Chief of Police insofar as the Executive Director, including Steven Thompson after he was appointed, would come to me for direction and advice as to any matter of significance. This would include any employee dispute, including the hiring or firing of any employee.

FURTHER, AFFIANT SAYETH NOT.

Signed this 27d day of August, 20 06.

_____
ROBERT G. BURRESS


JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois  61602
Ph:   (309) 676-8986
Fax:  (309) 676-4130

o:\jas\clients\moldenhauer\burress affidavit

Tazewell / Pekin Consolidated Communications Center
1130 Koch St. Pekin, IL 61554 • Office (309) 478-5410 Fax (309) 477-2302

Docket-#
30278594A

April 24, 2003

To : Denise Moldenhauer

Fr: Steven F. Thompson

Re: Letter of Termination

    This correspondence shall serve as written notice of your termination of employment with the Tazewell/ Pekin Consolidated Communications Center. Much thought has entered into this decision both on my part and that of the Board of Directors. The administration has repeatedly warned you of the problems of sick time abuse and excessive absences, which have continued for many years. The Tazewell /Pekin Consolidated Communications Center has attempted to correct the problem, following the contractual obligations of progressive discipline. All of these measures seem to be of no avail, the situation still continues. This being said the Tazewell/Pekin Consolidated Communications Center administration and directors feel that we have no choice but to terminate the employee/employer relationship with you effective immediately.

Steven F. Thompson. ENP
Director

Moldenhauer v. TPCCC, #04-1169
Plaintiff's Response to MSJ
Pltf. Exh. #41