E-FILED
Thursday, 14 September, 2006  02:49:55 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| DENISE N. MOLDENHAUER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-CV-1169 |
| | ) | |
| TAZEWELL-PEKIN CONSOLIDATED | ) | |
| COMMUNICATIONS CENTER; CITY OF | ) | |
| PEKIN; TAZEWELL COUNTY; STEVEN F. | ) | |
| THOMPSON; DAVID TEBBEN; JAMES | ) | |
| UNSICKER, ROBERT HUSTON; and | ) | |
| TIMOTHY GILLESPIE, | ) | |
| Defendants. | ) | |

### REPLY TO PLAINTIFF'S RESPONSE TO MOTIONS FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS TAZEWELL COUNTY, UNSICKER AND HUSTON, T/PCCC AND THOMPSON

Pursuant to Rule 56, FRCP and local rule, Defendants Tazewell County, Unsicker and Huston, and T/PCCC and Thompson, file the instant reply to the consolidated response filed to the Motions for Summary Judgment filed by Tazewell County and T/PCCC, Unsicker, Huston and Thompson, and separately the City of Pekin, David Tebben and Timothy Gillespie.

With respect to the statement of additional material facts Plaintiff claims to be undisputed, Defendants state:

1.     The statement is duplicative, not additional, relying upon documents from Defendant Tazewell County-T/PCCC's motion.  The statement "a joint venture formed" is a conclusion of law, and contradicted by the Articles of Incorporation of T/PCCC.

2.     Duplicative not additional.  See 1 above.

3.     Duplicative not additional.  See 1 above.

4.      Duplicative not additional.   See 1 above.   Is also immaterial, as it establishes nothing relative to the issues of who is or is not Plaintiff's employer, and whether she is an eligible employee under the FMLA.

5.      Duplicative not additional.  See 1 above.

6.      Duplicative not additional.  See 1 above.

7.      Duplicative not additional.  See 1 above.

8.      Duplicative not additional.  See 1 above.  Also attempts to recharacterize Defendant's By-Laws, and constitutes legal argument, not a statement of facts.

9.      Undisputed.   Defendant Tazewell County states neither 9 nor the succeeding paragraphs, relate to it and are therefore immaterial.

10.      This assertion contradicts Plaintiff's answers to Requests for Admissions, and her deposition testimony (Moldenhauer Request ¶1, Admission #1, Moldenhauer Dep. pp. 29-30).

11.      This assertion contradicts Plaintiff's sworn testimony in deposition, in part. (Moldenhauer Dep. pp. 54, 97)

12.      Undisputed, except for Plaintiff's omission of William Surratt's correct title, Director of Communications for T/PCCC.

13.      It is undisputed T/PCCC used City forms to notify Pekin's accounting department of payroll changes authorized by T/PCCC's Executive Director during periods prior to 1995.  Said personnel actions, as shown on the documents, were authorized by T/PCCC, not the City of Pekin.

14.      Disputed.  T/PCCC provided, and paid for health, dental and life insurance for its employees, contracting with the City of Pekin to have T/PCCC employees

covered under plans sponsored by the City prior to 2002, when T/PCCC contracted with other vendors for such coverage. (Thompson Dep. pp. 18, 44-45, 53, 56-57).

15.    Undisputed.

16.    It is undisputed Plaintiff was a participant in the Illinois Municipal Retirement Fund, because T/PCCC contracted with Pekin to provide its employees participation and paid contributions for their participation. (Thompson Dep. pp. 56-57). Plaintiff's conclusion "to which only municipal employees were eligible" is not a statement of fact, but a conclusion of law which is contrary to the Illinois Municipal Retirement Fund Act, 40 ILCS 5/7-101, et. seq., and particularly §5/7-108, authorizing IMRF participation for "participating instrumentalities," including "a not for profit corporation, which is organized under the laws of the State of Illinois…"

17.    Undisputed, but is immaterial to who is or is not Plaintiff's employer, and/or whether Plaintiff is an "eligible employee" within the FMLA.

18.    Undisputed, but immaterial for same reasons as 17.

19.    Undisputed, but immaterial for same reasons as 17.

20.    Undisputed, but immaterial for same reasons as 17.

21.    Undisputed, but immaterial for same reasons as 17.

22.    Undisputed, but immaterial for same reasons as 17.

23.    Undisputed, but immaterial for same reasons as 17.

24.    Undisputed, but immaterial for same reasons as 17.

25.    Undisputed, but immaterial for same reasons as 17.

26.    Undisputed, but immaterial for same reasons as 17.

27.    Undisputed, but immaterial for same reasons as 17.

28.    Undisputed, but immaterial for same reasons as 17.

29.    Undisputed, but immaterial for same reasons as 17.

30.    Undisputed, but immaterial for same reasons as 17.

31.    Disputed.  Deposition of Steven Thompson pp. 57-58).

32.    Undisputed.  T/PCCC contracted with, and paid Pekin for coverage under its Workers Compensation program.  (Thompson Dep. pp. 53, 56-57).

33.    Undisputed.

34.    Undisputed.

35.    Undisputed.

36.    Undisputed, except for Plaintiff's omission of William Surrant's title as Director of Communications of T/PCCC.  Immaterial for same reason as 17 above.

37.    Undisputed, but immaterial for same reason as 17 above.

38.    Undisputed, Plaintiff was issued an identification badge by the City of Pekin.  Plaintiff's Exhibit 10 does not say Plaintiff was a 911 dispatcher for the City of Pekin, or in any manner identify her employer, and that portion of 38 is disputed, and unsupported by Plaintiff's Exhibit 10.

39.    Undisputed, but immaterial as nothing in Plaintiff's Exhibit 12 suggests it was related to, or adopted by T/PCCC.

40.    Undisputed.

41.    Undisputed, except for Plaintiff's statement "To be eligible, one had to be an employee of the City of Pekin".  Nothing in Plaintiff's Exhibit 15 supports such assertion.  T/PCCC contracted with the City of Pekin to provide coverage to T/PCCC's employees under Pekin's benefit plans, including welfare benefit plans until 2002

(Thompson Dep. pp. 56-57.)    Nothing in Plaintiff's Exhibit 15 supports Plaintiff's assertion.

42.    Undisputed, but immaterial for same reasons as 17 above.

43.    Undisputed, except that stating "in which the Plaintiff's employer was the City of Pekin", which is unsupported by the form itself, other only Plaintiff's entry of "City of Pekin", and is also immaterial for the reasons stated in 17 above.

44.    Undisputed, except that "her employer, the City of Pekin."    T/PCCC contracted with Pekin's accounting department for payroll services, including calculation of payroll and deductions from pay.  (Thompson Dep. pp. 56-57).

45.    Undisputed, but immaterial for same reasons as 17 above.

46.    Undisputed, but immaterial for same reasons as 17 above.

47.    Undisputed, except that "because her employer was the City of Pekin", which neither Plaintiff's Exhibits 21 nor 22 establish, or reference.  Immaterial for same reasons as 17 above.

48.    Undisputed except that "made as an employee of the City of Pekin", which is not established or referenced in Plaintiff's Exhibit 23.  Immaterial for same reasons as 17 above.

49.    Undisputed, but immaterial for the same reasons as 17 above.

50.    Undisputed, except that "each employee of the City of Pekin" which is not established by Plaintiff's Exhibit 25 which identifies the City of Pekin only as the policy holder.  Immaterial for same reasons as 17 above.

51.    Undisputed, except that "to which she was a participant by reason of her employment with the City of Pekin", which is not established or referenced in Plaintiff's Exhibit 26.  Immaterial for same reasons as 17 above.

52.    Undisputed, but immaterial for same reasons as 17 above.

53.    Undisputed, but immaterial for same reasons as 17 above.

54.    Undisputed, except for that portion "determining that her employer was the City of Pekin", which is not substantiated by Plaintiff's Exhibits and constitutes a conclusion of law which is contrary to 820 ILCS 405/1404(E), which authorizes multiple employers to use a common unemployment account.

55.    Disputed.  Plaintiff's affidavit contradicts her deposition testimony.  This is also immaterial to the issues who is or is not Plaintiff's employer of is Plaintiff an eligible employee under the FMLA.

56.    Disputed for Plaintiff's statement mischaracterizes Plaintiff's Exhibit 13, which states "her present illness began on 4-1-91 and continued until she returned to work this week".  (Emphasis added).  Immaterial to the issues who is and/or is not Plaintiff's employer, and whether Plaintiff is an eligible employee under the FMLA, which was not enacted until 1993, more than a year after June 22, 1991.

57.    Disputed.  (Thompson Dep. p. 39, Deposition of Tammi Conover, p. 21, including in Exhibits filed by City of Pekin).

58.    Disputed.  Thompson had no recollection of receiving any May 24, 2004 letter (Thompson Dep. p. 39), nor did Operations Supervisor Conover (Conover Dep. p. 21).

59.    Disputed.  Plaintiff's affidavit contradicts her sworn deposition testimony that she had no recollection of her reasons for absence beyond those reported on her sick leave cards.  (Moldenhauer Dep. pp. 29-30).  Immaterial to who is or is not Plaintiff's employer, or whether Plaintiff is an eligible employee under the FMLA.

60.    Undisputed.

61.    Undisputed.

62.    Undisputed but immaterial for the reasons stated in 17 above.

63.    Undisputed, but immaterial to issues who is or is not Plaintiff's employer, or whether she is an eligible employee under the FMLA.

## ARGUMENT

Despite her admission that "Plaintiff Denise Moldenhauer was employed by Tazewell-Pekin Consolidated Communications Center, Inc. as a dispatch-telecommunicator from August, 1983, until her termination effective April 24, 2003" (Request to Admit No. 1, Response ¶1), (Moldenhauer Dep. p. 54), Moldenhauer argues she was instead employed by the City of Pekin.  Without citing any case authority, and ignoring this Circuit's controlling precedent, Papa v. Katy, Inc., 166 F.3d 937, 941 (7th Cir. 1999), and Worth v. Tyer, 276 F.3d 249 (7th Cir. 2001), she argues this Court should ignore T/PCCC is a separate legal entity, and find the City of Pekin her employer.  She presents no facts supporting any assertion T/PCCC was incorporated in 1976 to evade the FMLA, enacted seventeen years later, in 1993, or that the City of Pekin controlled or directed T/PCCC.  She acknowledges T/PCCC has its own Board of Directors (whom she seeks to sue as individuals).  She admits she was progressively disciplined and terminated by T/PCCC's Director with the concurrence to T/PCCC's Board, asserting they should be found individually liable for these actions as well as T/PCCC, whom she asserts should be found liable as her employer, admitting its separate existence and capacity to be used.  She cites facts relative to T/PCCC's use of Pekin's accounting department for payroll services, and the contractual arrangement under which T/PCCC paid Pekin for participation in its employee benefit plans.  She ignores the Seventh Circuit's holding in Papa v. Katy, Inc., supra that:

> "The basic principle of affiliate liability is that an affiliate forfeits its limited liability only if it *acts* to forfeit it – as by failing to comply with statutory conditions of corporate status, or misleading creditors of its affiliate, or configuring the corporate group to defeat statutory jurisdiction, or commanding the affiliate to violate the right of one of the affiliate's employees.  The act requirement is emphasized in our decision in *Secon*

*Service System, Inc. v. St. Joseph Bank & Trust Co., supra,* 855 F.2d at
413-16, . . .

> The claim that a group of affiliated corporations is "integrated," the
> sort of claim that the four-factor test might be thought to support, not only
> is vague, but is unrelated to the act requirement just explained or to the
> policy behind the exemption for employers that have very few employees.
> Firms too tiny to achieve the realizable economies of scale or scope in
> their industry will go under unless they can integrate some of their
> operations with those of other companies, whether by contract or by
> ownership. The choice between the two modes of integration is unrelated
> to the exemption. None of these forms of contractual integration would
> subject tiny employers to the antidiscrimination laws, because the
> integration is not of affiliated firms. . .

> Both plaintiffs argue, though only in general terms, that the
> conditions for piercing the veil are present in these cases, implying that an
> ordinary creditor could go against the parent corporation (or another sub).
> The argument is unconvincing. The plaintiffs seem to think that unless a
> corporate group erects a Chinese wall between affiliates, each affiliate is
> responsible for the other's debts. That is nonsense. . .

Accord Hukill v. Auto Care, Inc., 192 F.3d 437 (4th Cir. 1999), Cruz-Lovo v. Ryder

Systems, 298 F. Supp. 2d 1248 (SD Fla. 2005), affd 88 Fed. Appx. 381 (11th Cir. 2001).

Plaintiff's health, life and other fringe benefit plans until 2002, as well as workers and

unemployment compensation and IMRF participation, where provided by Pekin because

T/PCCC contracted with Pekin for those services. As in Katy, supra, it establishes

nothing to support Pekin, not T/PCCC, was Moldenhauer's employer. It also shows

nothing to support that Tazewell County was Plaintiff's employer. Nothing Plaintiff cites

even relates to Tazewell County.

Alternatively, Plaintiff argues T/PCCC is a "public agency", although her

argument confuses the public safety communications function T/PCCC performs, and

the definition of "public agency" at §2611(4)A(iii). In fact, Plaintiff's argument T/PCCC is

itself a public agency ignores the Seventh Circuit's holding in Fain v. Wayne County

Auditors Office, 388 F.3d 257 (7th Cir. 2004) that each public agency is to be treated as a single employer under the FMLA.  If, as she argues, T/PCCC is a public agency, it is an employer under the FMLA.  Because each public agency is a distinct, separate employer under <u>Fain</u>, however, Plaintiff cannot be an eligible employee.  T/PCCC never had 50 employees working for it in 2002 or 2003.  However, T/PCCC is clearly not a "public agency" under §26114(4)A(iii), incorporating the definition in 29 USC §203(x) ("the government of the United States; the government of a state or political subdivision thereof; or any agency of . . . a state or a political subdivision of a state; or any interstate governmental agency").  See, eg. <u>National Labor Relations Board v. Highview, Inc.</u>, 591 F.2d 174 (5th Cir. 1979); <u>Schaefer v. Transportation Media, Inc.</u>, 859 F.3d 1251 (7th Cir. 1988).  See also <u>Briggs v. Chesapeake Volunteers in Youth Services, Inc.</u>, 68 F. Supp. 2d 711 (ED Va. 1999).  T/PCCC is a not for profit corporation established pursuant to the Illinois Not for Profit Corporation Act.  It has no power of eminent domain or taxation, and derives its revenues from fees for its services.

Finally, Plaintiff reiterates her claim that Pekin, Tazewell County and T/PCCC were "joint employers".  Ignoring T/PCCC's separate legal existence and operation, and the fact it has a separate Board of Directors, albeit individuals who are elected or appointed officials, she asserts "it is Tazewell and Pekin who are really in charge" (Response p. 27).  The evidence is clear neither T/PCCC's Executive Director, nor T/PCCC's Board, report to, or receive direction from either Pekin's City Manager, or its City Council, nor Tazewell County's Administrator or its County Board of Supervisors.  In essence, she argues T/PCCC's corporate veil should be pierced, and its separate incorporation ignored.  Such argument is contrary to the law of this Circuit.  The "joint

employer" theory does not pierce the corporate veil, but relies upon contemporaneous joint employment by two or more separate employers to find each separate employer was a joint employer of specific employees. Karr v. Strong Detective Agency, 781 F.2d 1205 (7th Cir. 1986). Moreover, the joint employment theory, even if it is viable in this Circuit despite Papa, does not provide for aggregation of all employees of either entity to establish the number of employees necessary to satisfy the FMLA's coverage requirements, Arcuelo v. On-Site Sales & Marketing LLC, 425 F.3d 193 (2nd Cir. 2005), any more than it changes the worksite at which the employee works, Harbert v. Healthcare Services Group, 391 F.3d 1140 (10th Cir. 2004). There is no evidence T/PCCC has any authority or control over any employee of Pekin, or Tazewell County. Nor do any employees of T/PCCC work at Pekin, or Tazewell County. T/PCCC's employees work at T/PCCC's facility, where their employment is directed by Director Thompson and Operations Supervisor Conover, at the behest of T/PCCC's Board, who has delegated the day to day operation of T/PCCC to Thompson. See Smith v. Castaways Family Restaurant, 453 F.3d 971 (7th Cir. 2006); Sandoval v. City of Boulder, 388 F.3d 1312 (10th Cir. 2004). See also Hukill v. Auto Care, Inc., supra. T/PCCC has never employed more than 23 employees at its facility. Plaintiff's effort to tack on Pekin or Tazewell County employees who have no relationship to T/PCCC is contrary to Congress' intent in limiting the FMLA's application to private employees with fewer than fifty employees, as well as public and private employer worksites with fewer than fifty. Arcuelo, supra; Harbert, supra. Plaintiff does not even respond to the issue whether she is an "eligible employee" under the FMLA, asserting only a "joint employment" of her by T/PCCC and Pekin and/or Tazewell County. Her worksite was

T/PCCC's facility at 1120 Koch Street, where she and T/PCCC's other 22 full and part time employees perform. They do not perform work anywhere except T/PCCC's operations center. There is no evidence T/PCCC employs anyone else, singly or jointly. The fact T/PCCC leases its operations center, rather than owning it, is irrelevant. Cruz-Lovo v. Ryder Systems, Inc., supra.

Finally, Plaintiff responds to Unsicker and Huston's separate Motion for Summary Judgment under the Volunteer Protection Act, 42 USC §14503(a)(1-4), asserting they are "not volunteers in the classic sense", and/or that as elected officials, they receive a salary, precluding application of the VPA. Plaintiff ignores her own argument that Huston and Unsicker are being sued in their individual capacity for their acts on behalf of T/PCCC as members of its Board of Directors. She admits Huston and Unsicker receive no compensation from T/PCCC, but argues their service on T/PCCC's Board is part of their official duties. This ignores the fact they serve only because T/PCCC's by-laws specify the individual holding their elected office shall be a member of T/PCCC's Board, unless they refuse and someone else is appointed. Plaintiff's argument also ignores that the definition of employee under the FMLA, 29 USC §203(4)(A) and (B) excludes volunteers at one agency or entity even though they work at a different entity, or in a different capacity at the same entity.

## CONCLUSION

Plaintiff elected not to respond at all to a majority of the issues raised in Defendants' Motions for Summary Judgment, conceding the merit of Defendants' Motions.  Even with respect to those portions of which she does respond, she offers no case authority to support her argument.  It fails to comply with local rule, and provides no support for her belated effort to move for summary judgment, outside the period designated for filing dispositive motions in this case.  Plaintiff does not argue any material disputed issues of fact preclude summary judgment.  Based upon the undisputed material facts, and the legal authorities submitted, Defendants believe their Motions for Summary Judgment should be granted.

Dated this 14th day of September, 2006.


Defendants TAZEWELL COUNTY, JAMES UNSICKER, ROBERT HUSTON, TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER, INC., AND STEVEN THOMPSON


BY:    /s/ Patrick A. Murphey
       Patrick A. Murphey
       For Miller, Hall & Triggs, Their Attorneys



PATRICK A. MURPHEY
DARIN M. LAHOOD
MILLER, HALL & TRIGGS
416 Main Street, Suite 1125
Peoria, IL  61602-1161
(309) 671-9600

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CV-1169 |
| ) | |
| TAZEWELL-PEKIN CONSOLIDATED ) | |
| COMMUNICATIONS CENTER; CITY OF ) | |
| PEKIN; TAZEWELL COUNTY; STEVEN F. ) | |
| THOMPSON; DAVID TEBBEN; JAMES ) | |
| UNSICKER, ROBERT HUSTON; and ) | |
| TIMOTHY GILLESPIE, ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: John A. Slevin, Vonachen, Lawless, Trager & Slevin, 456 Fulton, Suite 425, Peoria, Illinois 61602.

/s/ Patrick A. Murphey
Patrick A. Murphey
Attorney for Defendants
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL 61602
Telephone: (309) 671-9616
Facsimile:  (309) 671-9616
Email: patrick.murphey@mhtlaw.com