E-FILED
Thursday, 28 September, 2006  09:47:34 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER,<br><br>    Plaintiff,<br><br>vs.<br><br>TAZEWELL-PEKIN CONSOLIDATED COMMUNICATIONS CENTER; CITY OF PEKIN, ILLINOIS; TAZEWELL COUNTY, ILLINOIS; STEVEN F. THOMPSON; DAVID TEBBEN; JAMES UNSICKER; ROBERT HUSTON; and TIMOTHY GILLESPIE,<br><br>    Defendants. | Case No. 04-CV-1169 |

**REPLY TO RESPONSE BY CITY OF PEKIN, DAVID TEBBEN AND TIMOTHY GILLESPIE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, DENISE N. MOLDENHAUER, by JOHN A. SLEVIN of VONACHEN, LAWLESS, TRAGER & SLEVIN, one of her attorneys, and in Reply to the Response to her Motion for Summary Judgment filed by the Defendants, CITY OF PEKIN, DAVID TEBBEN, and TIMOTHY GILLESPIE ("Pekin"), would state as follows:

**Ultimate Issue**

Pekin correctly states the ultimate issue remaining in this case, whether the City of Pekin is a "joint employer" under the FMLA. Pekin claims that Plaintiff's motion lacks legal argument and the numerous documents are immaterial. To this argument, Plaintiff would reply *au contraire*.

**Legal Argument**

The Code of Federal Regulations was cited in Plaintiff's motion at page 26. (29 CFR, §825.106). PEKIN, along with the County of Tazewell, was a joint employer under the

VONACHEN,
LAWLESS, TRAGER
& SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

guidelines of the Regulations for the reason that TPCCC is under the common control of both entities.

The Court need look no further than the Joint Agreement (Deft. Exh. L, p. 6) to recognize that this was a joint undertaking and over which Pekin and the County of Tazewell jointly shared control of the operations.

This was further spelled out by the corporate by-laws of TPCCC, which states its corporate purpose was "a cooperative venture" established by Pekin and the County of Tazewell. (Deft. Exh. L, p. 1, Article I). Article II of the by-laws provide that "Tazewell and Pekin are members of TPCCC and shall participate fully in it." (*Id.*). The chairman of the Board of Directors of TPCCC must be either the Sheriff of Tazewell County or the Pekin City Chief of Police. That chairman is the person responsible for the "day to day operations of TPCCC." (*Id.,* Article III, B.2.) As Tazewell and Pekin have the right to control the operations, Tazewell and Pekin have agreed to be liable for the debts and liabilities of TPCCC. (*Id.*, Article V).

### The "Contract" Between TPCCC and Pekin

Pekin would have this Court believe that TPCCC contracted with Pekin to provide payroll, accounts payable and benefit services. Yet, no such contract was ever produced. Pekin would also have this Court believe that this "Contract" required Pekin to consider TPCCC to be a discreet component unit of Pekin and for its auditors to consider it to be a "component unit of the City of Pekin." (Pltf. Exh. #2). Pekin would also have the Court believe that this "Contract" provided that each year Moldenhauer was to received a W-2 for her wages showing she was an employee of and paid by Pekin, that the Clerk would certify Moldenhauer was an employee, that if injured on the job Pekin would provide worker's compensation benefits for Moldenhauer, that

**VONACHEN,**
**LAWLESS, TRAGER**
**& SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

2

Moldenhauer could purchase assets of the City of Pekin as an employee thereof, and the list goes on.

### The FLSA

As pointed out above, Pekin claimed that Plaintiff made no legal argument regarding the tests or standards in determining the employer under the FMLA. Plaintiff's argument cited 29 CFR, §825.106, which sets forth the tests and standard that Pekin asserts were missing.

Pekin proceeded to contend that for guidance, this Court should look to cases in other circuits dealing with the Fair Labor Standards Act in an effort to assist the Court in determining joint employers under the FMLA. Plaintiff would make two points: First, the cases cited by Pekin support rather than diminish Plaintiff's argument. In *Karr v. Strong Detective Agency, Inc.*, 787 F.2d 1205 (7th Cir. 1985), the court stated, "Two or more employers may jointly employ someone for the purpose of the FLSA." In *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991), the court wrote, "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." Even if a defendant does not exercise exclusive control over the day to day affairs of the employer, so long as he or she possesses control over the aspect of employment alleged to have been violated, the FLSA will apply to that individual. *Dole v. Simpson*, 784 F.Supp 538, 545 (S.D. Ind. 1991). Recall that Pekin and the County of Tazewell were given notice of the charge Plaintiff made to the Department of Labor when she was denied her FMLA leave. (Pltf. Exh. #1)

Secondly, the FLSA has a *different* set of regulations considering when a joint employment relationship will be found to exist. (29 CFR, §791.2(b)).

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

3

**Economic Reality**

Pekin argues that the economic reality of this case establishes that Pekin was not an employer because it did not have the power to fire Moldenhauer, nor did they control her by assigning, directing and supervising her tasks. It argues that the fact the chairman is responsible for "the day to day operation of TPCCC" is unpersuasive and contrary to the economic reality of the case. This overlooks the law that even if a defendant does not exercise exclusive control over the day to day affairs of the employer, so long as he or she possesses control over the aspect of employment alleged to have violated, the FLSA will apply to that individual. *Freemon v. Foley*, 911 F.Supp. 326 (N.D.Ill. 1995). The FLSA has also been construed as extending to those "who, the lacking of possessory interest in the 'employer' corporation . . . have the power to act, on behalf of the corporation vis-à-vis its employees." (*Reich v. Circle C. Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

The fact that Pekin did not exercise any control on the day to day operations at the time Moldenhauer was terminated for excessive absences is immaterial. Pekin clearly had the right to control the day to day operations, as was exhibited by Police Chief Robert Burress when he was chairman of the Center's Board. This right to control is the determative factor.

**Conclusion**

The evidence is overwhelming and conclusive. Pekin and County of Tazewell established a separate not-for-profit corporation, but did not relinquish control thereof. They ensured this control by the by-laws which they adopted and the manner in which the new corporation would be run. Both Pekin and the County of Tazewell knew of the Complaint that Moldenhauer filed with the U.S. Department of Labor. They decided to do nothing about it, although they certainly could have. For that failure to act Pekin and the County of Tazewell are liable.

VONACHEN, LAWLESS, TRAGER & SLEVIN

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

4

Plaintiff respectfully requests that her Motion for Summary Judgment as to liability is granted, and Defendants' Motions for Summary Judgment denied.

                                  DENISE N. MOLDENHAUER, Plaintiff

                                  By:   s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton, Suite 425
Peoria, IL 61602
Ph:   (309) 676-8986
Fax:  (309) 676-4130

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986

## PROOF OF SERVICE

STATE OF ILLINOIS )
                        ) SS.
COUNTY OF PEORIA )

The undersigned attorney hereby certifies that the original of the foregoing **REPLY TO RESPONSE BY CITY OF PEKIN, DAVID TEBBEN AND TIMOTHY GILLESPIE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was filed electronically with the Clerk of the U.S. District Court, Central District of Illinois, and a copy of same was served electronically or delivered by other means upon the attorneys of record, as follows:

Jeffrey E. Krumpe
Patrick A. Murphey
Darin M. LaHood
Miller, Hall & Triggs
416 Main Street, Suite 1125
Peoria, IL 61602
**Counsel for Tazewell-Pekin Consolidated Communications Center; Tazewell County, Robert Huston; Steven Thompson; & James Unsicker**

Bradford B. Ingram
John K. Kim
Heyl, Royster, Voelker & Allen
124 S.W. Adams, Suite 600
Peoria, IL 61602
**Counsel for City of Pekin, David Tebben & Timothy Gillespie**

on the 27th day of September, 2006.

                                                   s/ JOHN A. SLEVIN

JOHN A. SLEVIN
VONACHEN, LAWLESS, TRAGER & SLEVIN
456 Fulton Street, Suite 425
Peoria, Illinois 61602-1240
Ph:     (309) 676-8986
Fax:    (309) 676-4130

o:\jas\clients\moldenhauer\Reply to resp of Pekin, Tebben & Gillespie to pltf's MSJ

**VONACHEN, LAWLESS, TRAGER & SLEVIN**

Suite 425
456 Fulton Street
Peoria, Illinois 61602
Fax (309) 676-4130
(309) 676-8986