UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DENISE N. MOLDENHAUER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 04-CV-1169 |
| TAZEWELL-PEKIN CONSOLIDATED | ) |
| COMMUNICATIONS CENTER, | ) |
| TAZEWELL COUNTY, CITY OF PEKIN, | ) |
| DAVID TEBBEN, TIMOTHY GILLESPIE, | ) |
| STEVEN F. THOMPSON, JAMES | ) |
| UNSICKER, ROBERT HUSTON | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' CITY OF PEKIN, DAVID TEBBEN, AND TIMOTHY GILLESPIE'S SUPPLEMENTAL PLEADING

NOW COME the Defendants, CITY OF PEKIN, DAVID TEBBEN, and TIMOTHY GILLESPIE (hereinafter collectively referred to as "Pekin"), by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for their Supplemental Pleading, STATING AS FOLLOWS:

### INTRODUCTION

1. On December 5, 2006, the Court entered a Text Order requesting the Defendants to file a Supplemental Pleading on or before December 8, 2006, in order to provide the Court with any additional information regarding any contracts for services entered into between Pekin and T/PCCC.

2. Pekin submits the following documents below, which demonstrate the contractual basis in which Pekin served as a vendor for administrative services, a landlord, and a lender of funds to T/PCCC. Moreover, as argued in Pekin's summary judgment pleadings, contrary to Plaintiff's attempt to bootstrap Pekin as her joint-employer, these varied contractual relationships do not make Pekin her employer, nor does it suggest that Pekin had any right to supervise or control the terms of Plaintiff's employment at T/PCCC.

### LETTER OF UNDERSTANDING

3. Consistent with the deposition testimony cited in its summary judgment pleadings, Pekin submits the "Letter of Understanding" entered into between Pekin and T/PCCC on May 1, 1996, which is attached hereto as Exhibit A. Pekin produced a copy of the Letter of

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

        Understanding as part of its Rule 26 Disclosure, and certified said disclosure to the Court on December 3, 2004.

4. The Letter of Understanding memorializes T/PCCC's contracting with Pekin to provide administrative services. The Letter of Understanding provides in part:

> Employees of the Tazewell/Pekin Consolidated Communications Center shall be considered employees of the City of Pekin **for the purpose of providing Payroll, Health Care Insurance, Workers Compensation Insurance, and Illinois Municipal Retirement.**
> (Emphasis added)

5. In order to provide these contracted services, Pekin labeled T/PCCC employees as Pekin employees due to the limitations of the payroll processing computer system and the requirements of the various benefits carriers. *See* Affidavit of Patricia Pollock at para. 7, attached hereto as Exhibit B.

6. In consideration of these administrative services T/PCCC compensated Pekin in the amount of $4,974 per year for its accounting and payroll services. *See* Ex. A at para. B. This compensation was in addition to all reimbursable expenses T/PCCC paid to Pekin for payroll and benefits.

7. Pekin did not have the authority to determine the salaries and payroll of employees of T/PCCC, which are determined and funded by T/PCCC. *See* Ex. B at para. 10.

8. Since its inception, T/PCCC has used Pekin as a vendor to provide these administrative services and has reimbursed Pekin for the associated costs and expenses. *See* Ex. B at para. 6. Since May 1996, T/PCCC compensated Pekin for these administrative services over and above the reimbursable amounts. Since May 2005, T/PCCC's payment to Pekin for these services increased to $1,375 or $5,500 per year. *See* Ex. B at para. 6.

9. Departments within Pekin do not reimburse or pay Pekin additional amounts to provide administrative services similar to those Pekin provides to T/PCCC. *See* Ex. B at para. 9.

10. The Letter of Understanding also memorialized T/PCCC's reimbursement of utilities and expenses associated with occupying space in a Pekin owned facility. *See* Ex. A at para. A.

## LEASE

11. On December 1, 2001, T/PCCC entered into a Lease with Pekin, attached hereto as Exhibit C. Pekin leased to T/PCCC premises located at 1130 Koch Street in Pekin, Illinois, for the operation of the communication center. T/PCCC agreed to pay a monthly rent of $855.00.



HEYL ROYSTER VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

### LOAN/PROMISSORY NOTE/PEKIN RESOLUTIONS

12. On August 30, 2002, T/PCCC executed a promissory note in which it promised to pay Pekin $185,000, via monthly installments of $3,467.50, from September 30, 2002 through August 31, 2007. *See* Promissory Note attached hereto as Exhibit D. This loan was for T/PCCC's purchasing of communications equipment and modifying its new facility.

13. On September 9, 2002, the Pekin City Council passed Resolution No. 198, Resolution Approving Loan to Tazewell/Pekin Consolidated Communications Center, attached hereto as Exhibit E.

14. On November 27, 2006, the Pekin City Council passed Resolution No. 171-06/07, Resolution Approving Loan to Tazewell/Pekin Consolidated Communications Center, attached hereto as Exhibit F. As of October 28, 2006, T/PCCC had an outstanding balance of $33,862.58 from the original $185,000 loan. Pekin approved T/PCCC's request for an additional $30,000 loan to cover operational expenses, and executed a new Promissory Note on November 27, 2006, obligating T/PCCC to pay $63,862.58 to Pekin by April 30, 2010. *See* Promissory Note of November 27, 2006, attached hereto as Exhibit G.

### CONCLUSION

15. It is undisputed that T/PCCC has entered into various contracts with Pekin for different services. Whether it be as a vendor, landlord, or lender, these contracts reflect the independent and separate nature of T/PCCC and Pekin. Moreover, documents that Plaintiff relies upon, which arise out of these contractual arrangements, do not create joint-employer status between Pekin and T/PCCC, nor do they suggest that Pekin has any supervisory authority over T/PCCC employees.

16. The documents in this supplemental pleading further demonstrate that T/PCCC is distinguishable from the departments of Pekin. For example, Pekin's police or public works departments do not have to engage in arms-length negotiations with Pekin in procuring contracts, leases, or loans from the City to operate for these various services. While T/PCCC employees may have to be labeled as Pekin employees for the limited purpose of providing the contracted administrative services, Pekin did not have any supervisory authority to direct Plaintiff's or any other T/PCCC employees' employment.

WHEREFORE, Defendants, CITY OF PEKIN, DAVID TEBBEN, and TIMOTHY GILLESPIE submit Exhibits A-F in response to the Text Order of this Court and in support of their Motion for Summary Judgment; and respectfully requests that this Court grant their Motion for Summary Judgment and deny Plaintiff's Cross-Motion for Summary Judgment.

HEYL ROYSTER
VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

CITY OF PEKIN, DAVID TEBBEN, and
TIMOTHY GILLESPIE


BY: s/ Bradford B. Ingram
    Bradford B. Ingram
    #3127206
    John K. Kim
    #6286591
    Attorneys for Defendants
    Heyl, Royster, Voelker & Allen
    124 S.W. Adams, Suite 600
    Peoria, IL 61602
    309-676-0400
    309-676-3374   (FAX)
    bingram@hrva.com
    jkim@hrva.com

HEYL ROYSTER
VOELKER
& ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400

4

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2006, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| John Slevin<br>Voncachen, Lawless, Trager & Slevin<br>456 Fulton St., Suite 425<br>Peoria, IL 61602-1240<br>jslevin@vltslaw.com | Patrick Murphey<br>Darin LaHood<br>Miller, Hall & Triggs<br>416 Main Street, Suite 1125<br>Peoria, IL 61602<br>patrick@mhtlaw.com |

                                          s/ Bradford B. Ingram   #3127206
                                              Attorney for Defendant
                                          Heyl, Royster, Voelker & Allen
                                          124 S.W. Adams, Suite 600
                                                  Peoria, IL 61602
                                                    309-676-0400
                                                    309-676-3374
                                                   bingram@hrva.com

.
JKK
G:\75\P1975\P1975PMI 008 Supplemental Pleading 120806.wpd

HEYL ROYSTER VOELKER & ALLEN

Suite 600
124 S.W. Adams Street
Peoria, IL 61602-1352
Fax (309) 676-3374
(309) 676-0400